IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSMAN GODFREY LLP,<br><br>    Plaintiff,<br><br>    v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, et al.,<br><br>    Defendants | Civil Action No. 1:25-1107 (LLA) |

**UNCONTESTED MOTION FOR LEAVE TO FILE
AMICUS BRIEF OF PROF. AARON H. CAPLAN REGARDING ATTAINDER**

Professor Aaron H. Caplan seeks leave to file the attached amicus brief one business day late, on April 14, 2025. The brief relates to the parties' pending cross-motions; it will be filed days in advance of the opposition briefs; and defense counsel are already familiar with its contents from the substantially identical amicus brief filed in the Perkins Coie litigation. Plaintiff has consented to the filing of the amicus brief and the federal defendants have no objection to its submission.

*Interest of Amicus.* Amicus Aaron H. Caplan is a Professor of Law at LMU Loyola Law School in Los Angeles. His teaching includes many subjects germane to this litigation, including Constitutional Law, First Amendment, Professional Responsibility, and Civil Procedure. He is the author of a casebook titled *An Integrated Approach to Constitutional Law* (Foundation Press 3rd Ed. 2023). He has published articles examining the interaction of due process and free speech principles, such as *Free Speech and Civil Harassment Orders*, 64 Hastings L.J. 781 (2013). Of greatest importance to this brief is his article explaining how executive branch blacklisting can violate due process by depriving the liberty interest against acts of attainder. *Nonattainder as a*

*Liberty Interest*, 2010 Wis. L. Rev. 1203. He is a signatory to the *Amicus Brief of Law Professors*, but this amicus brief regarding attainder does not repeat any arguments from that coalition brief.

*Purpose of Amicus Brief.* Like the other currently pending cases that challenge Executive Orders against specified law firms, this case asks whether one reason for finding the orders unconstitutional is their close resemblance to bills of attainder. See Docket #1, pp. 63-64 (complaint), Docket #10, pp. 37-38 (motion for TRO), Docket #51, pp. 33, 40 (summary judgment motion). On these facts, attainder is more than just a metaphor. It is an independent basis for judgment, because executive branch acts of attainder are deprivations of liberty without due process of law. Like a constitutionally forbidden *bill* of attainder, the Executive Order is a constitutionally forbidden *act* of attainder.

Given the number of issues in this case, and the relative unfamiliarity of the relevant history and case law, the existing party briefing on the topic has been unavoidably short. The amicus brief explains in greater detail why the Executive Order violates due process by depriving the liberty interest against acts of attainder.

The proposed amicus brief and a proposed order granting leave to file it are attached.

Dated: April 24, 2025

Respectfully submitted,

KALBIAN HAGERTY, LLP

By:   /s/ Stephen C. Leckar
      Stephen C. Leckar
          (Bar No. 281691)
      888 17th Street, N.W., Suite 1200
      Washington, D.C. 20006
      Telephone: (202) 223-5600
      Facsimile: (202) 223-6625
      sleckar@kalbianhagerty.com
      Attorney for Amicus
      Professor Aaron H. Caplan

-3-

## CERTIFICATE OF SERVICE

I hereby certify on April 24, 2025 that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                By:    /s/ Stephen C. Leckar
                           Stephen C. Leckar