IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSMAN GODFREY LLP,<br><br>             Plaintiff,<br><br>      v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>             Defendants. | Civil Action No. 1:25-1107 (LLA)<br><br>**AMICUS CURIAE BRIEF OF 366 FORMER JUDGES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

## TABLE OF CONTENTS

                                                                                                                                                                     **Page**

INTEREST OF AMICI ................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

      A.      The Order Imposes Improper Political Restrictions on Access to the Courts for Lawyers and the Clients Who Choose Them. ....................................... 2

      B.      The Order Undermines the Professional Independence of Counsel. ..................... 4

      C.      The Order Improperly Supplants Judicial Regulation of Litigation Conduct. ................................................................................................................... 5

      D.      The Order Promotes Hostility Towards Adjudication and Judicial Officers. ......... 6

CONCLUSION ............................................................................................................................... 6

-ii-

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re: Jackson Walker, LLP*,
   No. 4:24-mc-01523 (S.D. Tex. Sept. 20, 2024), ECF No. 9 ........................................................ 5

*Legal Servs. Corp. v. Velazquez*,
   531 U.S. 533 (2001) ............................................................................................................. 2, 3

*National Association for Advancement of Colored People v. Button*,
   371 U.S. 415 (1963) ............................................................................................................. 2, 3

**Rules**

Cal. R. Pro. Conduct 2.1 ................................................................................................................. 4

D.D.C. Local Civil Rule 7(o)(5) .................................................................................................... 2

Fed. R. App. P. 29(a)(4) ............................................................................................................ 2, 8

Amici submit this brief to address the risk that Executive Order 14263 poses to the effective administration of justice and to the rule of law.

**Interest of Amici**

Amici are the 366 former federal and state court judges whose names are listed in Exhibit A. Amici have dedicated their working lives to the rule of law. They have extensive experience with adjudication as a means of resolving disputes, and they know from experience that litigation conducted by zealous and ethical advocates, and presided over by neutral and independent judges, is an indispensable element of the rule of law. Amici's views on political and social issues vary, but they agree with the words of Chief Justice Roberts: judges "don't work as Democrats or Republicans."[1]

Amici further agree with President and Chief Justice William Howard Taft that "our courts, as they are now conducted, and our profession, which is the handmaid of justice, are necessarily so bound together in our judicial system that an attack upon the courts is an attack upon our profession, and an attack upon our profession is equally an attack upon the courts." William Howard Taft, ETHICS IN SERVICE 1 (1915).

Amici share an interest in ensuring both the substance and the appearance of justice in the adjudication of disputes. This requires—always—preserving the freedom of lawyers to advocate for their clients with candor and with zeal, thus providing judges with the complete legal and factual record needed for fair adjudication. To the same end, amici share an interest in preserving the discretion judges need to regulate the conduct of lawyers who appear before them.

Amici believe that Executive Order 14263, captioned "Addressing Risks From Susman Godfrey" (the "Order"), undermines the rule of law by threatening the independence of lawyers

---

[1] Adam Liptak, *John Roberts, Leader of Supreme Court's Conservative Majority, Fights Perception That It Is Partisan*, New York Times (Dec. 23, 2018), https://tinyurl.com/yc4t4f26.

and litigants to petition courts to redress their grievances. The Order thus undermines the constitutional role of the courts as independent forums for adjudicating disputes. It also threatens the ability of an independent judiciary to regulate the conduct of lawyers who appear in court.

No party's counsel authored this brief in whole or in part; no party or party's counsel contributed money that was intended to fund preparing or submitting the brief; and no person—other than the amici curiae or their counsel—contributed money that was intended to fund preparing or submitting the brief. *See* D.D.C. Local Civil Rule 7(o)(5) (incorporating Fed. R. App. P. 29(a)(4)).

## Argument

The fundamental principles of just adjudication are simple and apply equally to allegations made against a lawyer as to allegations in any other case: allegations must be supported by facts, facts must be proved in a fair proceeding, and sanctions cannot precede fair adjudication. Any other sequence is contrary to law and lacks both the substance and the appearance of justice. Amici believe that the Order violates these principles. Amici hold this view for four reasons.

### A.    The Order Imposes Improper Political Restrictions on Access to the Courts.

Under the Constitution, courts are indispensable forums for clients to petition for the redress of grievances. As the Supreme Court held in *National Association for Advancement of Colored People v. Button*, 371 U.S. 415, 429-30 (1963): "Groups which find themselves unable to achieve their objectives through the ballot frequently turn to the courts. . . . [U]nder the conditions of modern government, litigation may well be the sole practicable avenue open to a minority to petition for redress of grievances." Courts cannot discharge this function if lawyers face political restrictions on arguments and theories that the government "finds unacceptable but which by their nature are within the province of the courts to consider." *Legal Servs. Corp. v. Velazquez*, 531 U.S. 533, 546 (2001).

This is not a partisan principle. It applies equally to parties who seek adjudication on any side of any issue. For courts and judges to fulfill their constitutional role, lawyers must be free to represent their clients without fear of governmental retribution on political grounds.

The text of the Order and the accompanying presidential statement demonstrate that the Order undermines the constitutional role of courts as a forum for petitioning for redress of grievances. The Order states that it aims at "law firms and their clients that engage in conduct undermining critical American interests and priorities."[2] The order further states that "Susman spearheads efforts to weaponize the American legal system and degrade the quality of American elections."[3] The order effectively sanctions the firm for election-related work on behalf of clients.

The order effectively punishes clients as well as the firm. As with the unconstitutional restrictions on association and funding struck down in *Button* and *Velasquez*, the Order threatens to chill the filing of cases and zealous advocacy in cases that are filed. It thereby undermines the candor and robust advocacy on which judges must rely in adjudicatory proceedings.

The text of the Order could reasonably be read by clients as literally barring federal courthouse doors to Susman Godfrey lawyers and thus to clients represented by those lawyers. Section Five of the Order instructs agency heads to provide guidance restricting Susman Godfrey's access to federal government buildings when such access would "be inconsistent with the interests of the United States." Section One of the Order effectively states that Susman Godfrey's work undermines the interests of the United States. The Order thus appears designed to warn clients against retaining Susman Godfrey and to warn both clients and other law firms that bringing suits

---

[2] https://www.federalregister.gov/documents/2025/04/15/2025-06458/addressing-risks-from-susman-godfrey
[3] *Id.*

against the Trump administration may lead to punishment.[4]

### B. The Order Undermines the Professional Independence of Counsel.

The Order is also inconsistent with the professional independence of counsel that is both required by state professional conduct rules and is one of the principal achievements of the American bar.[5] Just adjudication requires that the facts and law relevant to a dispute be presented fully and with vigor to the court. The United States Supreme Court's practice of appointing counsel to defend a position relevant to a case when a party declines to do so illustrates the importance of this point.[6] Professional independence preserves the integrity of our adversarial system, which is foundational to just and fair adjudication. It is how courts ascertain the truth.

The Order chills the vigorous advocacy on which courts depend. The judiciary needs and depends on lawyers and firms willing to represent clients whose cases may be unpopular with an administration or the public. Our adversarial system cannot work otherwise. Clients, courts, and the rule of law itself need firms willing to exercise professional independence.

A court cannot be confident that the facts and law relevant to a matter have been fully presented if a firm must look over its shoulder in fear of becoming the target of punitive action such as the Order. Firms willing to face such risk embody the highest ideals of the bar, but that is

---

[4] Section 5 is qualified by stating that agency heads must provide guidance "to the extent permitted by law," and it is possible that such guidance may eventually conclude that the First Amendment is a law that contradicts the natural reading of the Order. Should such guidance issue, however, it would only confirm the constitutional infirmity of the Order itself, without dispelling the chilling effect of the Order.

[5] *See*, *e.g.*, Cal. R. Pro. Conduct 2.1 ("In representing a client, a lawyer shall exercise independent professional judgment and render candid advice.). The American Bar Association's Model Rule of Professional Conduct 2.1 states the same rule.

[6] *See* Amy Howe, *Outside attorneys appointed to argue in two cases*, SCOTUS blog (Jan. 28, 2025), available at: https://tinyurl.com/f4j5sfdz; Katherine Shaw, *Friends of the Court: Evaluating the Supreme Court's Amicus Invitations*, 101 Cornell L. Rev. 1533 (2016), https://tinyurl.com/22b6yx78.

not a risk any lawyer should face.

### C. The Order Improperly Supplants Judicial Regulation of Litigation Conduct.

In addition, the Order is inconsistent with judicial regulation of conduct before tribunals. When the relevant conduct does not occur in open court before a judge, sanctions follow the basic principles of adjudication: allegations must be based on facts, facts must be proved in a fair proceeding, and sanctions cannot precede such adjudication.

Sanctions for misconduct before a tribunal are almost invariably directed to responsible lawyers, not entire firms. The rules of professional conduct are written to apply to lawyers rather than firms.[7] This consideration is especially important when a sanction is imposed for past conduct by attorneys no longer with a firm, as certain allegations in the Order appear to do.

More generally, it is for courts, not parties or another branch of government, to assess the merits of claims and the conduct of lawyers before a tribunal. The Order usurps the judicial function by sanctioning Susman Godfrey for conduct in past cases in which, so far as the Order discloses, sanctions were not sought or imposed. A Presidential memorandum that instructs the Attorney General to review cases filed against the federal government in the past eight years and recommend adverse action against lawyers or firms whose conduct the Attorney General finds wanting, without regard to whether such concerns were presented to the relevant tribunal, confirms this understanding of the Order.[8]

Candor to a tribunal and responsibility to the tribunal go hand in hand. Efforts to use governmental power to bend lawyers to the political interests or views of an administration may

---

[7] Order, *In re: Jackson Walker, LLP*, No. 4:24-mc-01523 (S.D. Tex. Sept. 20, 2024), ECF No. 9, https://www.bloomberglaw.com/document/X4K5J2HAHKV8NKBOFU36E18U9FD.

[8] *See Preventing Abuses of the Legal System and the Federal Court*, The White House (Mar. 22, 2025) (https://tinyurl.com/ykd5ja9h).

impair the candor on which judges rely and usurp judges' role in regulating the conduct of lawyers who appear before them. The adversarial system cannot function properly with such an incursion into the judicial role.

### D. The Order Promotes Hostility Towards Adjudication and Judicial Officers.

Finally, amici are concerned that by undermining the credibility of adjudication as a lawful means of resolving disputes the Order contributes to a general climate of hostility toward adjudication and toward judicial officers, who are constitutionally bound to apply the law. Contrary to the implication of the presidential statement accompanying the Order, the nation is not undermined when claims are adjudicated in its courts. Parties dissatisfied with a ruling may appeal and seek to show by law and logic why they should prevail. If a party is right, no extrajudicial sanction on lawyers or judges is needed. If the party is not right, such sanctions are unjust and invite lawlessness.

### Conclusion

Amici swore to uphold our system of justice. The Order threatens our system of justice, and the rule of law itself, for each of the reasons outlined above. The Court's ruling enjoining enforcement of the Order was proper and indeed necessary. The Court's ruling should be entered as a final judgment.

    RESPECTFULLY SUBMITTED this 25th day of April, 2025.

                                        */s/ Donald Falk*
                                        Donald Falk (*pro hac vice pending*)
                                        4416 Harbord Dr.
                                        Oakland, CA 94618
                                        E: donald.falk@gmail.com
                                        T: 650-269-2020

                                        */s/ Sara Kropf*
                                        Sara Kropf (DC Bar No. 481501)
                                        Kropf Moseley Schmitt PLLC
                                        1100 H Street, NW
                                        Suite 1220
                                        Washington DC 20005
                                        E: sara@kmlawfirm.com
                                        T: 202-627-6900

                                        */s/ David McGowan*
                                        David McGowan (*pro hac vice forthcoming*)
                                        CA State Bar No. 154289
                                        5998 Alcala Park
                                        San Diego, CA 92110
                                        E: dmcgowan@sandiego.edu
                                        T: 619.260.7973

## NOTICE OF COMPLIANCE

Pursuant to LCvR 7(o), I hereby certify that this brief conforms to the requirements of LCvR 5.4, complies with the requirements set forth in Fed. R. App. P. 29(a)(4), and does not exceed 25 pages in length.

DATED this 25th day of April, 2025.

                                            */s/ Donald Falk*
                                            Donald Falk

                                            */s/ Sara Kropf*
                                            Sara Kropf

                                            */s/ David McGowan*
                                            David McGowan

## NOTICE OF SERVICE

    I hereby certify that on April 25, 2025, I electronically filed the original of this brief with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

                                            */s/ Sara Kropf*
                                            Sara Kropf