UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSMAN GODFREY LLP, <br><br> *Plaintiff*, <br><br> v. <br><br> EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*, <br><br> *Defendants*. | Case No.: 1:25-cv-1107-LLA <br> Hon. Loren L. AliKhan |

**UNOPPOSED MOTION OF
THE LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW,
PUBLIC COUNSEL, WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS
AND URBAN AFFAIRS, PUBLIC INTEREST LAW CENTER, CHICAGO LAWYERS'
COMMITTEE FOR CIVIL RIGHTS UNDER LAW, MISSISSIPPI CENTER FOR
JUSTICE, AND LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN
FRANCISCO BAY AREA FOR LEAVE TO FILE BRIEF OF AMICI CURIAE
<u>IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

Proposed amicus curiae The Lawyers' Committee for Civil Rights Under Law (the "Lawyers' Committee") and its affiliates respectfully moves this Court under Local Civil Rule 7(o) for leave to file the attached amicus curiae brief in support of Plaintiff's Motion for Summary Judgment and Declaratory and Permanent Injunctive Relief. The parties do not oppose this motion.

1.  This Court "has broad discretion to permit . . . participat[ion] [of] amici curiae," and amicus participation is appropriate where amici have "relevant expertise and a stated concern for the issues at stake in [the] case." *Dist. of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). This Court has recognized that an amicus brief should "normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond

the help that the lawyers for the parties are able to provide." *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (citation omitted).

2. The Lawyers' Committee is a national, nonpartisan, nonprofit organization that combats racial discrimination and the resulting inequality of opportunity. The Lawyers' Committee advocates inside and outside the courts, to ensure that all people have voice, opportunity, and power to make the promises of our democracy real. The Lawyers' Committee is a catalyst within the civil rights community, having been at the forefront of many significant civil rights cases. *See, e.g., NAACP v. Claiborne Hardware Co.*, 458 U.S. 886 (1982); *McWaters v. FEMA*, 436 F. Supp. 2d 802 (E.D. La. June 16, 2006); *Wash. Park Lead Comm., Inc. v. EPA,* No. 98-cv-421, 1998 WL 1053712 (E.D. Va. Dec. 1, 1998). Each year, lawyers from across the country partner with the Lawyers' Committee to provide pro bono legal services for the protection of civil rights.

3. *Amicus* Public Counsel is a nonprofit public interest law firm dedicated to advancing civil rights and racial and economic justice, as well as to amplifying the power of our clients through comprehensive legal advocacy. It is the Southern California affiliate of the Lawyers' Committee for Civil Rights Under Law. Founded on and strengthened by a pro bono legal service model, our staff and volunteers seek justice through direct legal services, promote healthy and resilient communities through education and outreach, and support community-led efforts to transform unjust systems through litigation and policy advocacy in and beyond Los Angeles. Public Counsel relies heavily on the private bar as partners in its litigation, and thus has a strong interest in ensuring that the private bar can litigate against the federal government without fear of retribution.

4. *Amicus* Washington Lawyers' Committee for Civil Rights and Urban Affairs is a nonprofit civil rights organization established to combat racial discrimination and poverty by enforcing civil rights laws through litigation and public policy advocacy in the District of Columbia, Virginia, and Maryland. Since its founding in 1968, the Washington Lawyers' Committee has worked in partnership with private law firms to pursue its objectives and relies on the pro bono resources and commitment of the private bar. Government retaliation against the private bar poses an immediate threat to the Committee's co-counsel model and thereby endangers its important public interest mission.

5. *Amicus* Public Interest Law Center was founded in 1969 as the Philadelphia affiliate of the Lawyers' Committee for Civil Rights Under Law. The Law Center uses high-impact legal strategies to advance the civil, social, and economic rights of communities in the Philadelphia region and throughout Pennsylvania facing discrimination, inequality, and poverty. It uses litigation, community education, advocacy, and organizing to secure access to fundamental resources and services in the areas of public education, housing, health care, employment, environmental justice, and voting. For the past 56 years, the Law Center has worked alongside pro bono co-counsel in the private bar to defend constitutional rights, protect democracy, and ensure equal justice under the law.

6. *Amicus* Chicago Lawyers' Committee for Civil Rights is a public interest law organization founded in 1969 that works to secure racial equity and economic opportunity for all. Chicago Lawyers' Committee for Civil Rights provides legal representation through partnerships with the private bar and collaborates with grassroots organizations and other advocacy groups throughout Illinois and Indiana. Through coalition work, litigation, and policy advocacy, Chicago

Lawyers' Committee works to advance civil rights by implementing community-based solutions that promote transparency, accountability, and equity.

7.  *Amicus* Mississippi Center for Justice is a nonprofit, public-interest law firm committed to advancing racial, social, and economic justice. Mississippi Center for Justice was organized to address the urgent need to re-establish in-state advocacy for low-income people and communities of color. Mississippi Center for Justice is supported and staffed by attorneys and other professionals working to develop and pursue strategies to combat discrimination and poverty and collaborates with the private bar to advance its mission.

8.  *Amicus* Lawyers' Committee for Civil Rights of the San Francisco Bay Area is one of the oldest civil rights institutions on the West Coast. We work to dismantle systems of oppression and racism and build an equitable and just society. Our pro bono model is critical to all aspects of our multifaceted, community-based approach to systems change. In 2024, we provided 1,600 clients with direct legal service in pursuit of racial, economic, and immigrant justice, and we engaged in many impact litigation and policy advocacy matters to prevent future harm and build antiracist, equitable systems. To deliver these services, we train and partner with more than 1,000 attorneys, paralegals, law clerks, and interpreters who, in 2024, donated more than 29,000 hours to represent, advise, and counsel clients seeking meaningful and lasting change. Partnership with the private bar is integral to our ability to challenge policies, institutions, and systems that are violent, unjust, and inequitable to historically marginalized communities.

9.  For decades, the local Lawyers' Committees have successfully litigated cases to secure civil rights, and address many of the same issues as the national Lawyers' Committee. Each local Committee has also taken on other issues that reflect the needs of their respective community. The national Lawyers' Committee works effectively with the local Committees and regularly

partners with them on specific litigation and legal advocacy to strengthen what is already the largest network of private lawyers in America directed to advocate for civil rights.

10. Based on their decades of experience partnering with private law firms to engage in pro bono litigation challenging government action, the Lawyers' Committee and its local affiliates offer unique insight into the value of pro bono representations by private law firms.

11. While the Lawyers' Committee and its local affiliates are aligned with the Plaintiff's position, *amici's* interests, clients, and operations as civil rights nonprofits are distinct from a private law firm. Given their unique position and insight, the position of the Lawyers' Committee and its local affiliates are "not adequately represented by a party." D.D.C. LR 7(o)(2).

12. Because consideration of the public interest is material to the Plaintiff's request for permanent injunctive relief, the matters asserted in the proposed brief "are relevant to the disposition of the case." D.D.C. LR 7(o)(2). *Amici's* brief focuses on the grave harm to the beneficiaries of pro bono representation, who may not have access to counsel if firms are chilled from representing certain clients or causes disfavored by the government. The very communities *amici* serve may therefore be harmed if the Executive Order is upheld. As such, *amici's* brief is relevant to the disposition of the case.

13. Plaintiff's counsel and Defendants' counsel have represented that they do not oppose the filing of this *amici curiae* brief.

14. Attached to this motion is a proposed order pursuant to Local Civil Rule 7(o)(2).

Dated: April 25, 2025                    Respectfully submitted,

/*s*/ Edward Caspar
Edward Caspar
DC Bar No. 1644168
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street, N.W., Suite 900
Phone: (202) 662-8300
Fax: (202) 783-0857
ecaspar@lawyerscommittee.org

/*s*/ Adria J. Bonillas
Adria J. Bonillas*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857
abonillas@lawyerscommittee.org
*Pro hac vice motion forthcoming*

*Counsel for amici*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 25, 2025, I electronically filed this motion with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

                                        /s/ Edward Caspar
                                        Edward Caspar, DC Bar No. 1644168
                                        *Counsel for Amici*