UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUSMAN GODFREY LLP,

                Plaintiff,

     v.                                      NO. 1:25-cv-01107-LLA

EXECUTIVE OFFICE OF THE PRESIDENT, *et al*.,

                Defendants.

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF**
***AMICI CURIAE* SOLO PRACTITIONERS AND SMALL LAW FIRM IN SUPPORT OF PLAINTIFF'S COMPLAINT FOR DECLARATORY AND <u>PREMANENT INJUNCTIVE RELIEF</u>**

*Amici Curiae*—777 solo and small firm lawyers from across the United States—respectfully move for leave to file the attached *amicus curiae*, pursuant to Local Civ. Rule 7(o). On April 9, 2025, President Donald J. Trump signed an executive order titled *Addressing Risks from Susman Godfrey* ("Order") targeting Plaintiff Susman Godfrey LLP ("Plaintiff") – a large law firm employing over 200 attorneys. The sweeping order seeks to eliminate Plaintiff's access to federal courthouses, government agencies, security clearances, and critical information by and through the authority vested in the Defendants.[1] Plaintiff sued Defendants and moved for Summary Judgement and Permanent Injunctive Relief.

---

[1] Defendants include EXECUTIVE OFFICE OF THE PRESIDENT, U.S. DEPARTMENT OF JUSTICE, OFFICE OF MANAGEMENT AND BUDGET, SECURITIES AND EXCHANGE COMMISSION, UNITED STATES INTERNATIONAL TRADE COMMISSION, FEDERAL TRADE COMMISSION, UNITED STATES PATENT AND TRADEMARK OFFICE, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, DEPARTMENT OF THE TREASURY, U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, U.S. DEPARTMENT OF EDUCATION, U.S. DEPARTMENT OF VETERANS AFFAIRS, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, CENTRAL INTELLIGENCE AGENCY, ENVIRONMENTAL PROTECTION AGENCY, DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF STATE, DEPARTMENT OF ENERGY, DEPARTMENT OF LABOR, DEPARTMENT OF AGRICULTURE,

This executive overreach threatens the rule of law and the entirety of the legal practice through the United States of America. *Amici* seek leave to file the attached *amici* brief in support of Plaintiff's Complaint for Declaratory and Injunctive Relief. A copy of the *amicus* brief is attached as Attachment A. Counsel for Plaintiff and the Government have consented to the filing of *amici*'s brief.

## LEGAL STANDARD

When deciding whether to grant a third party leave to file an *amicus curiae* brief, this Court has broad discretion and has allowed *amicus* participation by *amici* with "relevant expertise and a stated concern for the issues at stake" where the Court found that "it may benefit from their input" in deciding the case. *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011); *see also, Nat'l Ass'n of Home Builders*, 519 F. Supp. 2d at 93 (granting

---

DEPARTMENT OF COMMERCE, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, SMALL BUSINESS ADMINISTRATION, OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, DEPARTMENT OF THE INTERIOR, DEPARTMENT OF TRANSPORTATION, THE UNITED STATES OF AMERICA, PAMELA J. BONDI, in her official capacity as Attorney General of the United States, RUSSELL T. VOUGHT, in his official capacity as Director of the U.S. Office of Management and Budget, MARK T. UYEDA, in his official capacity as Acting Chairman of the Securities and Exchange Commission, AMY A. KARPEL, in her official capacity as Chair of the U.S. International Trade Commission, ANDREW N. FERGUSON, in his official capacity as Chairman of the Federal Trade Commission, COKE MORGAN STEWART, in her official capacity as Acting Under Secretary of Commerce for Intellectual Property and Acting Director of the United States Patent and Trademark Office, ANDREA R. LUCAS, in her official capacity as Acting Chair of the Equal Employment Opportunity Commission, SCOTT BESSENT, in his official capacity as Secretary of the Treasury, PETER B. HEGSETH, in his official capacity as the Secretary of Defense U.S. Department of Defense, ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services U.S. Department of Health and Human Services, LINDA M. MCMAHON, in her official capacity as Secretary of Education U.S. Department of Education, DOUGLAS A. COLLINS, in his official capacity as Secretary of Veterans Affairs Department of Veterans Affairs, TULSI GABBARD, in her official capacity as U.S. Director of National Intelligence office of the Director of National Intelligence, JOHN L. RATCLIFFE, in his official capacity as Director of the Central Intelligence Agency, LEE M. ZELDIN, in his official capacity as Administrator of the Environmental Protection Agency, KRISTI NOEM, in her official capacity as Secretary of Homeland Security, MARCO RUBIO, in his official capacity as Secretary of State, CHRIS WRIGHT, in his official capacity as Secretary of Energy, LORI CHAVEZ-DEREMER, in her official capacity as Secretary of Labor, BROOKE L. ROLLINS, in her official capacity as Secretary of Agriculture, HOWARD LUTNICK, in his official capacity as Secretary of Commerce, SCOTT TURNER, in his official capacity as Secretary of Housing and Urban Development, KELLY LOEFFLER, in her official capacity as Administrator of the U.S. Small Business Administration, JAMIESON GREER, in his official capacity as United States Trade Representative, DOUG BURGUM, in his official capacity as Secretary of the Interior, SEAN DUFFY, in his official capacity as Secretary of Transportation, collectively referred to as "Defendants" throughout.

leave to file because "the court may benefit from [*amicus*] input"). *Amicus* participation "should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *Mashpee Wampanoag Tribe,* 2020 WL 2615523 at *1 (D.D.C. May 22, 2020) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *see also* In re *Search of Info.*, 13 F. Supp.3d at 167 (D.D.C. 2014) (same).

Local Civ. Rule 7(o)(2) requires potential *amici* to set forth the reasons why an *amicus* brief "is desirable, why the movant's position is not adequately represented by a party, and why the matters asserted are relevant to the disposition of the case." D.D.C. LR 7(o)(2). It directs that motions for leave to file must be filed "in a timely manner such that it does not unduly delay the Court's ability to rule on any pending matter." D.D.C. LR 7(o)(2). The proposed *amicus* brief satisfies these standards and the requirements.

## INTEREST OF AMICI

*Amici* are solo practitioners and small firm attorneys who serve as the primary point of access to justice for millions of Americans—individuals, small businesses, nonprofit organizations, and marginalized communities. Together, these lawyers make up approximately 75% of law firms nationwide and are responsible for the vast majority of federal criminal defense, immigration, disability benefits, and other civil litigation work for clients who lack institutional power or influence.

*Amici* write not only in solidarity with Plaintiff but to also underscore the unprecedented danger posed by the Order to the independence of the legal profession and the ethical obligation of attorneys to advocate without fear of government reprisal. Unlike large firms, solo and small

3

firm lawyers do not have the institutional resources to shield themselves from executive overreach, making the Order's chilling effect particularly acute.

## GROUNDS FOR LEAVE

I. *Amici*'s Brief is Relevant to the Disposition of this Case.

*Amici*'s brief highlights how the Order, if allowed to stand, would empower the executive branch to retaliate against any attorney who represents politically disfavored clients. The brief explains how this dynamic threatens the First and Sixth Amendment rights not only of attorneys, but of clients—especially those in rural or underserved communities—who depend on solo and small firm lawyers to assert their legal rights.

II. *Amici*'s Brief Offers a Unique and Practical Perspective.

While Plaintiff's motion appropriately focuses on constitutional theory and institutional harm, *amici* offer the perspective of the "foot soldiers of the legal profession"—attorneys who are far more vulnerable to the Order's access restrictions, loss of security clearances, and potential blacklisting from agency practice. The brief articulates how the Order would force these lawyers to choose between ethical representation and economic survival, particularly in areas like immigration, bankruptcy, veterans' benefits, and civil rights.

*Amici* also detail how the Order creates a toxic environment of fear and retaliation corroding the professional norms that sustain collegiality and ethical practice.

III. *Amici*'s Brief is Timely.

It is submitted within days of Plaintiff's motion for summary judgment and will not delay the Court's ruling or prejudice any party. Counsel for all parties have consented.

## CONCLUSION

For the foregoing reasons, *Amici* respectfully request that this Court grant leave to file the proposed amicus curiae brief in support of Plaintiff's .

Dated: April 25, 2025

                                              Respectfully submitted,

                                              /s/ Carolyn Elefant
                                              Carolyn Elefant (D.C. Bar No. 425433)
                                              LAW OFFICES OF CAROLYN ELEFANT
                                              7315 Wisconsin Avenue
                                              Bethesda, MD 20814
                                              (202) 297-6100
                                              carolyn@carolynelefant.com

                                              *Counsel for Amici Curiae Solo and Small Firm Lawyers*

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2025, I electronically filed the original of this Motion, its accompanying appendix, and its attached proposed brief with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

DATED this 25th day of April 2025.

/s/ Carolyn Elefant
Carolyn Elefant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSMAN GODFREY LLP,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>　　　　　　Defendants. | NO. 1:25-cv-01107-LLA |

**PROPOSED ORDER GRANTING MOTION FOR LEAVE TO FILE AMICUS BRIEF**

**COMES NOW**, *Amici Curiae*, by and through the undersigned counsel, pursuant to Rule 29 of the Federal Rules of Appellate Procedure and D.C. Circuit Rule 29, and hereby respectfully moves this Court to enter the following Proposed Order granting leave to file an amicus brief in support of Plaintiff Susman Godfrey LLP's , pursuant to Local Civ. Rule 7(o).

Upon consideration of *Amici*'s Motion and for good cause shown, it is hereby:

**ORDERED** that *Amici*'s Motion for Leave is GRANTED; and it is further

**ORDERED** that the Clerk shall file the Amicus Brief submitted with the Motion for Leave to File.

**SO ORDERED** this __ day of April, 2025.

　　　　　　　　　　　　　　　　　　　HON. BERYL A. HOWELL
　　　　　　　　　　　　　　　　　　　United District Senior Judge

WHEREFORE, *Amici Curiae* respectfully requests that this Court enter the above Proposed Order granting leave to file an *amicus* brief in support of Plaintiff's .

Dated: April 25, 2025

Respectfully submitted,

/s/ Carolyn Elefant
Carolyn Elefant (D.C. Bar No. 425433)
LAW OFFICES OF CAROLYN ELEFANT
7315 Wisconsin Avenue
Bethesda, MD 20814
(202) 297-6100
carolyn@carolynelefant.com

*Counsel for Amici Curiae Solo and Small Firm Lawyers*