IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSMAN GODFREY LLP,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et* al.,<br><br>　　　　　　Defendants. | Civil Action No. 25-1107 (LLA) |

### DEFENDANTS' MOTION TO CLARIFY

On June 26, 2025, this Court entered an Order denying Defendants' Motion to Dismiss and Granting Plaintiff's Motion for Summary Judgment. ECF No. 207. Defendants respectfully seek clarification regarding the scope of the Court's declaratory and injunctive relief as applied to Section 4 of Executive Order 14263, *Addressing Risks from Susman Godfrey*, 90 Fed. Reg. 15615 (April 15, 2025) ("EO"). Specifically, Defendants request this Court clarify that the Court's Order enjoining Section 4 of EO 14263 runs only against Plaintiff Susman Godfrey LLP.

Section 4 of the EO provides "Nothing in this order shall be construed to limit the action authorized by section 4 of Executive Order 14230 of March 6, 2025 (Addressing Risks from Perkins Coie LLP)." In its Order, this Court "declared that [EO 14263] is unconstitutional and therefore null and void." ECF No. 207 at 1. The Court further ordered the Department of Justice and Equal Employment Opportunity Commission "to immediately cease any investigation of Susman Godfrey LLP made pursuant to Section 4 of [EO 14263] and to withdraw any requests for information from Susman Godfrey LLP or other investigative steps made pursuant to Section 4 of [EO 14263]." Defendants interpret this Order enjoining Section 4 of EO 14263 as running

only to the benefit of Plaintiff Susman Godfrey LLP. Defendants do not interpret the Court's Order to otherwise limit or impair investigations into other large law firms pursuant to Section 4 of Executive Order 14230, *Addressing Risks from Perkins Coie LLP*, 90 Fed. Reg. 11781 (March 6, 2025) (directing "review" of "the practices of representative large, influential, or industry leading law firms for consistency with Title VII of the Civil Rights Act of 1964" by Equal Employment Opportunity Commission and Attorney General).

In its Opinion, the Court emphasized that its decision "follows suit" in three related cases where law firms have challenged specific EOs. See ECF 206 at 1 (citing *Perkins Coie LLP v. U.S. Dep't of Just.*, No. 1:25-cv-716, 2025 WL 1276857 (D.D.C. May 2, 2025); *Jenner & Block LLP v. U.S. Dep't of Just.*, No. 1:25-cv-916, 2025 WL 1482021, (D.D.C. May 23, 2025); *Wilmer Cutler Pickering Hale & Dorr LLP v. Exec. Off. of President*, No. 1:25-cv-917, 2025 WL 1502329 (D.D.C. May 27, 2025)).

In each case, Defendants filed a motion to clarify the courts' orders to ensure that there was no ambiguity concerning the scope of these injunctions as applied to Section 4 of each EO. *See Perkins Coie LLP*, 1:25-cv-716, ECF 186 (May 20, 2025); *Jenner & Blocker*, 1:25-cv-916, ECF No. 141 (May 29, 2025); *WilmerHale*, 1:25-cv-917, ECF No. 114 (June 6, 2025). Specifically, Defendants filed motions to clarify that the orders enjoining Section 4 of each EO ran only against the plaintiff law firm but did not otherwise impair or limit the ability of the Attorney General or Equal Employment Opportunity Commission to review the practices of other large law firms, not parties to those cases.

All three courts granted Defendants' requests to clarify the court orders on this point. *See Perkins Coie LLP*, 1:25-cv-716, ECF 186 (May 20, 2025) (Minute Order "granting the government's 186 motion and clarifying that the injunctive relief granted as to Section 4 of

Executive Order 14230, see Court's 184 Order, runs only in favor of plaintiff Perkins Coie LLP"); *Jenner & Blocker*, 1:25-cv-916, ECF No. 143 at 3 (June 2, 2025) ("The Court intended to enjoin Section 4 of the executive order only insofar as it targeted Jenner"); *WilmerHale*, 1:25-cv-917, ECF No. 120 at 2-3 (June 25, 2025) ("Defendants are correct that this Court's injunction barring enforcement of Section 4 of the WilmerHale Order runs only as to WilmerHale; therefore, the Court will grant defendants' motion to clarify.").

In the same vein, Defendants—out of an abundance of caution—respectfully request this Court to clarify that the Court's Order enjoining Section 4 of EO 14263 runs only against Plaintiff Susman Godfrey LLP and does not otherwise limit or impair the ability of the Department of Justice or Equal Employment Opportunity Commission to investigate other large law firms pursuant to Section 4 of EO 14230. Accordingly, for the avoidance of doubt, Defendants respectfully move this Court to clarify its Order as follows:

> The injunctive relief as to Section 4 of Executive Order 14263 in the Court's Order of June 26, 2025 (ECF No. 207) runs only in favor of Plaintiff, Susman Godfrey LLP (including its affiliates, predecessors, successors, assigns, directors, officers, partners, employees, and agents).

Rather than the entry of an amended order, Defendants believe a minute order with this clarification would be sufficient.

Dated: July 29, 2025
       Washington, D.C.

Respectfully submitted,

/s/ *Richard Lawson*
RICHARD LAWSON
Deputy Associate Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 445-8042

*Counsel for Defendants*