APPEAL,CLOSED,TYPE–D

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:25–cv–01107–LLA</u>
### *Internal Use Only*

| | |
|---|---|
| SUSMAN GODFREY LLP v. EXECUTIVE OFFICE OF THE PRESIDENT et al | Date Filed: 04/11/2025 |
| Assigned to: Judge Loren L. AliKhan | Date Terminated: 06/27/2025 |
| Cause: 28:1331 Federal Question: Other Civil Rights | Jury Demand: None |
| | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: U.S. Government Defendant |

**<u>Plaintiff</u>**

**SUSMAN GODFREY LLP**        represented by    **Bethany Woodard Kristovich**
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue
Ste 50th Floor
Los Angeles, CA 90071
213–683–9292
Email: bethany.kristovich@mto.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brad Dennis Brian**
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
50th Floor
Los Angeles, CA 90071–3426
213–683–9280
Email: brad.brian@mto.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Hailyn Jennifer Chen**
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
50th Floor
Los Angeles, CA 90071–3426
213–683–9548
Fax: 213–687–3702
Email: hailyn.chen@mto.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael R. Doyen**
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue

50th Floor
Los Angeles, CA 90071
213–683–9195
Fax: 213–687–3702
Email: michael.doyen@mto.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Adam Weiss**
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
50th Floor
Los Angeles, CA 90071–3426
213–683–9273
Email: adam.weiss@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elaine J. Goldenberg**
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW
Suite 500e
Washington, DC 20001–5369
202–220–1100
Email: elaine.goldenberg@mto.com
*ATTORNEY TO BE NOTICED*

**Esthena Barlow**
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500E
Washington, DC 20001
202–220–1100
Email: esthena.barlow@mto.com
*ATTORNEY TO BE NOTICED*

**Ginger Dawn Anders**
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW
Suite 500e
Washington, DC 20001–5369
202–220–1107
Fax: 213–683–5112
Email: ginger.anders@mto.com
*ATTORNEY TO BE NOTICED*

**Jennifer Bryant**
MUNGER TOLLES & OLSON LLP
350 South Grand Avenue
50th Floor
Los Angeles, CA 90071

213−683−9100
Fax: 213−687−3702
Email: jennifer.bryant@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeremy Kreisberg**
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW
Suite 500e
Washington, DC 20001−5369
202−220−1120
Email: jeremy.kreisberg@mto.com
*ATTORNEY TO BE NOTICED*

**Juliana Yee**
MUNGER, TOLLES & OLSON LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
415−512−4028
Fax: 415−512−4077
Email: juliana.yee@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kyle Schneider**
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW
Suite 500e
Washington, DC 20001−5369
202−220−1229
Email: kyle.schneider@mto.com
*ATTORNEY TO BE NOTICED*

**Miranda E. Rehaut**
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
50th Floor
Los Angeles, CA 90071−3426
213−683−9100
Fax: 213−687−3702
Email: miranda.rehaut@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rachel G. Miller−Ziegler**
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW
Suite 500e
Washington, DC 20001−5369
202−220−1115

Email: Rachel.Miller–Ziegler@mto.com
*ATTORNEY TO BE NOTICED*

**Shannon Galvin Aminirad**
MUNGER, TOLLES & OLSON LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
415–512–4000
Email: shannon.aminirad@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William Orr**
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
50th Floor
Los Angeles, CA 90071–3426
213–683–9284
Email: william.orr@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Donald Beaton Verrilli , Jr**
MUNGER, TOLLES & OLSON LLP
1155 F Street, NW
7th Floor
Washington, DC 20004
213–683–9507
Email: donald.verrilli@mto.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**EXECUTIVE OFFICE OF THE PRESIDENT**         represented by   **Richard Lawson**
DOJ–USAO
950 Pennsylvania Avenue, NW
Washington, DC 20530–0001
202–445–8042
Email: richard.lawson3@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. DEPARTMENT OF JUSTICE**         represented by   **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**OFFICE OF MANAGEMENT AND
BUDGET**

represented by  **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**SECURITIES AND EXCHANGE
COMMISSION**

represented by  **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**UNITED STATES INTERNATIONAL
TRADE COMMISSION**

represented by  **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**FEDERAL TRADE COMMISSION**

represented by  **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**UNITED STATES PATENT AND
TRADEMARK OFFICE**

represented by  **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

represented by  **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**DEPARTMENT OF THE
TREASURY**

represented by  **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**U.S. DEPARTMENT OF DEFENSE**

represented by  **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**U.S. DEPARTMENT OF EDUCATION**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**U.S. DEPARTMENT OF VETERANS AFFAIRS**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**CENTRAL INTELLIGENCE AGENCY**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**ENVIRONMENTAL PROTECTION AGENCY**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**DEPARTMENT OF HOMELAND SECURITY**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**DEPARTMENT OF STATE**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**DEPARTMENT OF ENERGY**                    represented by  **Richard Lawson**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**DEPARTMENT OF LABOR**                     represented by  **Richard Lawson**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**DEPARTMENT OF AGRICULTURE**               represented by  **Richard Lawson**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**DEPARTMENT OF COMMERCE**                  represented by  **Richard Lawson**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT**                         represented by  **Richard Lawson**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**SMALL BUSINESS
ADMINISTRATION**                            represented by  **Richard Lawson**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**OFFICE OF THE UNITED STATES
TRADE REPRESENTATIVE**                      represented by  **Richard Lawson**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**DEPARTMENT OF THE INTERIOR**              represented by  **Richard Lawson**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**DEPARTMENT OF
TRANSPORTATION**

represented by  **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES OF AMERICA**

represented by  **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**PAMELA J. BONDI**
*in her official capacity as Attorney
General of the United States*

represented by  **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**RUSSELL VOUGHT**
*in his official capacity as Director of the
U.S. Office of Management and Budget*

represented by  **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARK T. UYEDA**
*in his official capacity as Acting
Chairman of the Securities and Exchange
Commission*

represented by  **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**AMY A. KARPEL**
*in her official capacity as Chair of the
U.S. International Trade Commission*

represented by  **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ANDREW N. FERGUSON**
*in his official capacity as Chairman of
the Federal Trade Commission*

represented by  **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**COKE MORGAN STEWART**
*in her official capacity as Acting Under
Secretary of Commerce for Intellectual
Property and Acting Director of the
United States Patent and Trademark
Office*

represented by  **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ANDREA R. LUCAS**
*in her official capacity as Acting Chair of
the Equal Employment Opportunity
Commission*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SCOTT BESSENT**
*in his official capacity as Secretary of the
Treasury*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**PETER B. HEGSETH**
*in his official capacity as the Secretary of
Defense U.S. Department of Defense*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ROBERT F. KENNEDY, JR.**
*in his official capacity as Secretary of
Health and Human Services*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**LINDA MCMAHON**
*in her official capacity as Secretary of
Veterans Affairs Department of Veterans
Affairs*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DOUG COLLINS**
*in his official capacity*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**TULSI GABBARD**
*in her official capacity as U.S. Director
of National Intelligence*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN L. RATCLIFFE**
*in his official capacity as Director of the
Central Intelligence Agency*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**LEE M. ZELDIN**
*in his official capacity as Administrator
of the Environmental Protection Agency*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**KRISTI NOEM**
*in her official capacity capacity as
Secretary of State*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**MARCO A. RUBIO**
*in his official capacity*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**CHRIS WRIGHT**
*in his official capacity as Secretary of
Energy*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**LORI CHAVEZ–DEREMER**
*in her official capacity as Secretary of
Labor*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**BROOKE L. ROLLINS**
*in her official capacity as Secretary of
Agriculture*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**HOWARD W. LUTNICK**
*in his official capacity as Secretary of
Commerce*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**SCOTT TURNER**
*in his official capacity as Secretary of
Housing and Urban Development*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**KELLY LOEFFLER**
*in her official capacity as Administrator*
*of the U.S. Small Business Administration*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JAMIESON GREER**
*in his official capacity as United States*
*Trade Representative*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DOUGLAS J. BURGUM**
*in his official capacity as Secretary of the*
*Interior*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SEAN DUFFY**
*in his official capacity as Secretary of*
*Transportation*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**PAUL S. ATKINS**
*in his official capacity as Acting*
*Chairman of the Securities and Exchange*
*Commission*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hestor PIERCE**
*in her official capacity as Commissioner*
*of the Securities and Exchange*
*Commission*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CAROLINE A. CRENSHAW**
*in her official capacity as Commissioner*
*of the Securities and Exchange*
*Commission*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAVID JOHNSON**
*in his official capacity as Commissioner*
*of the U.S. International Trade*
*Commission*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JASON KEARNS**
*in his official capacity as Commissioner*
*of the U.S. International Trade*
*Commission*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MELISSA ANN HOLYOAK**
*in her official capacity as Commissioner*
*of the Federal Trade Commission*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARK M. MEADOR**
*in his official capacity as Commissioner*
*of the Federal Trade Commission*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. DEPARTMENT OF THE AIR**
**FORCE**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**GARY A. ASHWORTH**
*in his official capacity as Acting*
*Secretary of the Air Force*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. DEPARTMENT OF THE ARMY**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DANIEL P. DRISCOLL**
*in his official capacity as Acting*
*Secretary of the Army*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. DEPARTMENT OF THE NAVY**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN PHELAN**
*in his official capacity as Acting*
*Secretary of the Navy*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ADMINISTRATION FOR**
**CHILDREN AND FAMILIES**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ANDREW GRADISON**
*in his official capacity as Acting Assistant*
*Secretary for the Administration for*
*Children and Families*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ADMINISTRATION FOR**
**STRATEGIC PREPAREDNESS AND**
**RESPONSE**
200 Independence Avenue SW
Washington, DC 20201
United Sta

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN KNOX**
*in his official capacity as Principal*
*Deputy Assistant Secretary for*
*Preparedness and Response*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ADVISORY COUNCIL ON**
**HISTORIC PRESERVATION**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**REID NELSON**
*in his official capacity as Chairman of*
*the Advisory Council on Historic*
*Preservation*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**AMERICORPS**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**JENNIFER BASTRESS TAHMASEBI**          represented by   **Richard Lawson**
*in her official capacity as Interim Agency*                    (See above for address)
*Head of AmeriCorps*                                            *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**APPALACHIAN REGIONAL**                  represented by   **Richard Lawson**
**COMMISSION**                                                 (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**GAYLE CONELLY MANCHIN**                 represented by   **Richard Lawson**
*in her official capacity as Co−Chair of*                      (See above for address)
*the Appalachian Regional Commission*                          *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**BIOMEDICAL ADVANCED**                   represented by   **Richard Lawson**
**RESEARCH AND DEVELOPMENT**                                   (See above for address)
**AUTHORITY**                                                  *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**GARY DISBROW**                          represented by   **Richard Lawson**
*in his official capacity as Director of the*                  (See above for address)
*Biomedical Advanced Research and*                             *LEAD ATTORNEY*
*Development Authority*                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**BONNEVILLE POWER**                      represented by   **Richard Lawson**
**ADMINISTRATION**                                             (See above for address)
P.O. Box 3621                                                  *LEAD ATTORNEY*
Portalnd, OR 97208                                             *ATTORNEY TO BE NOTICED*
United Sta

**Defendant**

**JOHN HAIRSTON**                         represented by   **Richard Lawson**
*in his official capacity as Administrator*                    (See above for address)
*and Chief Executive Officer of the*                           *LEAD ATTORNEY*
*Bonneville Power Administration*                              *ATTORNEY TO BE NOTICED*

**Defendant**

**BUREAU OF ECONOMIC**                    represented by   **Richard Lawson**
**ANALYSIS**                                                   (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**VIPIN ARORA**
*in his official capacity as Director of the*
*Bureau of Economic Analysis*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BUREAU OF INDIAN AFFAIRS**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BRYAN MERCIER**
*in his official capacity as Director of the*
*Bureau of Indian Affairs*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BUREAU OF INDUSTRY AND**
**SECURITY**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JEFFREY KESSLER**
*in his official capacity as Under*
*Secretary for Industry and Security*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BUREAU OF LAND MANAGEMENT**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHAEL D. NEDD**
*in his official capacity as Director of the*
*Bureau of Land Management*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BUREAU OF OCEAN ENERGY**
**MANAGEMENT**

represented by **Richard Lawson**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**WALTER CRUICKSHANK**
*in his official capacity as Director of the*
*Bureau of Ocean Energy Management*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BUREAU OF RECLAMATION**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAVID PALUMBO**
*in his official capacity as Acting*
*Commissioner of the Bureau of*
*Reclamation*

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BUREAU OF SAFETY AND**
**ENVIRONMENTAL**
**ENFORCEMENT**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALL FEDERAL AGENCIES AND**
**DEPARTMENTS AND HEADS OF**
**FEDERAL AGENCIES AND**
**DEPARTMENTS**

represented by **Richard Lawson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**SERVICE EMPLOYEES**
**INTERNATIONAL UNION**

represented by **Jim Davy**
JIM DAVY
P.O. Box 15216
Philadelphia, PA 19125
215–792–3579
Email: jimdavy@allriselaw.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**GENERAL COUNSEL AMICI**

represented by **Andrew George Pappas**
OSBORN MALEDON, P.A.
2929 N. Central Avenue
Suite 2000
Phoenix, AZ 85012

602−640−9398
Fax: 602−640−9050
Email: apappas@omlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Austin Tyler Marshall**
HERRERA ARELLANO LLP
1001 N Central Ave
Suite 404
Phoenix, AZ 85004
928−446−4410
Email: austin@ha−firm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David B. Rosenbaum**
OSBORN MALEDON, P.A.
2929 N. Central Avenue
Suite 2000
Phoenix, AZ 85012
602−640−9345
Fax: 602−640−9050
Email: drosenbaum@omlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric M. Fraser**
OSBORN MALEDON P.A.
2929 North Central Avenue
Suite 2000
Phoenix, AZ 85012
602−640−9321
Fax: 602−640−9050
Email: efraser@omlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua James Messer**
OSBORN MALEDON, P.A.
2929 N. Central Avenue
Ste 2100
Phoenix, AZ 85012
602−640−9326
Fax: 602−640−9050
Email: jmesser@omlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mary Ruth O'Grady**
OSBORN MALEDON PA
2929 N Central Ave
Suite 2000
Phoenix, AZ 85012
602–640–9000
Fax: 602–640–9050
Email: mogrady@omlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph N. Roth**
OSBORN MALEDON, P.A
2929 N. Central Avenue
Suite 2100
Phoenix, AZ 85012
602–640–9320
Fax: 602–640–9050
Email: jroth@omlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**LAWYERS DEFENDING AMERICAN DEMOCRACY, INC**    represented by    **Aderson Bellegarde Francois**
GEORGETOWN UNIVERSITY LAW CENTER
Civil Rights Clinic
600 New Jersey Avenue, NW
Suite 352
Washington, DC 20001
(202) 661–6721
Fax: 202–662–9634
Email: aderson.francois@georgetown.edu
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**LAW FIRM PARTNERS UNITED**    represented by    **Abigail Moss Hinchcliff**
OLSON GRIMSLEY KAWANABE HINCHCLIFF & MURRAY LLC
700 17th Street, Suite 1600
80202
Denver, CO 80203
303–535–9154
Email: ahinchcliff@olsongrimsley.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bianca Miyata**

OLSON GRIMSLEY KAWANABE
HINCHCLIFF & MURRAY LLC
700 17th Street, Suite 1600
80202
Denver, CO 80203
970–535–3226
Email: bmiyata@olsongrimsley.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Zimmer**
ZIMMER, CITRON & CLARKE LLP
130 Bishop Allen Dr.
Cambridge, MA 02139
617–676–9421
Email: david@zimmercitronclarke.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric F. Citron**
ZIMMER, CITRON & CLARKE LLP
130 Bishop Allen Drive
Cambridge, DC 02139
617–821–6006
Email: eric@zimmercitronclarke.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric R. Olson**
OLSON GRIMSLEY KAWANABE
HINCHCLIFF & MURRAY LLC
700 17th Street, Suite 1600
Denver, CO 80202
303–535–9151
Email: eolson@olsongrimsley.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason C. Murray**
OLSON GRIMSLEY KAWANABE
HINCHCLIFF & MURRAY
700 17th St.
Suite 1600
80202
Denver, CO 80202
303–535–9151
Fax: 303–592–3140
Email: jmurray@olsongrimsley.com
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenzo Kawanabe**
OLSON GRIMSLEY KAWANABE
HINCHCLIFF & MURRAY LLC
700 Seventeenth Street
Suite 1600
Denver, CO 80202
303–535–9151
Email: kkawanabe@olsongrimsley.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sean C. Grimsley**
OLSON GRIMSLEY KAWANABE
HINCHCLIFF & MURRAY LLC
700 17th Street, Suite 1600
80202
Denver, CO 80203
303–535–5191
Email: sgrimsley@olsongrimsley.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**775 LAW PROFESSORS**          represented by  **Phillip Robert Malone**
                                              559 Nathan Abbott Way
                                              Stanford, CA 94305–8610
                                              650–725–6369
                                              Email: pmalone@law.stanford.edu
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**AARON H. CAPLAN**             represented by  **Stephen Craig Leckar**
*Prof.*                                        KALBIAN HAGERTY LLP
                                              888 17th Street, NW
                                              Suite 1200
                                              Washington, DC 20006
                                              202–223–5600
                                              Email: sleckar@kalbianhagerty.com
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**STATE OF WASHINGTON**         represented by  **Cristina Sepe**
                                              WASHINGTON STATE OFFICE OF
                                              THE ATTORNEY GENERA

Solicitor General's Office
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504–0100
360–753–7085
Email: cristina.sepe@atg.wa.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **884 LAW FIRMS** | represented by | **Nathan P. Eimer**<br>EIMER STAHL LLP<br>224 South Michigan Avenue<br>Suite 1100<br>Chicago, IL 60604<br>(312) 660–7600<br>Fax: (312) 692–1718<br>Email: neimer@eimerstahl.com<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Benjamin Waldin**
EIMER STAHL LLP
224 S. Michigan Ave.
Ste 1100
Chicago, IL 60604
312–660–7600
Fax: 312–692–1718
Email: bwaldin@eimerstahl.com
*ATTORNEY TO BE NOTICED*

**Daniel D. Birk**
EIMER STAHL LLP
224 S. Michigan Ave.
Ste 1100
Chicago, IL 60604
312–660–7620
Fax: 312–692–1718
Email: dbirk@eimerstahl.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **INSTITUTE FOR THE RULE OF LAW OF THE UNION INTERNATIONALE DES AVOCATS** | represented by | **Jacqueline Scott**<br>FORTNEY AND SCOTT, LLC<br>1909 K Street NW<br>Suite 330<br>Washington, DC 20006<br>202–689–1200<br>Fax: 202–689–1209 |

Email: jscott@fortneyscott.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Mugmon**
FORTNEY AND SCOTT, LLC
1909 K Street NW
Suite 330
Washington, DC 20006
202–689–1200
Email: smugmon@fortneyscott.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jerry Roth**
ROTH GLOBAL LAW
990 Green Street
San Francisco, CA 94133
415–860–0909
Email: jerryrotharb@gmail.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY**

represented by **Jim Davy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Seungchul Chang**
FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY
UC Irvine School of Law
401 E. Peltason Dr.
Ste 1000
Irvine, CA 92697
206–390–5676
Email: rchang@law.uci.edu
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeremiah Chin**
UNIVERSITY OF WASHINGTON
School of Law
9622 S 221st Pl
Kent, WA 98031
480–334–7703
Email: jerchin@uw.edu
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jessica Levin**
RONALD A. PETERSON LAW CLINIC
Civil Rights Clinic
Seattle University School of Law
901 12th Ave, Sullivan Hall
Ste Sllh 315
Seattle, WA 98115
206–398–4167
Fax: 206–398–4261
Email: levinje@seattleu.edu
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa Lee**
RONALD A. PETERSON LAW CLINIC
Center for Civil Rights and Critical Justice
1112 E. Columbia St.
Seattle, WA 98122
206–398–4394
Email: leeme@seattleu.edu
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Susan A. McMahon**
FRED T. KOREMATSU CENTER FOR
LAW AND EQUALITY
UC Irvine School of Law
401 E. Peltason Dr.
Ste 1000
Irvine, CA 92697
949–824–0066
Email: smcmahon@law.uci.edu
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Amicus

**STATE OF ILLINOIS**

Amicus

**STATE OF MASSACHUSETTS**

Amicus

**STATE OF NEW JERSEY**

Amicus

**STATE OF ARIZONA**

Amicus

**CALIFORNIA**

**Amicus**

**STATE OF COLORADO**

**Amicus**

**STATE OF CONNECTICUT**

**Amicus**

**STATE OF DELAWARE**

**Amicus**

**DISTRICT OF COLUMBIA**

**Amicus**

**STATE OF HAWAII**

**Amicus**

**STATE OF MAINE**

**Amicus**

**STATE OF MARYLAND**

**Amicus**

**STATE OF MICHIGAN**

**Amicus**

**STATE OF MINNESOTA**

**Amicus**

**STATE OF NEVADA**

**Amicus**

**STATE OF NEW MEXICO**

**Amicus**

**STATE OF NEW YORK**

**Amicus**

**STATE OF OREGON**

**Amicus**

**STATE OF RHODE ISLAND**

**Amicus**

**STATE OF VERMONT**

Amicus

**AMERICAN FEDERATION OF**            represented by   **Jim Davy**
**TEACHERS**                                          (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

Amicus

**AMERICAN ASSOCIATION OF**           represented by   **Jim Davy**
**UNIVERSITY PROFESSORS**                             (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

Amicus

**CENTER FOR CIVIL RIGHTS AND**       represented by   **Jim Davy**
**CRITICAL JUSTICE**                                  (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

Amicus

**CIVIL RIGHTS AND ADVOCACY**         represented by   **Jim Davy**
**ORGANIZATONS**                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

Amicus

**RACE AND LAW CENTERS**              represented by   **Jim Davy**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

Amicus

**366 FORMER JUDGES**                 represented by   **Donald Manwell Falk**
                                                      4416 Harbord Dr
                                                      Oakland, CA 94618
                                                      650–269–2020
                                                      Email: donald.falk@gmail.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Sara E. Kropf**
                                                      KROPF MOSELEY SCHMITT PLLC
                                                      1100 H Street NW
                                                      Suite 1220
                                                      Washington, DC 20005
                                                      202–627–6900
                                                      Email: sara@kmlawfirm.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Amicus**

**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW AND LOCAL AFFILIATES**

represented by **Edward G. Caspar**
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street, NW
Suite 900
Washington, DC 20005
202–662–8390
Email: ecaspar@lawyerscommittee.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adria Jasmine Bonillas**
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street, NW
Suite 900
Washington, DC 20005
202–662–8317
Email: abonillas@lawyerscommittee.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**PAST PRESIDENTS OF THE DC BAR**

represented by **Andrea C. Ferster**
ANDREA C. FERSTER
68 Beebe Pond Rd
Canaan, NY 12029
202–669–6311
Email: andreaferster@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.**

represented by **Samuel Spital**
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
40 Rector Street
5th Floor
New York, NY 10006
(212) 965–2200
Email: sspital@naacpldf.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**23 NONGOVERNMENTAL ORGANIZATIONS**

represented by **William E. Zapf**
KAISER PLLC
1099 14th Street, NW
Ste 8th Floor West

Washington, DC 20005
202–869–1300
Email: wzapf@kaiserlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Amicus

**777 SOLO & SMALL FIRM LAWYERS**                    represented by **Carolyn Elefant**
LAW OFFICES OF CAROLYN
ELEFANT PLLC
1440 G Street, NW
8th Floor
Washington, DC 20005
(202) 297–6100
Email: carolyn@carolynelefant.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Amicus

**PUBLIC COUNSEL**                    represented by **Edward G. Caspar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Amicus

**WASHINGTON LAWYERS
COMMITTEE FOR CIVIL RIGHTS
AND URBAN AFFAIRS**                    represented by **Edward G. Caspar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Amicus

**PUBLIC INTEREST LAW CENTER**                    represented by **Edward G. Caspar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Amicus

**CHICAGO LAWYERS
COMMITTEE FOR CIVIL RIGHTS
UNDER LAW**                    represented by **Edward G. Caspar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Amicus

**MISSISSIPPI CENTER FOR
JUSTICE**                    represented by **Edward G. Caspar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Amicus

**LAWYERS COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA**

represented by **Edward G. Caspar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**BAR ASSOCIATIONS**

represented by **Eric John Galvez Paredes**
PROTECT DEMOCRACY PROJECT
82 Nassau Street
#601
New York, NY 10038
202−579−4582
Email: john.paredes@protectdemocracy.org
*ATTORNEY TO BE NOTICED*

**Hayden Johnson**
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave. NW
Ste 163
Washington, DC 20006
202−870−3210
Email: hayden.johnson@protectdemocracy.org
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**AMERICAN CIVIL LIBERTIES UNION**

represented by **Cecillia D. Wang**
ACLU
Center for Democracy
425 California St
Suite 700
San Francisco, CA 94104
415−343−0775
Email: cwang@aclu.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**AMERICAN CIVIL LIBERTIES UNION OF THE DISTRICT OF COLUMBIA**

represented by **Cecillia D. Wang**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**CATO INSTITUTE**

represented by **Cecillia D. Wang**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

represented by

**CENTER FOR INDIVIDUAL
RIGHTS**

Cecillia D. Wang
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**ELECTRONIC FRONTIER
FOUNDATION**

represented by  Cecillia D. Wang
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION**

represented by  Cecillia D. Wang
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**INSTITUTE FOR JUSTICE**

represented by  Cecillia D. Wang
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**KNIGHT FIRST AMENDMENT
INSTITUTE AT COLUMBIA
UNIVERSITY**

represented by  Cecillia D. Wang
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**NATIONAL COALITION AGAINST
CENSORSHIP**

represented by  Cecillia D. Wang
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**REPORTERS COMMITTEE FOR
THE FREEDOM OF THE PRESS**

represented by  Cecillia D. Wang
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**RUTHERFORD INSTITUTE**

represented by  Cecillia D. Wang
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

| | | |
|---|---|---|
| **SOCIETY FOR THE RULE OF LAW INSTITUTE** | represented by | **Cecillia D. Wang**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

<u>Amicus</u>

| | | |
|---|---|---|
| **LEGAL ETHICS PROFESSORS** | represented by | **Kelsi B. Corkran**<br>INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION<br>600 New Jersey Avenue NW<br>Washington, DC 20001<br>202–661–6728<br>Fax: 202–661–6730<br>Email: kbc74@georgetown.edu<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Joseph Wilfred Mead**<br>GEORGETOWN UNIVERSITY LAW CENTER<br>Institute for Constitutional Advocacy and Protection<br>600 New Jersey Ave NW<br>Washington, DC 20001<br>202–662–9765<br>Email: jm3468@georgetown.edu<br>*ATTORNEY TO BE NOTICED* |

<u>Amicus</u>

| | | |
|---|---|---|
| **FORMER SENIOR GOVERNMENT OFFICIALS** | represented by | **Amy Jeffress**<br>HECKER FINK LLP<br>1050 K St NW<br>Suite 1040<br>Washington, DC 20001<br>202–742–2655<br>Email: ajeffress@heckerfink.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Carmen Iguina Gonzalez**<br>HECKER FINK LLP<br>1050 K St NW<br>Suite 1040<br>Washington, DC 20001<br>212–763–0883<br>Email: ciguinagonzalez@heckerfink.com<br>*TERMINATED: 08/01/2025*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**David Gopstein** |

HECKER & FINK LLP
350 Fifth Avenue
Ste 63rd Floor
New York, NY 10118
Email: dgopstein@heckerfink.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Patton**
HECKER FINK LLP
350 5th Ave
Ste 63rd Floor
New York, NY 10118
212–763–0883
Email: dpatton@heckerfink.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gabrielle Tenzer**
HECKER FINK LLP
350 5th Ave
Ste 63rd Floor
New York, NY 10118
212–763–0883
Fax: 212–564–0883
Email: gtenzer@heckerfink.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jenna M. Dabbs**
HECKER FINK LLP
350 5th Ave
Ste 63rd Floor
New York, NY 10118
212–763–0883
Email: jdabbs@heckerfink.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Charles Quinn**
HECKER & FINK LLP
350 Fifth Avenue
Ste 63rd Floor
New York, NY 10118
212–763–0886
Email: jquinn@heckerfink.com
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Joshua Adam Matz**
HECKER FINK LLP
1050 K St NW
Suite 1040
Washington, DC 20001
929–294–2537
Fax: 212–564–0883
Email: jmatz@heckerfink.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Julie E. Fink**
HECKER FINK LLP
350 5th Ave
Ste 63rd Floor
New York, NY 10118
212–763–0883
Fax: 212–564–0883
Email: jfink@heckerfink.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kate Doniger**
HECKER FINK LLP
350 5th Ave
Ste 63rd Floor
New York, NY 10118
212–763–0883
Email: kdoniger@heckerfink.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mack Jenkins**
HECKER FINK LLP
350 5th Ave
Ste 63rd Floor
New York, NY 10118
213–459–2997
Email: mjenkins@heckerfink.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marshall Miller**
HECKER FINK LLP
350 5th Ave
Ste 63rd Floor

New York, NY 10118
212–404–8656
Email: mmiller@heckerfink.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew J. Craig**
HECKER & FINK LLP
350 Fifth Avenue
Ste 63rd Floor
New York, NY 10118
929–294–2542
Email: mcraig@heckerfink.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Ferrara**
HECKER FINK LLP
350 5th Ave
Ste 63rd Floor
New York, NY 10118
929–294–2529
Email: mferrara@heckerfink.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sean Hecker**
HECKER & FINK LLP
350 Fifth Avenue
Ste 63rd Floor
New York, NY 10118
212–763–0883
Fax: 212–546–6836
Email: shecker@heckerfink.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shawn Geovjian Crowley**
HECKER & FINK LLP
350 Fifth Avenue
Ste 63rd Floor
New York, NY 10118
212–763–0883
Email: scrowley@heckerfink.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**LITIGATION FIRMS**                    represented by

Kathryn A. Reilly
WHEELER TRIGG O'DONNELL LLP
370 17th Street
Suite 4500
Denver, CO 80202–5647
303–244–1800
Email: reilly@wtotrial.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**LAWYER MEMBERSHIP
ASSOCIATIONS**                    represented by  **Hayden Johnson**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Amicus**

**1129 LAW STUDENTS**             represented by  **Jordan Koel Merson**
                                                 MERSON LAW, PLLC
                                                 950 Third Avenue, 18th Floor
                                                 New York, NY 10022
                                                 212–603–9100
                                                 Email: jmerson@mersonlaw.com
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Amicus**

**51 LAW STUDENT
ORGANIZATIONS**                   represented by  **Jordan Koel Merson**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/11/2025 | 1 | COMPLAINT against All Defendants ( Filing fee $ 405 receipt number ADCDC–11611137) filed by SUSMAN GODFREY LLP. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Civil Cover Sheet, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons, # 10 Summons, # 11 Summons, # 12 Summons, # 13 Summons, # 14 Summons, # 15 Summons, # 16 Summons, # 17 Summons, # 18 Summons, # 19 Summons, # 20 Summons, # 21 Summons, # 22 Summons, # 23 Summons, # 24 Summons, # 25 Summons, # 26 Summons, # 27 Summons, # 28 Summons, # 29 Summons, # 30 Summons, # 31 Summons, # 32 Summons, # 33 Summons, # 34 Summons, # 35 Summons, # 36 Summons, # 37 Summons, # 38 Summons, # 39 Summons, # 40 Summons, # 41 Summons, # 42 Summons, # 43 Summons, # 44 Summons, # 45 Summons, # 46 Summons, # 47 Summons, # 48 Summons, # 49 Summons, # 50 Summons, # 51 Summons, # 52 Summons, # 53 Summons, # 54 Summons, # 55 Summons, # 56 Summons, # 57 Summons, # 58 Summons)(Verrilli, Donald) (Entered: 04/11/2025) |
| 04/11/2025 | 2 | NOTICE of Appearance by Donald Beaton Verrilli, Jr on behalf of SUSMAN GODFREY LLP (Verrilli, Donald) (Entered: 04/11/2025) |

| 04/11/2025 | 3 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by SUSMAN GODFREY LLP (Verrilli, Donald) (Entered: 04/11/2025) |
|---|---|---|
| 04/11/2025 | 4 | NOTICE of Appearance by Elaine J. Goldenberg on behalf of SUSMAN GODFREY LLP (Goldenberg, Elaine) (Entered: 04/11/2025) |
| 04/11/2025 | 5 | NOTICE of Appearance by Ginger Dawn Anders on behalf of SUSMAN GODFREY LLP (Anders, Ginger) (Entered: 04/11/2025) |
| 04/11/2025 | 6 | NOTICE of Appearance by Rachel G. Miller–Ziegler on behalf of SUSMAN GODFREY LLP (Miller–Ziegler, Rachel) (Entered: 04/11/2025) |
| 04/11/2025 | 7 | NOTICE of Appearance by Jeremy Kreisberg on behalf of SUSMAN GODFREY LLP (Kreisberg, Jeremy) (Entered: 04/11/2025) |
| 04/11/2025 | 8 | NOTICE of Appearance by Esthena Barlow on behalf of SUSMAN GODFREY LLP (Barlow, Esthena) (Entered: 04/11/2025) |
| 04/14/2025 | | Case Assigned to Judge Loren L. AliKhan. (zmtm) (Entered: 04/14/2025) |
| 04/14/2025 | 9 | SUMMONS (55) Issued as to All Defendants, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(zmtm) (Entered: 04/14/2025) |
| 04/14/2025 | 10 | MOTION for Temporary Restraining Order by SUSMAN GODFREY LLP. (Attachments: # 1 Memorandum in Support, # 2 Declaration Anders, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Declaration Hirshon, # 14 Declaration Srinivasan, # 15 Exhibit 65.1 Certificate, # 16 Text of Proposed Order)(Verrilli, Donald) (Entered: 04/14/2025) |
| 04/14/2025 | | MINUTE ORDER: In light of Plaintiff's Motion for a Temporary Restraining Order 10 , it is hereby ORDERED that the parties shall appear for a hearing on the motion on April 15, 2025 at 2:00 p.m. in Courtroom 21. It is further ORDERED that Plaintiff shall serve Defendants with a copy of this Order immediately upon receipt to ensure that counsel for Defendants has sufficient notice to appear at the hearing.

The court will provide access for the public to telephonically attend the hearing. The hearing can be accessed by dialing the Toll Free Number: 833–990–9400 (Meeting ID: 715234770). It is hereby ORDERED that the attendees using the public access telephone line shall adhere to the following: persons remotely accessing court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting any court proceedings (including those held by telephone or videoconference). Violation of these prohibitions may result in sanctions, including removal of court–issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the presiding Judge. Signed by Judge Loren L. AliKhan on 04/14/2025. (lclla2) (Entered: 04/14/2025) |
| 04/14/2025 | 11 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Brad D. Brian, Filing fee $ 100, receipt number ADCDC–11615045. Fee Status: Fee Paid. by SUSMAN GODFREY LLP. (Attachments: # 1 Declaration of Brad D. Brian, # 2 Text of Proposed Order)(Verrilli, Donald) (Entered: 04/14/2025) |
| 04/14/2025 | 12 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Michael R. Doyen, Filing fee $ 100, receipt number ADCDC–11615053. Fee Status: Fee Paid. by |

| | | |
|---|---|---|
| | | SUSMAN GODFREY LLP. (Attachments: # 1 Declaration of Michael R. Doyen, # 2 Text of Proposed Order)(Verrilli, Donald) (Entered: 04/14/2025) |
| 04/14/2025 | 13 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Hailyn Chen, Filing fee $ 100, receipt number ADCDC–11615058. Fee Status: Fee Paid. by SUSMAN GODFREY LLP. (Attachments: # 1 Declaration of Hailyn Chen, # 2 Text of Proposed Order)(Verrilli, Donald) (Entered: 04/14/2025) |
| 04/14/2025 | | MINUTE ORDER: Upon consideration of Plaintiff's Motion for Admission Pro Hac Vice 11 , it is hereby ORDERED that the motion is GRANTED and BRAD D. BRIAN is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 4/14/2025. (lclla2) (Entered: 04/14/2025) |
| 04/14/2025 | | MINUTE ORDER: Upon consideration of Plaintiff's Motion for Admission Pro Hac Vice 12 , it is hereby ORDERED that the motion is GRANTED and MICHAEL R. DOYEN is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/14/2025. (lclla2) (Entered: 04/14/2025) |
| 04/14/2025 | | MINUTE ORDER: Upon consideration of Plaintiff's Motion for Admission Pro Hac Vice 13 , it is hereby ORDERED that the motion is GRANTED and HAILYN CHEN is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/14/2025. (lclla2) (Entered: 04/14/2025) |
| 04/15/2025 | 14 | NOTICE of Appearance by Richard Lawson on behalf of All Defendants (Lawson, Richard) (Entered: 04/15/2025) |
| 04/15/2025 | | Minute Entry for MOTION HEARING held on 4/15/2025 before Judge Loren L. AliKhan: The matter comes before the court for a Motion Hearing on Plaintiff's Motion 10 for a Temporary Restraining Order ("TRO"). Donald B. Verrilli, Jr., Brad D. Brian, Ginger D. Anders, and Jeremy Kreisberg present on behalf of Plaintiff. Richard Lawson present on behalf of Defendants. Oral arguments heard. For the reasons stated from the bench, the court grants Plaintiff's motion for a TRO and Defendants are enjoined from implementing sections one, three, and five of the Executive Order of April 9, 2025 entitled Addressing Risks from Susman Godfrey. Defendants shall file a status report by 5:00 p.m. on April 16, 2025 describing the steps taken to ensure compliance with the court's order, and the parties shall file a joint status report by 5:00 p.m. on April 16, 2025 setting forth a briefing schedule. The court declined to impose a bond under Fed. R. Civ. Proc Rule 65(c). Order to follow. (Court Reporter Jeffrey Hook)(mhp) (Entered: 04/15/2025) |
| 04/15/2025 | 15 | ORDER granting Plaintiff's Motion for Temporary Restraining Order 10 . See order for details. Signed by Judge Loren L. AliKhan on 04/15/2025. (lclla2) (Entered: 04/15/2025) |
| 04/15/2025 | 16 | NOTICE of Appearance by Brad Dennis Brian on behalf of SUSMAN GODFREY LLP (Brian, Brad) (Entered: 04/15/2025) |
| 04/15/2025 | 17 | NOTICE of Appearance by Michael R. Doyen on behalf of SUSMAN GODFREY LLP (Doyen, Michael) (Entered: 04/15/2025) |

| 04/15/2025 | 18 | NOTICE of Appearance by Hailyn Jennifer Chen on behalf of SUSMAN GODFREY LLP (Chen, Hailyn) (Entered: 04/15/2025) |
|---|---|---|
| 04/16/2025 | 19 | TRANSCRIPT OF MOTION HEARING before Judge Loren L. AliKhan held on April 15, 2025. Page Numbers: 1 – 74. Date of Issuance: April 16, 2025. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/7/2025. Redacted Transcript Deadline set for 5/17/2025. Release of Transcript Restriction set for 7/15/2025.(Hook, Jeff) (Entered: 04/16/2025) |
| 04/16/2025 | 20 | ENTERED IN ERROR.....MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Bethany W. Kristovich, Filing fee $ 100, receipt number ADCDC–11620474. Fee Status: Fee Paid. by SUSMAN GODFREY LLP. (Attachments: # 1 Declaration of Bethany W. Kristovich, # 2 Text of Proposed Order)(Kristovich, Bethany) Modified on 4/16/2025 (znmw). (Entered: 04/16/2025) |
| 04/16/2025 | 21 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Adam Benjamin Weiss, Filing fee $ 100, receipt number ADCDC–11620732. Fee Status: Fee Paid. by SUSMAN GODFREY LLP. (Attachments: # 1 Declaration of Adam B. Weiss, # 2 Text of Proposed Order)(Verrilli, Donald) (Entered: 04/16/2025) |
| 04/16/2025 | 22 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jennifer L. Bryant, Filing fee $ 100, receipt number ADCDC–11620754. Fee Status: Fee Paid. by SUSMAN GODFREY LLP. (Attachments: # 1 Declaration of Jennifer L. Bryant, # 2 Text of Proposed Order)(Verrilli, Donald) (Entered: 04/16/2025) |
| 04/16/2025 | 23 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– William McLeese Orr, Filing fee $ 100, receipt number ADCDC–11620804. Fee Status: Fee Paid. by SUSMAN GODFREY LLP. (Attachments: # 1 Declaration of William McLeese Orr, # 2 Text of Proposed Order)(Verrilli, Donald) (Entered: 04/16/2025) |
| 04/16/2025 | 24 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Miranda Elizabeth Rehaut, Filing fee $ 100, receipt number ADCDC–11620822. Fee Status: Fee Paid. by SUSMAN GODFREY LLP. (Attachments: # 1 Declaration of Miranda Elizabeth Rehaut, # 2 Text of Proposed Order)(Verrilli, Donald) (Entered: 04/16/2025) |
| 04/16/2025 | 25 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Juliana M. Yee, Filing fee $ 100, receipt number ADCDC–11620841. Fee Status: Fee Paid. by SUSMAN GODFREY LLP. (Attachments: # 1 Declaration of Juliana M. Yee, # 2 Text of Proposed Order)(Verrilli, Donald) (Entered: 04/16/2025) |
| 04/16/2025 | 26 | |

| | | |
|---|---|---|
| | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Shannon Colleen Galvin Aminirad, Filing fee $ 100, receipt number ADCDC–11620848. Fee Status: Fee Paid. by SUSMAN GODFREY LLP. (Attachments: # 1 Declaration of Shannon Colleen Galvin Aminirad, # 2 Text of Proposed Order)(Verrilli, Donald) (Entered: 04/16/2025) |
| 04/16/2025 | | NOTICE OF ERROR regarding 20 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Bethany W. Kristovich. The following error(s) need correction: Invalid attorney signature– signature on document must match PACER login. Please refile. (znmw) (Entered: 04/16/2025) |
| 04/16/2025 | 27 | Joint STATUS REPORT by SUSMAN GODFREY LLP. (Attachments: # 1 Text of Proposed Order)(Verrilli, Donald) (Entered: 04/16/2025) |
| 04/16/2025 | 28 | STATUS REPORT by SCOTT BESSENT, PAMELA J. BONDI, DOUG BURGUM, CENTRAL INTELLIGENCE AGENCY, LORI CHAVEZ–DEREMER, DOUGLAS A. COLLINS, DEPARTMENT OF AGRICULTURE, DEPARTMENT OF COMMERCE, DEPARTMENT OF ENERGY, DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, DEPARTMENT OF LABOR, DEPARTMENT OF STATE, DEPARTMENT OF THE INTERIOR, DEPARTMENT OF THE TREASURY, DEPARTMENT OF TRANSPORTATION, SEAN DUFFY, ENVIRONMENTAL PROTECTION AGENCY, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, EXECUTIVE OFFICE OF THE PRESIDENT, FEDERAL TRADE COMMISSION, ANDREW N. FERGUSON, TULSI GABBARD, JAMIESON GREER, PETER B. HEGSETH, AMY A. KARPEL, ROBERT F. KENNEDY, JR, KELLY LOEFFLER, ANDREA R. LUCAS, HOWARD LUTNICK, LINDA M. MCMAHON, KRISTI NOEM, OFFICE OF MANAGEMENT AND BUDGET, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, JOHN L. RATCLIFFE, BROOKE L. ROLLINS, MARCO RUBIO, SECURITIES AND EXCHANGE COMMISSION, SMALL BUSINESS ADMINISTRATION, COKE MORGAN STEWART, SCOTT TURNER, U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF EDUCATION, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, U.S. DEPARTMENT OF JUSTICE, U.S. DEPARTMENT OF VETERANS AFFAIRS, UNITED STATES INTERNATIONAL TRADE COMMISSION, UNITED STATES OF AMERICA, UNITED STATES PATENT AND TRADEMARK OFFICE, MARK T. UYEDA, RUSSELL T. VOUGHT, CHRIS WRIGHT, LEE M. ZELDIN. (Attachments: # 1 Attachment)(Lawson, Richard) (Entered: 04/16/2025) |
| 04/16/2025 | 29 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Bethany W. Kristovich, Filing fee $ 100, receipt number ADCDC–11621737. Fee Status: Fee Paid. by SUSMAN GODFREY LLP. (Attachments: # 1 Declaration of Bethany W. Kristovich, # 2 Text of Proposed Order)(Verrilli, Donald) (Entered: 04/16/2025) |
| 04/16/2025 | 30 | ORDER extending duration of temporary restraining order 15 and setting briefing schedule. See order for details. Signed by Judge Loren L. AliKhan on 04/16/2025. (lclla2) (Entered: 04/16/2025) |
| 04/17/2025 | | MINUTE ORDER: Upon consideration of Plaintiff's Motion for Admission Pro Hac Vice 21 , it is hereby ORDERED that the motion is GRANTED and BENJAMIN WEISS is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/17/2025. |

| | | |
|---|---|---|
| | | (lclla2) (Entered: 04/17/2025) |
| 04/17/2025 | | MINUTE ORDER: Upon consideration of Plaintiff's Motion for Admission Pro Hac Vice 22 , it is hereby ORDERED that the motion is GRANTED and JENNIFER L. BRYANT is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/17/2025. (lclla2) (Entered: 04/17/2025) |
| 04/17/2025 | | MINUTE ORDER: Upon consideration of Plaintiff's Motion for Admission Pro Hac Vice 23 , it is hereby ORDERED that the motion is GRANTED and WILLIAM MCLEESE ORR is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/17/2025. (lclla2) (Entered: 04/17/2025) |
| 04/17/2025 | | MINUTE ORDER: Upon consideration of Plaintiff's Motion for Admission Pro Hac Vice 24 , it is hereby ORDERED that the motion is GRANTED and MIRANDA ELIZABETH REHAUT is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/17/2025. (lclla2) (Entered: 04/17/2025) |
| 04/17/2025 | | MINUTE ORDER: Upon consideration of Plaintiff's Motion for Admission Pro Hac Vice 25 , it is hereby ORDERED that the motion is GRANTED and JULIANA M. YEE is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/17/2025. (lclla2) (Entered: 04/17/2025) |
| 04/17/2025 | | MINUTE ORDER: Upon consideration of Plaintiff's Motion for Admission Pro Hac Vice 26 , it is hereby ORDERED that the motion is GRANTED and SHANNON COLLEEN GALVIN AMINIRAD is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/17/2025. (lclla2) (Entered: 04/17/2025) |
| 04/17/2025 | | MINUTE ORDER: Upon consideration of Plaintiff's Motion for Admission Pro Hac Vice 29 , it is hereby ORDERED that the motion is GRANTED and BETHANY W. KRISTOVICH is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/17/2025. (lclla2) (Entered: 04/17/2025) |
| 04/18/2025 | 31 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Andrew G. Pappas, Filing fee $ 100, receipt number ADCDC–11628455. Fee Status: Fee Paid. by GENERAL COUNSEL AMICI. (Attachments: # 1 Declaration Declaration of Andrew G. Pappas)(Marshall, Austin) Modified filer on 4/22/2025 (znmw). (Entered: 04/18/2025) |
| 04/18/2025 | 32 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– David B. Rosenbaum, Filing fee $ 100, receipt number ADCDC–11628585. Fee Status: Fee Paid. by GENERAL COUNSEL AMICI. (Attachments: # 1 Declaration Declaration of David B. Rosenbaum)(Marshall, Austin) Modified filer on 4/22/2025 (znmw). (Entered: 04/18/2025) |

| 04/18/2025 | 33 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Eric M. Fraser, Filing fee $ 100, receipt number ADCDC–11628592. Fee Status: Fee Paid. by GENERAL COUNSEL AMICI. (Attachments: # 1 Declaration Declaration of Eric M. Fraser)(Marshall, Austin) Modified filer on 4/22/2025 (znmw). (Entered: 04/18/2025) |
|---|---|---|
| 04/18/2025 | 34 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Joshua J. Messer, Filing fee $ 100, receipt number ADCDC–11628608. Fee Status: Fee Paid. by GENERAL COUNSEL AMICI. (Attachments: # 1 Declaration Declaration of Joshua J. Messer)(Marshall, Austin) Modified filer on 4/22/2025 (znmw). (Entered: 04/18/2025) |
| 04/21/2025 | 35 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Joseph N. Roth, Filing fee $ 100, receipt number ADCDC–11632265. Fee Status: Fee Paid. by GENERAL COUNSEL AMICI. (Attachments: # 1 Declaration Declaration of Joseph N. Roth)(Marshall, Austin) Modified filer on 4/22/2025 (znmw). (Entered: 04/21/2025) |
| 04/21/2025 | 36 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Mary R. O'Grady, Filing fee $ 100, receipt number ADCDC–11632290. Fee Status: Fee Paid. GENERAL COUNSEL AMICI. (Attachments: # 1 Declaration Declaration of Mary R. O'Grady)(Marshall, Austin) Modified filer on 4/22/2025 (znmw). (Entered: 04/21/2025) |
| 04/21/2025 | | MINUTE ORDER: Upon consideration of General Counsel Amici's Motion for Admission Pro Hac Vice 31 , it is hereby ORDERED that the motion is GRANTED and ANDREW G. PAPPAS is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/21/2025. (lclla2) Modified on 4/25/2025 (mhp) (Entered: 04/21/2025) |
| 04/21/2025 | | MINUTE ORDER: Upon consideration of General Counsel Amici's Motion for Admission Pro Hac Vice 32 , it is hereby ORDERED that the motion is GRANTED and DAVID B. ROSENBAUM is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/21/2025. (lclla2) Modified on 4/25/2025 (mhp) (Entered: 04/21/2025) |
| 04/21/2025 | | MINUTE ORDER: Upon consideration of General Counsel Amici's Motion for Admission Pro Hac Vice 33 , it is hereby ORDERED that the motion is GRANTED and ERIC M. FRASER is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/21/2025. (lclla2) Modified on 4/25/2025 (mhp) (Entered: 04/21/2025) |
| 04/21/2025 | | MINUTE ORDER: Upon consideration of General Counsel Amici's Motion for Admission Pro Hac Vice 34 , it is hereby ORDERED that the motion is GRANTED and JOSHUA J. MESSER is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/21/2025. (lclla2) Modified on 4/25/2025 (mhp) (Entered: 04/21/2025) |
| 04/21/2025 | | MINUTE ORDER: Upon consideration of General Counsel Amici's Motion for Admission Pro Hac Vice 35 , it is hereby ORDERED that the motion is GRANTED and JOSEPH N. ROTH is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan |

| | | |
|---|---|---|
| | | on 04/21/2025. (lclla2) Modified on 4/25/2025 (mhp) (Entered: 04/21/2025) |
| 04/21/2025 | | MINUTE ORDER: Upon consideration of General Counsel Amici's Motion for Admission Pro Hac Vice 36 , it is hereby ORDERED that the motion is GRANTED and MARY R. O'GRADY is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/21/2025. (lclla2) Modified on 4/25/2025 (mhp) (Entered: 04/21/2025) |
| 04/21/2025 | 37 | NOTICE of Appearance by David B. Rosenbaum on behalf of GENERAL COUNSEL AMICI (Rosenbaum, David) (Entered: 04/21/2025) |
| 04/21/2025 | 38 | NOTICE of Appearance by Joseph N. Roth on behalf of GENERAL COUNSEL AMICI (Roth, Joseph) (Entered: 04/21/2025) |
| 04/21/2025 | 39 | NOTICE of Appearance by Joshua James Messer on behalf of GENERAL COUNSEL AMICI (Messer, Joshua) (Entered: 04/21/2025) |
| 04/21/2025 | 40 | NOTICE of Appearance by Eric M. Fraser on behalf of GENERAL COUNSEL AMICI (Fraser, Eric) (Entered: 04/21/2025) |
| 04/21/2025 | 41 | NOTICE of Appearance by Mary Ruth O'Grady on behalf of GENERAL COUNSEL AMICI (O'Grady, Mary) (Entered: 04/21/2025) |
| 04/21/2025 | 42 | NOTICE of Appearance by Bethany Woodard Kristovich on behalf of SUSMAN GODFREY LLP (Kristovich, Bethany) (Entered: 04/21/2025) |
| 04/21/2025 | 43 | NOTICE of Appearance by Adam Weiss on behalf of SUSMAN GODFREY LLP (Weiss, Adam) (Entered: 04/21/2025) |
| 04/21/2025 | 44 | NOTICE of Appearance by Jennifer Bryant on behalf of SUSMAN GODFREY LLP (Bryant, Jennifer) (Entered: 04/21/2025) |
| 04/21/2025 | 45 | NOTICE of Appearance by Juliana Yee on behalf of SUSMAN GODFREY LLP (Yee, Juliana) (Entered: 04/21/2025) |
| 04/21/2025 | 46 | NOTICE of Appearance by Shannon Galvin Aminirad on behalf of SUSMAN GODFREY LLP (Aminirad, Shannon) (Entered: 04/21/2025) |
| 04/21/2025 | 47 | NOTICE of Appearance by William Orr on behalf of SUSMAN GODFREY LLP (Orr, William) (Entered: 04/21/2025) |
| 04/21/2025 | 48 | NOTICE of Appearance by Miranda E. Rehaut on behalf of SUSMAN GODFREY LLP (Rehaut, Miranda) (Entered: 04/21/2025) |
| 04/22/2025 | 49 | NOTICE of Appearance by Andrew George Pappas on behalf of GENERAL COUNSEL AMICI (Pappas, Andrew) (Entered: 04/22/2025) |
| 04/23/2025 | 50 | NOTICE of Appearance by Aderson Bellegarde Francois on behalf of LAWYERS DEFENDING AMERICAN DEMOCRACY, INC (Francois, Aderson) (Main Document 50 replaced on 4/24/2025) (znmw). (Entered: 04/23/2025) |
| 04/23/2025 | 51 | MOTION for Summary Judgment *and Declaratory and Permanent Injunctive Relief* by SUSMAN GODFREY LLP. (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Declaration Srinivasan, # 4 Declaration Hirshon, # 5 Declaration Anders, # 6 Exhibit 1, # 7 Exhibit 2, # 8 Exhibit 3, # 9 Exhibit 4, # 10 Exhibit 5, # 11 Exhibit 6, # 12 Exhibit 7, # 13 Exhibit 8, # 14 Exhibit 9, # 15 Exhibit |

| | | |
|---|---|---|
| | | 10, # 16 Exhibit 11, # 17 Exhibit 12, # 18 Exhibit 13, # 19 Exhibit 14, # 20 Exhibit 15, # 21 Exhibit 16, # 22 Exhibit 17, # 23 Exhibit 18, # 24 Exhibit 19, # 25 Exhibit 20, # 26 Exhibit 21, # 27 Exhibit 22, # 28 Exhibit 23, # 29 Exhibit 24, # 30 Exhibit 25, # 31 Exhibit 26, # 32 Exhibit 27, # 33 Exhibit 28, # 34 Exhibit 29, # 35 Exhibit 30, # 36 Exhibit 31, # 37 Exhibit 32, # 38 Exhibit 33, # 39 Exhibit 34, # 40 Exhibit 35, # 41 Exhibit 36, # 42 Exhibit 37, # 43 Exhibit 38, # 44 Exhibit 39, # 45 Exhibit 40, # 46 Exhibit 41, # 47 Exhibit 42, # 48 Exhibit 43, # 49 Exhibit 44, # 50 Exhibit 45, # 51 Exhibit 46, # 52 Exhibit 47, # 53 Exhibit 48, # 54 Exhibit 49, # 55 Exhibit 50, # 56 Exhibit 51, # 57 Exhibit 52, # 58 Exhibit 53, # 59 Exhibit 54, # 60 Exhibit 55, # 61 Exhibit 56, # 62 Exhibit 57, # 63 Exhibit 58, # 64 Exhibit 59, # 65 Exhibit 60, # 66 Exhibit 61, # 67 Exhibit 62, # 68 Exhibit 63, # 69 Exhibit 64, # 70 Exhibit 65, # 71 Text of Proposed Order)(Verrilli, Donald). Added MOTION for Declaratory Judgment, MOTION for Permanent Injunction on 4/24/2025 (znmw). (Entered: 04/23/2025) |
| 04/23/2025 | 52 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Eric R. Olson, Filing fee $ 100, receipt number ADCDC–11639595. Fee Status: Fee Paid. by Law Firm Partners United. (Attachments: # 1 Declaration)(Citron, Eric) (Entered: 04/23/2025) |
| 04/23/2025 | 53 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Sean C. Grimsley, Filing fee $ 100, receipt number ADCDC–11639597. Fee Status: Fee Paid. by Law Firm Partners United. (Attachments: # 1 Declaration)(Citron, Eric) (Entered: 04/23/2025) |
| 04/23/2025 | 54 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kenzo Kawanabe, Filing fee $ 100, receipt number ADCDC–11639603. Fee Status: Fee Paid. by Law Firm Partners United. (Attachments: # 1 Declaration)(Citron, Eric) (Entered: 04/23/2025) |
| 04/23/2025 | 55 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Abigail Hinchcliff, Filing fee $ 100, receipt number ADCDC–11639620. Fee Status: Fee Paid. by Law Firm Partners United. (Attachments: # 1 Declaration)(Citron, Eric) (Entered: 04/23/2025) |
| 04/23/2025 | 56 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jason Murray, Filing fee $ 100, receipt number ADCDC–11639623. Fee Status: Fee Paid. by Law Firm Partners United. (Attachments: # 1 Declaration)(Citron, Eric) (Entered: 04/23/2025) |
| 04/23/2025 | 57 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Bianca Miyata, Filing fee $ 100, receipt number ADCDC–11639627. Fee Status: Fee Paid. by Law Firm Partners United. (Attachments: # 1 Declaration)(Citron, Eric) (Entered: 04/23/2025) |
| 04/23/2025 | 58 | MOTION to Dismiss by SCOTT BESSENT, PAMELA J. BONDI, DOUG BURGUM, CENTRAL INTELLIGENCE AGENCY, LORI CHAVEZ–DEREMER, DOUGLAS A. COLLINS, DEPARTMENT OF AGRICULTURE, DEPARTMENT OF COMMERCE, DEPARTMENT OF ENERGY, DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, DEPARTMENT OF LABOR, DEPARTMENT OF STATE, DEPARTMENT OF THE INTERIOR, DEPARTMENT OF THE TREASURY, DEPARTMENT OF TRANSPORTATION, SEAN DUFFY, ENVIRONMENTAL PROTECTION AGENCY, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, EXECUTIVE OFFICE OF THE PRESIDENT, FEDERAL TRADE COMMISSION, ANDREW N. FERGUSON, TULSI GABBARD, JAMIESON GREER, PETER B. HEGSETH, AMY A. KARPEL, ROBERT F. KENNEDY, JR, |

| | | |
|---|---|---|
| | | KELLY LOEFFLER, ANDREA R. LUCAS, HOWARD LUTNICK, LINDA M. MCMAHON, KRISTI NOEM, OFFICE OF MANAGEMENT AND BUDGET, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, JOHN L. RATCLIFFE, BROOKE L. ROLLINS, MARCO RUBIO, SECURITIES AND EXCHANGE COMMISSION, SMALL BUSINESS ADMINISTRATION, COKE MORGAN STEWART, SCOTT TURNER, U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF EDUCATION, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, U.S. DEPARTMENT OF JUSTICE, U.S. DEPARTMENT OF VETERANS AFFAIRS, UNITED STATES INTERNATIONAL TRADE COMMISSION, UNITED STATES OF AMERICA, UNITED STATES PATENT AND TRADEMARK OFFICE, MARK T. UYEDA, RUSSELL T. VOUGHT, CHRIS WRIGHT, LEE M. ZELDIN. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Lawson, Richard) (Entered: 04/23/2025) |
| 04/23/2025 | 59 | Unopposed MOTION for Leave to File Amicus Brief by AMICI CURIAE 775 LAW PROFESSORS. (Attachments: # 1 Exhibit Amici Brief, # 2 Text of Proposed Order)(Malone, Phillip) (Entered: 04/23/2025) |
| 04/23/2025 | 60 | NOTICE of Appearance by Phillip Robert Malone on behalf of AMICI CURIAE 775 LAW PROFESSORS (Malone, Phillip) (Entered: 04/23/2025) |
| 04/24/2025 | 61 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– David Zimmer, Filing fee $ 100, receipt number ADCDC–11640005. Fee Status: Fee Paid. by Law Firm Partners United. (Citron, Eric) (Entered: 04/24/2025) |
| 04/24/2025 | 62 | Unopposed MOTION for Leave to File Amicus Brief by LAWYERS DEFENDING AMERICAN DEMOCRACY, INC. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Francois, Aderson) (Entered: 04/24/2025) |
| 04/24/2025 | | MINUTE ORDER: Upon consideration of Law Firm Partners United's Motion for Admission Pro Hac Vice 52 , it is hereby ORDERED that the motion is GRANTED and ERIC R. OLSON is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/24/2025. (lclla2) Modified on 4/25/2025 (mhp) (Entered: 04/24/2025) |
| 04/24/2025 | | MINUTE ORDER: Upon consideration of Law Firm Partners United's Motion for Admission Pro Hac Vice 53 , it is hereby ORDERED that the motion is GRANTED and SEAN C. GRIMSLEY is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/24/2025. (lclla2) Modified on 4/25/2025 (mhp) (Entered: 04/24/2025) |
| 04/24/2025 | | MINUTE ORDER: Upon consideration of Law Firm Partners United's Motion for Admission Pro Hac Vice 54 , it is hereby ORDERED that the motion is GRANTED and KENZO KAWANABE is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/24/2025. (lclla2) Modified on 4/25/2025 (mhp) (Entered: 04/24/2025) |
| 04/24/2025 | | MINUTE ORDER: Upon consideration of Law Firm Partners United's Motion for Admission Pro Hac Vice 55 , it is hereby ORDERED that the motion is GRANTED and ABIGAIL HINCHCLIFF is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance** |

| | | |
|---|---|---|
| | | **pursuant to Local Civ. R. 83.6(a).** **Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/24/2025. (lclla2) Modified on 4/25/2025 (mhp) (Entered: 04/24/2025) |
| 04/24/2025 | | MINUTE ORDER: Upon consideration of Law Firm Partners United's Motion for Admission Pro Hac Vice <u>56</u> , it is hereby ORDERED that the motion is GRANTED and JASON MURRAY is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a).** **Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/24/2025. (lclla2) Modified on 4/25/2025 (mhp) (Entered: 04/24/2025) |
| 04/24/2025 | | MINUTE ORDER: Upon consideration of Law Firm Partners United's Motion for Admission Pro Hac Vice <u>57</u> , it is hereby ORDERED that the motion is GRANTED and BIANCA MIYATA is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a).** **Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/24/2025. (lclla2) Modified on 4/25/2025 (mhp) (Entered: 04/24/2025) |
| 04/24/2025 | | MINUTE ORDER: Upon consideration of Law Firm Partners United's Motion for Admission Pro Hac Vice <u>61</u> , it is hereby ORDERED that the motion is GRANTED and DAVID ZIMMER is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a).** **Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/24/2025. (lclla2) Modified on 4/25/2025 (mhp) (Entered: 04/24/2025) |
| 04/24/2025 | | MINUTE ORDER: Upon consideration of 775 Law Professors' Unopposed Motion for Leave to File an Amicus Brief <u>59</u> , it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [59–1] as 775 Law Professors' amicus brief. Signed by Judge Loren L. AliKhan on 04/24/2025. (lclla2) (Entered: 04/24/2025) |
| 04/24/2025 | | MINUTE ORDER: Upon consideration of Lawyers Defending American Democracy, Inc.'s Unopposed Motion for Leave to File an Amicus Brief <u>62</u> , it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [62–1] as Lawyers Defending American Democracy, Inc.'s amicus brief. Signed by Judge Loren L. AliKhan on 04/24/2025. (lclla2) (Entered: 04/24/2025) |
| 04/24/2025 | <u>63</u> | NOTICE of Appearance by Stephen Craig Leckar on behalf of AARON H. CAPLAN (Leckar, Stephen) (Entered: 04/24/2025) |
| 04/24/2025 | <u>64</u> | MOTION for Leave to File Amicus Brief*Uncontested Motion for Leave to File Amicus Brief* by AARON H. CAPLAN. (Attachments: # <u>1</u> Exhibit Amicus Brief of Professor Aaron H. Caplan Regarding Attainder, # <u>2</u> Text of Proposed Order)(Leckar, Stephen) (Entered: 04/24/2025) |
| 04/24/2025 | <u>65</u> | AMICUS BRIEF by 775 LAW PROFESSORS. (mg) (Entered: 04/24/2025) |
| 04/24/2025 | <u>66</u> | AMICUS BRIEF by LAWYERS DEFENDING AMERICAN DEMOCRACY, INC. (mg) (Entered: 04/24/2025) |
| 04/24/2025 | <u>67</u> | NOTICE of Appearance by Eric R. Olson on behalf of LAW FIRM PARTNERS UNITED (Olson, Eric) (Entered: 04/24/2025) |
| 04/24/2025 | <u>68</u> | NOTICE of Appearance by Sean C. Grimsley on behalf of LAW FIRM PARTNERS UNITED (Grimsley, Sean) (Entered: 04/24/2025) |
| 04/24/2025 | <u>69</u> | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Abigail Moss Hinchcliff on behalf of LAW FIRM PARTNERS UNITED (Hinchcliff, Abigail) (Entered: 04/24/2025) |
| 04/24/2025 | 70 | NOTICE of Appearance by Jason C. Murray on behalf of LAW FIRM PARTNERS UNITED (Murray, Jason) (Entered: 04/24/2025) |
| 04/24/2025 | | MINUTE ORDER: Upon consideration of Professor Aaron H. Caplan's Uncontested Motion for Leave to File an Amicus Brief 64, it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [64−1] as Professor Aaron H. Caplan's amicus brief. Signed by Judge Loren L. AliKhan on 04/24/2025. (lclla2) (Entered: 04/24/2025) |
| 04/24/2025 | 71 | NOTICE of Appearance by Cristina Sepe on behalf of STATE OF WASHINGTON (Sepe, Cristina) (Entered: 04/24/2025) |
| 04/24/2025 | 72 | AMICUS BRIEF *(Multi State)* by STATE OF WASHINGTON. (Sepe, Cristina) (Entered: 04/24/2025) |
| 04/24/2025 | 73 | AMICUS BRIEF by AARON H. CAPLAN. (mg) (Entered: 04/24/2025) |
| 04/24/2025 | 74 | NOTICE of Appearance by Benjamin Waldin on behalf of AMICUS LAW FIRMS (Waldin, Benjamin) (Entered: 04/24/2025) |
| 04/24/2025 | 75 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Nathan P. Eimer, Filing fee $ 100, receipt number ADCDC−11642516. Fee Status: Fee Paid. by AMICUS LAW FIRMS. (Attachments: # 1 Exhibit A (Declaration), # 2 Text of Proposed Order)(Waldin, Benjamin) (Entered: 04/24/2025) |
| 04/24/2025 | 76 | Unopposed MOTION for Leave to File Amicus Brief *in Support of Plaintiff Susman Godfrey LLP's Motion for Summary Judgment* by GENERAL COUNSEL AMICI. (Attachments: # 1 Exhibit Brief of Amici Curiae, # 2 Text of Proposed Order)(Rosenbaum, David) (Entered: 04/24/2025) |
| 04/24/2025 | 77 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− JACQUELINE R. SCOTT, Filing fee $ 100, receipt number ADCDC−11642538. Fee Status: Fee Paid. by INSTITUTE FOR THE RULE OF LAW OF THE UNION INTERNATIONALE DES AVOCATS. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Mugmon, Sarah) (Entered: 04/24/2025) |
| 04/24/2025 | 78 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− JEROME C. ROTH, Filing fee $ 100, receipt number ADCDC−11642641. Fee Status: Fee Paid. by INSTITUTE FOR THE RULE OF LAW OF THE UNION INTERNATIONALE DES AVOCATS. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Mugmon, Sarah) (Entered: 04/24/2025) |
| 04/24/2025 | 79 | NOTICE of Appearance by Kenzo Kawanabe on behalf of LAW FIRM PARTNERS UNITED (Kawanabe, Kenzo) (Entered: 04/24/2025) |
| 04/24/2025 | 80 | NOTICE of Appearance by Bianca Miyata on behalf of LAW FIRM PARTNERS UNITED (Miyata, Bianca) (Entered: 04/24/2025) |
| 04/24/2025 | 81 | NOTICE of Appearance by Jim Davy on behalf of FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY (Attachments: # 1 Supplement full list of amici represented by Jim Davy)(Davy, Jim) (Entered: 04/24/2025) |
| 04/24/2025 | 82 | Unopposed MOTION for Leave to File Amicus Brief by FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY. (Attachments: # 1 Exhibit Proposed Amicus |

| | | |
|---|---|---|
| | | Brief)(Davy, Jim) (Entered: 04/24/2025) |
| 04/24/2025 | | MINUTE ORDER: Upon consideration of Amicus Law Firms' Motion for Admission Pro Hac Vice 75 , it is hereby ORDERED that the motion is GRANTED and NATHAN P. EIMER is granted leave to appear pro hac vice in this case. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a).** **Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/24/2025. (lclla2) (Entered: 04/24/2025) |
| 04/24/2025 | | MINUTE ORDER: Upon consideration of the General Counsel Amici's Unopposed Motion for Leave to File an Amicus Brief 76 , it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [76−1] as the General Counsel Amici's amicus brief. Signed by Judge Loren L. AliKhan on 04/24/2025. (lclla2) (Entered: 04/24/2025) |
| 04/24/2025 | | MINUTE ORDER: Upon consideration of the Institute for the Rule of Law of the Union Internationale des Avocats' Motion for Admission Pro Hac Vice 77 , it is hereby ORDERED that the motion is DENIED because it seeks the admission of Jerome C. Roth, not Jacqueline R. Scott. Signed by Judge Loren L. AliKhan on 04/24/2025. (lclla2) (Entered: 04/24/2025) |
| 04/24/2025 | | MINUTE ORDER: Upon consideration of the Institute for the Rule of Law of the Union Internationale des Avocats' Motion for Admission Pro Hac Vice 78 , it is hereby ORDERED that the motion is GRANTED and JEROME C. ROTH is granted leave to appear pro hac vice in this case. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a).** **Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/24/2025. (lclla2) (Entered: 04/24/2025) |
| 04/24/2025 | | MINUTE ORDER: Upon consideration of Fred T. Korematsu Center for Law and Equality's Unopposed Motion for Leave to File an Amicus Brief 82 , it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [82−1] as Fred T. Korematsu Center for Law and Equality's amicus brief. Signed by Judge Loren L. AliKhan on 04/24/2025. (lclla2) (Entered: 04/24/2025) |
| 04/24/2025 | 113 | AMICUS BRIEF by GENERAL COUNSEL AMICI. (mg) (Entered: 04/28/2025) |
| 04/24/2025 | 114 | AMICUS BRIEF by FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY. (mg) (Entered: 04/28/2025) |
| 04/25/2025 | 83 | NOTICE of Appearance by David Zimmer on behalf of LAW FIRM PARTNERS UNITED (Zimmer, David) (Entered: 04/25/2025) |
| 04/25/2025 | 84 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− JACQUELINE R. SCOTT, Filing fee $ 100, receipt number ADCDC−11643749. Fee Status: Fee Paid. by INSTITUTE FOR THE RULE OF LAW OF THE UNION INTERNATIONALE DES AVOCATS. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Mugmon, Sarah) (Entered: 04/25/2025) |
| 04/25/2025 | 85 | NOTICE of Appearance by Sara E. Kropf on behalf of 366 FORMER JUDGES (Kropf, Sara) (Entered: 04/25/2025) |
| 04/25/2025 | 86 | Consent MOTION for Leave to File Amicus Brief by 366 FORMER JUDGES. (Attachments: # 1 Exhibit A (list of former judges), # 2 Exhibit B (amicus brief), # 3 Text of Proposed Order)(Kropf, Sara) (Entered: 04/25/2025) |

| 04/25/2025 | 87 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Donald Falk, Filing fee $ 100, receipt number ADCDC–11643799. Fee Status: Fee Paid. by 366 FORMER JUDGES. (Attachments: # 1 Declaration (by Donald Falk))(Kropf, Sara) (Entered: 04/25/2025) |
| --- | --- | --- |
| 04/25/2025 | | MINUTE ORDER: Upon consideration of the Institute for the Rule of Law of the Union Internationale des Avocats' Motion for Admission Pro Hac Vice 84 , it is hereby ORDERED that the motion is GRANTED and JACQUELINE R. SCOTT is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/25/2025. (lclla1) (Entered: 04/25/2025) |
| 04/25/2025 | 88 | Unopposed MOTION for Leave to File Amicus Brief by LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW AND LOCAL AFFILIATES. (Attachments: # 1 Exhibit Proposed Order, # 2 Exhibit Amicus Brief of Lawyers' Committee for Civil Rights Under Law and Local Affiliates)(Caspar, Edward) (Entered: 04/25/2025) |
| 04/25/2025 | 89 | NOTICE of Appearance by Nathan P. Eimer on behalf of AMICUS LAW FIRMS (Eimer, Nathan) (Entered: 04/25/2025) |
| 04/25/2025 | 90 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Adria Bonillas, Filing fee $ 100, receipt number ADCDC–11644608. Fee Status: Fee Paid. by LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW AND LOCAL AFFILIATES. (Attachments: # 1 Exhibit Declaration, # 2 Exhibit Certificate of Good Standing, # 3 Exhibit Proposed Order)(Caspar, Edward) (Entered: 04/25/2025) |
| 04/25/2025 | 91 | Unopposed MOTION for Leave to File Amicus Brief by PAST PRESIDENTS OF THE DC BAR. (Attachments: # 1 Exhibit Amici Brief, # 2 Appendix List of Amici, # 3 Text of Proposed Order)(Ferster, Andrea) (Entered: 04/25/2025) |
| 04/25/2025 | 92 | Unopposed MOTION for Leave to File Amicus Brief by LAW FIRM PARTNERS UNITED. (Attachments: # 1 Exhibit Amicus Brief, # 2 Text of Proposed Order)(Olson, Eric) (Entered: 04/25/2025) |
| 04/25/2025 | 93 | Unopposed MOTION for Leave to File Amicus Brief by NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.. (Attachments: # 1 Exhibit Brief of Amicus Curiae, # 2 Text of Proposed Order)(Spital, Samuel) (Entered: 04/25/2025) |
| 04/25/2025 | 94 | NOTICE of Appearance by William E. Zapf on behalf of 23 NONGOVERNMENTAL ORGANIZATIONS (Zapf, William) (Entered: 04/25/2025) |
| 04/25/2025 | 95 | MOTION for Leave to File Amicus Brief by 777 Solos & Smalls. (Attachments: # 1 Exhibit Amicus Brief)(Elefant, Carolyn) (Entered: 04/25/2025) |
| 04/25/2025 | 96 | NOTICE of Appearance by Carolyn Elefant on behalf of 777 Solos & Smalls (Elefant, Carolyn) (Entered: 04/25/2025) |
| 04/25/2025 | 97 | Unopposed MOTION for Leave to File Amicus Brief *in Support of Plaintiff's Motion for Summary Judgment and for Declaratory and Permanent Injunctive Relief* by 23 NONGOVERNMENTAL ORGANIZATIONS. (Attachments: # 1 Proposed Amicus Brief, # 2 Text of Proposed Order)(Zapf, William) (Entered: 04/25/2025) |
| 04/25/2025 | 98 | NOTICE of Appearance by Eric John Galvez Paredes on behalf of BAR ASSOCIATIONS (Paredes, Eric John) (Entered: 04/25/2025) |

| 04/25/2025 | 99 | NOTICE of Appearance by Hayden Johnson on behalf of BAR ASSOCIATIONS (Johnson, Hayden) (Entered: 04/25/2025) |
|---|---|---|
| 04/25/2025 | 100 | Unopposed MOTION for Leave to File Amicus Brief by AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION OF THE DISTRICT OF COLUMBIA, CATO INSTITUTE, CENTER FOR INDIVIDUAL RIGHTS, ELECTRONIC FRONTIER FOUNDATION, FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION, INSTITUTE FOR JUSTICE, KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY, NATIONAL COALITION AGAINST CENSORSHIP, REPORTERS COMMITTEE FOR THE FREEDOM OF THE PRESS, RUTHERFORD INSTITUTE, SOCIETY FOR THE RULE OF LAW INSTITUTE. (Attachments: # 1 Exhibit Amicus Brief, # 2 Text of Proposed Order)(Wang, Cecilia) (Entered: 04/25/2025) |
| 04/25/2025 | 101 | NOTICE of Appearance by Cecilia D. Wang on behalf of AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION OF THE DISTRICT OF COLUMBIA, CATO INSTITUTE, CENTER FOR INDIVIDUAL RIGHTS, ELECTRONIC FRONTIER FOUNDATION, FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION, INSTITUTE FOR JUSTICE, KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY, NATIONAL COALITION AGAINST CENSORSHIP, REPORTERS COMMITTEE FOR THE FREEDOM OF THE PRESS, RUTHERFORD INSTITUTE, SOCIETY FOR THE RULE OF LAW INSTITUTE (Wang, Cecilia) (Entered: 04/25/2025) |
| 04/25/2025 | 102 | Unopposed MOTION for Leave to File Amicus Brief by BAR ASSOCIATIONS. (Attachments: # 1 Exhibit – Amici Curiae Brief, # 2 Text of Proposed Order)(Johnson, Hayden) (Entered: 04/25/2025) |
| 04/25/2025 | 103 | Unopposed MOTION for Leave to File Amicus Brief by LEGAL ETHICS PROFESSORS. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Corkran, Kelsi) (Entered: 04/25/2025) |
| 04/25/2025 | 104 | NOTICE of Appearance by Kelsi B. Corkran on behalf of LEGAL ETHICS PROFESSORS (Corkran, Kelsi) (Entered: 04/25/2025) |
| 04/25/2025 | 105 | Unopposed MOTION for Leave to File Amicus Brief *of 884 Law Firms* by AMICUS LAW FIRMS. (Attachments: # 1 Exhibit 1 (Proposed Brief of Amicus Law Firms), # 2 Appendix A (List of Amicus Law Firms), # 3 Text of Proposed Order)(Eimer, Nathan) (Entered: 04/25/2025) |
| 04/25/2025 | 106 | Unopposed MOTION for Leave to File Amicus Brief by FORMER SENIOR GOVERNMENT OFFICIALS. (Attachments: # 1 Exhibit – Proposed Brief of Former Senior Government Officials as Amici Curiae in Support of Plaintiff's Motion for Summary Judgment, # 2 Appendix – List of Amici Curiae, # 3 Text of Proposed Order)(Jeffress, Amy) (Entered: 04/25/2025) |
| 04/25/2025 | 107 | NOTICE of Appearance by Amy Jeffress on behalf of FORMER SENIOR GOVERNMENT OFFICIALS (Jeffress, Amy) (Entered: 04/25/2025) |
| 04/25/2025 | 108 | NOTICE of Appearance by Joshua Adam Matz on behalf of FORMER SENIOR GOVERNMENT OFFICIALS (Matz, Joshua) (Entered: 04/25/2025) |
| 04/25/2025 | 109 | NOTICE of Appearance by Carmen Iguina Gonzalez on behalf of FORMER SENIOR GOVERNMENT OFFICIALS (Iguina Gonzalez, Carmen) (Entered: 04/25/2025) |
| 04/25/2025 | 110 | |

| | | NOTICE of Appearance by Michael Ferrara on behalf of FORMER SENIOR GOVERNMENT OFFICIALS (Ferrara, Michael) (Entered: 04/25/2025) |
|---|---|---|
| 04/25/2025 | 111 | Unopposed MOTION for Leave to File Amicus Brief by LITIGATION FIRMS. (Attachments: # 1 Exhibit – Brief of Amici Curiae Litigation Firms in Support of Plaintiff's Motion for Summary Judgment & Declaratory & Permanent Injunctive Relief, # 2 Text of Proposed Order Granting Litigation Firms' Unopposed Motion for Leave to File Amici Brief)(Reilly, Kathryn) (Entered: 04/25/2025) |
| 04/25/2025 | 112 | NOTICE of Appearance by Kathryn A. Reilly on behalf of LITIGATION FIRMS (Reilly, Kathryn) (Entered: 04/25/2025) |
| 04/28/2025 | 115 | NOTICE of Appearance by Andrea C. Ferster on behalf of PAST PRESIDENTS OF THE DC BAR (Ferster, Andrea) (Main Document 115 replaced on 4/29/2025) (znmw). (Entered: 04/28/2025) |
| 04/28/2025 | 116 | NOTICE of Appearance by Jerry Roth on behalf of INSTITUTE FOR THE RULE OF LAW OF THE UNION INTERNATIONALE DES AVOCATS (Roth, Jerry) (Main Document 116 replaced on 4/29/2025) (znmw). (Entered: 04/28/2025) |
| 04/28/2025 | | MINUTE ORDER: Upon consideration of 366 Former Judges' Consent Motion for Leave to File an Amicus Brief 86 , it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [86–2] as the 366 Former Judges' amicus brief. Signed by Judge Loren L. AliKhan on 04/28/2025. (lclla1) (Entered: 04/28/2025) |
| 04/28/2025 | | MINUTE ORDER: Upon consideration of the 366 Former Judges' Motion for Admission Pro Hac Vice 87 , it is hereby ORDERED that the motion is GRANTED and DONALD FALK is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/28/2025. (lclla1) (Entered: 04/28/2025) |
| 04/28/2025 | | MINUTE ORDER: Upon consideration of the Lawyers' Committee for Civil Rights Under Law's Unopposed Motion for Leave to File an Amicus Brief 88 , it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [88–2] as the Lawyers' Committee for Civil Rights Under Law's amicus brief. Signed by Judge Loren L. AliKhan on 04/28/2025. (lclla1) (Entered: 04/28/2025) |
| 04/28/2025 | 117 | NOTICE of Appearance by Marshall Miller on behalf of FORMER SENIOR GOVERNMENT OFFICIALS (Miller, Marshall) (Entered: 04/28/2025) |
| 04/28/2025 | | MINUTE ORDER: Upon consideration of the Lawyers' Committee for Civil Rights Under Law's Motion for Admission Pro Hac Vice 90 , it is hereby ORDERED that the motion is GRANTED and ADRIA BONILLAS is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/28/2025. (lclla1) (Entered: 04/28/2025) |
| 04/28/2025 | | MINUTE ORDER: Upon consideration of the Past Presidents of the D.C. Bar's Unopposed Motion for Leave to File an Amicus Brief 91 , it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [91–1] as the Past Presidents of the D.C. Bar's amicus brief. Signed by Judge Loren L. AliKhan on 04/28/2025. (lclla1) (Entered: 04/28/2025) |
| 04/28/2025 | | |

| | |
|---|---|
| | MINUTE ORDER: Upon consideration of Law Firm Partners United's Unopposed Motion for Leave to File an Amicus Brief <u>92</u> , it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [92−1] as Law Firm Partners United's amicus brief. Signed by Judge Loren L. AliKhan on 04/28/2025. (lclla1) (Entered: 04/28/2025) |
| 04/28/2025 | MINUTE ORDER: Upon consideration of the NAACP Legal Defense & Educational Fund, Inc.'s Unopposed Motion for Leave to File an Amicus Brief <u>93</u> , it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [93−1] as the NAACP Legal Defense & Educational Fund, Inc.'s amicus brief. Signed by Judge Loren L. AliKhan on 04/28/2025. (lclla1) (Entered: 04/28/2025) |
| 04/28/2025 | MINUTE ORDER: Upon consideration of 777 Solos & Smalls' Unopposed Motion for Leave to File an Amicus Brief <u>95</u> , it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [95−1] as the 777 Solos & Smalls' amicus brief. Signed by Judge Loren L. AliKhan on 04/28/2025. (lclla1) (Entered: 04/28/2025) |
| 04/28/2025 | MINUTE ORDER: Upon consideration of the 23 Nongovernmental Organizations' Unopposed Motion for Leave to File an Amicus Brief <u>97</u> , it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [97−1] as the 23 Nongovernmental Organizations' amicus brief. Signed by Judge Loren L. AliKhan on 04/28/2025. (lclla1) (Entered: 04/28/2025) |
| 04/28/2025 | MINUTE ORDER: Upon consideration of the American Civil Liberties Union, American Civil Liberties Union of the District of Columbia, Cato Institute, Center For Individual Rights, Electronic Frontier Foundation, Foundation for Individual Rights and Expression, Institute for Justice, Knight First Amendment Institute at Columbia University, National Coalition Against Censorship, Reporters Committee for the Freedom of the Press, Rutherford Institute, and Society for the Rule of Law Institute's Unopposed Motion for Leave to File an Amicus Brief <u>100</u> , it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [100−1] as the American Civil Liberties Union, American Civil Liberties Union of the District of Columbia, Cato Institute, Center For Individual Rights, Electronic Frontier Foundation, Foundation for Individual Rights and Expression, Institute for Justice, Knight First Amendment Institute at Columbia University, National Coalition Against Censorship, Reporters Committee for the Freedom of the Press, Rutherford Institute, and Society for the Rule of Law Institute's amicus brief. Signed by Judge Loren L. AliKhan on 04/28/2025. (lclla1) (Entered: 04/28/2025) |
| 04/28/2025 | MINUTE ORDER: Upon consideration of the Bar Associations' Unopposed Motion for Leave to File an Amicus Brief <u>102</u> , it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [102−1] as the Bar Associations' amicus brief. Signed by Judge Loren L. AliKhan on 04/28/2025. (lclla1) (Entered: 04/28/2025) |
| 04/28/2025 | MINUTE ORDER: Upon consideration of the Legal Ethics Professors' Unopposed Motion for Leave to File an Amicus Brief <u>103</u> , it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [103−1] as the Legal Ethics Professors' amicus brief. Signed by Judge Loren L. AliKhan on 04/28/2025. (lclla1) (Entered: 04/28/2025) |
| 04/28/2025 | MINUTE ORDER: Upon consideration of the 884 Law Firms' Unopposed Motion for Leave to File an Amicus Brief <u>105</u> , it is hereby ORDERED that the motion is |

| | | |
|---|---|---|
| | | GRANTED. The Clerk of Court shall docket [105−1] as the Amicus Law Firms' amicus brief. Signed by Judge Loren L. AliKhan on 04/28/2025. (lclla1) Modified on 4/30/2025 (mhp) (Entered: 04/28/2025) |
| 04/28/2025 | | MINUTE ORDER: Upon consideration of the Former Senior Government Officials' Unopposed Motion for Leave to File an Amicus Brief 106 , it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [106−1] as the Former Senior Government Officials' amicus brief. Signed by Judge Loren L. AliKhan on 04/28/2025. (lclla1) (Entered: 04/28/2025) |
| 04/28/2025 | | MINUTE ORDER: Upon consideration of the Litigation Firms' Unopposed Motion for Leave to File an Amicus Brief 111 , it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [111−1] as the Litigation Firms' amicus brief. Signed by Judge Loren L. AliKhan on 04/28/2025. (lclla1) (Entered: 04/28/2025) |
| 04/28/2025 | 118 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Sean Hecker, Filing fee $ 100, receipt number ADCDC−11650292. Fee Status: Fee Paid. by FORMER SENIOR GOVERNMENT OFFICIALS. (Attachments: # 1 Declaration of Sean Hecker, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Iguina Gonzalez, Carmen) (Entered: 04/28/2025) |
| 04/28/2025 | 119 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Julie E. Fink, Filing fee $ 100, receipt number ADCDC−11650296. Fee Status: Fee Paid. by FORMER SENIOR GOVERNMENT OFFICIALS. (Attachments: # 1 Declaration of Julie E. Fink, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Iguina Gonzalez, Carmen) (Entered: 04/28/2025) |
| 04/28/2025 | 120 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Shawn G. Crowley, Filing fee $ 100, receipt number ADCDC−11650297. Fee Status: Fee Paid. by FORMER SENIOR GOVERNMENT OFFICIALS. (Attachments: # 1 Declaration of Shawn G. Crowley, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Iguina Gonzalez, Carmen) (Entered: 04/28/2025) |
| 04/28/2025 | 121 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Kate L. Doniger, Filing fee $ 100, receipt number ADCDC−11650300. Fee Status: Fee Paid. by FORMER SENIOR GOVERNMENT OFFICIALS. (Attachments: # 1 Declaration of Kate L. Doniger, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Iguina Gonzalez, Carmen) (Entered: 04/28/2025) |
| 04/28/2025 | 122 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− David Gopstein, Filing fee $ 100, receipt number ADCDC−11650308. Fee Status: Fee Paid. by FORMER SENIOR GOVERNMENT OFFICIALS. (Attachments: # 1 Declaration of David Gopstein, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Iguina Gonzalez, Carmen) (Entered: 04/28/2025) |
| 04/28/2025 | 123 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− David Patton, Filing fee $ 100, receipt number ADCDC−11650309. Fee Status: Fee Paid. by FORMER SENIOR GOVERNMENT OFFICIALS. (Attachments: # 1 Declaration of David Patton, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Iguina Gonzalez, Carmen) (Entered: 04/28/2025) |
| 04/28/2025 | 124 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− John C. Quinn, Filing fee $ 100, receipt number ADCDC−11650313. Fee Status: Fee Paid. by FORMER SENIOR GOVERNMENT OFFICIALS. (Attachments: # 1 Declaration of John C. |

| | | |
|---|---|---|
| | | Quinn, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Iguina Gonzalez, Carmen) (Entered: 04/28/2025) |
| 04/28/2025 | 125 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Trisha Anderson, Filing fee $ 100, receipt number ADCDC–11650315. Fee Status: Fee Paid. by FORMER SENIOR GOVERNMENT OFFICIALS. (Attachments: # 1 Declaration of Trisha Anderson, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Iguina Gonzalez, Carmen) (Entered: 04/28/2025) |
| 04/28/2025 | 126 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Matthew J. Craig, Filing fee $ 100, receipt number ADCDC–11650319. Fee Status: Fee Paid. by FORMER SENIOR GOVERNMENT OFFICIALS. (Attachments: # 1 Declaration of Matthew J. Craig, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Iguina Gonzalez, Carmen) (Entered: 04/28/2025) |
| 04/28/2025 | 127 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Mack Jenkins, Filing fee $ 100, receipt number ADCDC–11650324. Fee Status: Fee Paid. by FORMER SENIOR GOVERNMENT OFFICIALS. (Attachments: # 1 Declaration of Mack Jenkins, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Iguina Gonzalez, Carmen) (Entered: 04/28/2025) |
| 04/28/2025 | 128 | Unopposed MOTION for Leave to File Amicus Brief by INSTITUTE FOR THE RULE OF LAW OF THE UNION INTERNATIONALE DES AVOCATS. (Attachments: # 1 Exhibit Amicus Curiae Brief, # 2 Text of Proposed Order)(Roth, Jerry) (Entered: 04/28/2025) |
| 04/28/2025 | 141 | AMICUS BRIEF by 366 FORMER JUDGES. (mg) (Additional attachment(s) added on 4/30/2025: # 1 Exhibit A (list of former judges)) (mg). (Entered: 04/29/2025) |
| 04/28/2025 | 142 | AMICUS BRIEF by CHICAGO LAWYERS COMMITTEE FOR CIVIL RIGHTS UNDER LAW, LAWYERS COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA, LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW AND LOCAL AFFILIATES, MISSISSIPPI CENTER FOR JUSTICE, PUBLIC INTEREST LAW CENTER, WASHINGTON LAWYERS COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS. (mg) (Entered: 04/29/2025) |
| 04/28/2025 | 143 | AMICUS BRIEF by PAST PRESIDENTS OF THE DC BAR. (mg) (Additional attachment(s) added on 4/30/2025: # 1 Appendix List of Amici) (mg). (Entered: 04/29/2025) |
| 04/28/2025 | 144 | AMICUS BRIEF by LAW FIRM PARTNERS UNITED. (mg) (Entered: 04/29/2025) |
| 04/28/2025 | 145 | AMICUS BRIEF by NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.. (mg) (Entered: 04/29/2025) |
| 04/28/2025 | 146 | AMICUS BRIEF by 777 SOLO & SMALL FIRM LAWYERS. (mg) (Entered: 04/29/2025) |
| 04/28/2025 | 147 | AMICUS BRIEF by 23 NONGOVERNMENTAL ORGANIZATIONS. (mg) (Entered: 04/30/2025) |
| 04/28/2025 | 148 | AMICUS BRIEF by AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION OF THE DISTRICT OF COLUMBIA, CATO INSTITUTE, CENTER FOR INDIVIDUAL RIGHTS, ELECTRONIC FRONTIER FOUNDATION, FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION, INSTITUTE FOR JUSTICE, KNIGHT FIRST AMENDMENT |

| | | |
|---|---|---|
| | | INSTITUTE AT COLUMBIA UNIVERSITY, NATIONAL COALITION AGAINST CENSORSHIP, REPORTERS COMMITTEE FOR THE FREEDOM OF THE PRESS, RUTHERFORD INSTITUTE, SOCIETY FOR THE RULE OF LAW INSTITUTE. (mg) (Entered: 04/30/2025) |
| 04/28/2025 | 149 | AMICUS BRIEF by BAR ASSOCIATIONS, LAWYER MEMBERSHIP ASSOCIATIONS. (mg) (Entered: 04/30/2025) |
| 04/28/2025 | 150 | AMICUS BRIEF by LEGAL ETHICS PROFESSORS. (mg) (Entered: 04/30/2025) |
| 04/28/2025 | 151 | AMICUS BRIEF by 884 LAW FIRMS. (mg) (Additional attachment(s) added on 4/30/2025: # 1 Appendix A (List of Amicus Law Firms)) (mg). (Entered: 04/30/2025) |
| 04/28/2025 | 152 | AMICUS BRIEF by FORMER SENIOR GOVERNMENT OFFICIALS. (mg) (Additional attachment(s) added on 4/30/2025: # 1 Appendix – List of Amici Curiae) (mg). (Entered: 04/30/2025) |
| 04/28/2025 | 153 | AMICUS BRIEF by LITIGATION FIRMS. (mg) (Entered: 04/30/2025) |
| 04/29/2025 | 129 | NOTICE of Appearance by Jacqueline Scott on behalf of INSTITUTE FOR THE RULE OF LAW OF THE UNION INTERNATIONALE DES AVOCATS (Scott, Jacqueline) (Entered: 04/29/2025) |
| 04/29/2025 | 130 | Unopposed MOTION for Leave to File Amicus Brief *In Support of Plaintiff's Motion for Summary Judgment* by 1129 LAW STUDENTS AND 51 LAW STUDENT ORGANIZATIONS. (Attachments: # 1 Exhibit Proposed Brief, # 2 Text of Proposed Order)(Merson, Jordan) (Entered: 04/29/2025) |
| 04/29/2025 | 131 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jeannie Suk Gersen, Filing fee $ 100, receipt number ADCDC–11651987. Fee Status: Fee Paid. by BAR ASSOCIATIONS. (Attachments: # 1 Declaration of Jeannie Suk Gersen, # 2 Exhibit – Certificate of Good Standing, # 3 Text of Proposed Order)(Paredes, Eric John) (Entered: 04/29/2025) |
| 04/29/2025 | 132 | NOTICE of Appearance by Joseph Wilfred Mead on behalf of LEGAL ETHICS PROFESSORS (Mead, Joseph) (Entered: 04/29/2025) |
| 04/29/2025 | 133 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Charles L. Becker, Filing fee $ 100, receipt number ADCDC–11651975. Fee Status: Fee Paid. by 1129 LAW STUDENTS AND 51 LAW STUDENT ORGANIZATIONS. (Attachments: # 1 Text of Proposed Order)(Merson, Jordan) (Entered: 04/29/2025) |
| 04/29/2025 | 134 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Corrie Woods, Filing fee $ 100, receipt number ADCDC–11652089. Fee Status: Fee Paid. by 1129 LAW STUDENTS AND 51 LAW STUDENT ORGANIZATIONS. (Attachments: # 1 Text of Proposed Order)(Merson, Jordan) (Entered: 04/29/2025) |
| 04/29/2025 | 135 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Gabrielle E. Tenzer, Filing fee $ 100, receipt number ADCDC–11652167. Fee Status: Fee Paid. by FORMER SENIOR GOVERNMENT OFFICIALS. (Attachments: # 1 Declaration of Gabrielle E. Tenzer, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Iguina Gonzalez, Carmen) (Entered: 04/29/2025) |
| 04/29/2025 | 136 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jenna M. Dabbs, Filing fee $ 100, receipt number ADCDC–11652173. Fee Status: Fee Paid. by FORMER SENIOR GOVERNMENT OFFICIALS. (Attachments: # 1 Declaration of |

| | | |
|---|---|---|
| | | Jenna M. Dabbs, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Iguina Gonzalez, Carmen) (Entered: 04/29/2025) |
| 04/29/2025 | 137 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Spencer Pahlke, Filing fee $ 100, receipt number ADCDC–11652184. Fee Status: Fee Paid. by 1129 LAW STUDENTS AND 51 LAW STUDENT ORGANIZATIONS. (Attachments: # 1 Text of Proposed Order)(Merson, Jordan) (Entered: 04/29/2025) |
| 04/29/2025 | 138 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Ruth Greenwood, Filing fee $ 100, receipt number ADCDC–11652182. Fee Status: Fee Paid. by LEGAL ETHICS PROFESSORS. (Attachments: # 1 Exhibit I – Declaration and Certificates of Good Standing, # 2 Text of Proposed Order)(Mead, Joseph) (Entered: 04/29/2025) |
| 04/29/2025 | 139 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Samuel J. Davis, Filing fee $ 100, receipt number ADCDC–11652190. Fee Status: Fee Paid. by LEGAL ETHICS PROFESSORS. (Attachments: # 1 Exhibit I – Declaration and Certificates of Good Standing, # 2 Text of Proposed Order)(Mead, Joseph) (Entered: 04/29/2025) |
| 04/29/2025 | 140 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Shanin Specter, Filing fee $ 100, receipt number ADCDC–11652431. Fee Status: Fee Paid. by 1129 LAW STUDENTS AND 51 LAW STUDENT ORGANIZATIONS. (Attachments: # 1 Text of Proposed Order)(Merson, Jordan) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the Former Senior Government Officials' Motion for Admission Pro Hac Vice 118 , it is hereby ORDERED that the motion is GRANTED and SEAN HECKER is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) Modified on 4/29/2025 (mhp) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the Former Senior Government Officials' Motion for Admission Pro Hac Vice 119 , it is hereby ORDERED that the motion is GRANTED and JULIE E. FINK is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) Modified on 4/29/2025 (mhp) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the Former Senior Government Officials' Motion for Admission Pro Hac Vice 120 , it is hereby ORDERED that the motion is GRANTED and SHAWN G. CROWLEY is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) Modified on 4/29/2025 (mhp) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the Former Senior Government Officials' Motion for Admission Pro Hac Vice 121 , it is hereby ORDERED that the motion is GRANTED and KATE L. DONIGER is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) Modified on 4/29/2025 (mhp) (Entered: 04/29/2025) |

| 04/29/2025 | | MINUTE ORDER: Upon consideration of the Former Senior Government Officials' Motion for Admission Pro Hac Vice 122 , it is hereby ORDERED that the motion is GRANTED and DAVID GOPSTEIN is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a).** <u>**Click for Instructions**</u>. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) Modified on 4/29/2025 (mhp) (Entered: 04/29/2025) |
| --- | --- | --- |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the Former Senior Government Officials' Motion for Admission Pro Hac Vice 123 , it is hereby ORDERED that the motion is GRANTED and DAVID PATTON is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a).** <u>**Click for Instructions**</u>. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) Modified on 4/29/2025 (mhp) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the Former Senior Government Officials' Motion for Admission Pro Hac Vice 124 , it is hereby ORDERED that the motion is GRANTED and JOHN C. QUINN is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a).** <u>**Click for Instructions**</u>. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) Modified on 4/29/2025 (mhp) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the Former Senior Government Officials' Motion for Admission Pro Hac Vice 125 , it is hereby ORDERED that the motion is GRANTED and TRISHA ANDERSON is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a).** <u>**Click for Instructions**</u>. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) Modified on 4/29/2025 (mhp) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the Former Senior Government Officials' Motion for Admission Pro Hac Vice 126 , it is hereby ORDERED that the motion is GRANTED and MATTHEW J. CRAIG is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a).** <u>**Click for Instructions**</u>. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) Modified on 4/29/2025 (mhp) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the Former Senior Government Officials' Motion for Admission Pro Hac Vice 127 , it is hereby ORDERED that the motion is GRANTED and MACK JENKINS is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a).** <u>**Click for Instructions**</u>. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) Modified on 4/29/2025 (mhp) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the Institute for the Rule of Law of the Union Internationale des Avocats' Unopposed Motion for Leave to File an Amicus Brief 128 , it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [128−1] as the Institute for the Rule of Law of the Union Internationale des Avocats' amicus brief. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) (Entered: 04/29/2025) |
| 04/29/2025 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER: Upon consideration of the 1129 Law Students and 51 Law Student Organizations' Unopposed Motion for Leave to File an Amicus Brief 130 , it is hereby ORDERED that the motion is GRANTED. The Clerk of Court shall docket [130–1] as the 1129 Law Students and 51 Law Student Organizations' amicus brief. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the Bar Associations' Motion for Admission Pro Hac Vice 131 , it is hereby ORDERED that the motion is GRANTED and JEANNIE SUK GERSEN is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the 1129 Law Students and 51 Law Student Organizations' Motion for Admission Pro Hac Vice 133 , it is hereby ORDERED that the motion is GRANTED and CHARLES L. BECKER is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the 1129 Law Students and 51 Law Student Organizations' Motion for Admission Pro Hac Vice 134 , it is hereby ORDERED that the motion is GRANTED and CORRIE WOODS is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the Former Senior Government Officials' Motion for Admission Pro Hac Vice 135 , it is hereby ORDERED that the motion is GRANTED and GABRIELLE E. TENZER is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the Former Senior Government Officials' Motion for Admission Pro Hac Vice 136 , it is hereby ORDERED that the motion is GRANTED and JENNA M. DABBS is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the 1129 Law Students and 51 Law Student Organizations' Motion for Admission Pro Hac Vice 137 , it is hereby ORDERED that the motion is GRANTED and SPENCER PAHLKE is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the Legal Ethics Professors' Motion for Admission Pro Hac Vice 138 , it is hereby ORDERED that the motion is GRANTED and RUTH GREENWOOD is granted leave to appear pro hac vice in this case. |

| | | |
|---|---|---|
| | | **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a).** <u>**Click for Instructions**</u>. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the Legal Ethics Professors' Motion for Admission Pro Hac Vice <u>139</u> , it is hereby ORDERED that the motion is GRANTED and SAMUEL J. DAVIS is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a).** <u>**Click for Instructions**</u>. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER: Upon consideration of the 1129 Law Students and 51 Law Student Organizations' Motion for Admission Pro Hac Vice <u>140</u> , it is hereby ORDERED that the motion is GRANTED and SHANIN SPECTER is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a).** <u>**Click for Instructions**</u>. Signed by Judge Loren L. AliKhan on 04/29/2025. (lclla1) (Entered: 04/29/2025) |
| 04/29/2025 | <u>154</u> | AMICUS BRIEF by INSTITUTE FOR THE RULE OF LAW OF THE UNION INTERNATIONALE DES AVOCATS. (mg) (Entered: 04/30/2025) |
| 04/29/2025 | <u>155</u> | AMICUS BRIEF by 1129 LAW STUDENTS and 51 LAW STUDENT ORGANIZATIONS. (mg) Modified docket text on 4/30/2025 (mg). (Entered: 04/30/2025) |
| 04/30/2025 | <u>156</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Daniel D. Birk, Filing fee $ 100, receipt number ADCDC–11654738. Fee Status: Fee Paid. by 884 LAW FIRMS. (Attachments: # <u>1</u> Exhibit A (Declaration), # <u>2</u> Text of Proposed Order)(Waldin, Benjamin) (Entered: 04/30/2025) |
| 04/30/2025 | | MINUTE ORDER: Upon consideration of 884 Law Firms' Motion for Admission Pro Hac Vice <u>156</u> , it is hereby ORDERED that the motion is GRANTED and DANIEL D. BIRK is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a).** <u>**Click for Instructions**</u>. Signed by Judge Loren L. AliKhan on 04/30/2025. (lclla2) (Entered: 04/30/2025) |
| 04/30/2025 | <u>157</u> | NOTICE of Appearance by Daniel D. Birk on behalf of 884 LAW FIRMS (Birk, Daniel) (Entered: 04/30/2025) |
| 04/30/2025 | <u>158</u> | Memorandum in opposition to re <u>58</u> MOTION to Dismiss filed by SUSMAN GODFREY LLP. (Verrilli, Donald) (Entered: 04/30/2025) |
| 04/30/2025 | <u>159</u> | Memorandum in opposition to re <u>51</u> MOTION for Summary Judgment *and Declaratory and Permanent Injunctive Relief* MOTION for Declaratory Judgment MOTION for Permanent Injunction filed by SCOTT BESSENT, PAMELA J. BONDI, DOUG BURGUM, CENTRAL INTELLIGENCE AGENCY, LORI CHAVEZ–DEREMER, DOUGLAS A. COLLINS, DEPARTMENT OF AGRICULTURE, DEPARTMENT OF COMMERCE, DEPARTMENT OF ENERGY, DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, DEPARTMENT OF LABOR, DEPARTMENT OF STATE, DEPARTMENT OF THE INTERIOR, DEPARTMENT OF THE TREASURY, DEPARTMENT OF TRANSPORTATION, SEAN DUFFY, ENVIRONMENTAL PROTECTION AGENCY, EQUAL |

| | | |
|---|---|---|
| | | EMPLOYMENT OPPORTUNITY COMMISSION, EXECUTIVE OFFICE OF THE PRESIDENT, FEDERAL TRADE COMMISSION, ANDREW N. FERGUSON, TULSI GABBARD, JAMIESON GREER, PETER B. HEGSETH, AMY A. KARPEL, ROBERT F. KENNEDY, JR, KELLY LOEFFLER, ANDREA R. LUCAS, HOWARD LUTNICK, LINDA M. MCMAHON, KRISTI NOEM, OFFICE OF MANAGEMENT AND BUDGET, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, JOHN L. RATCLIFFE, BROOKE L. ROLLINS, MARCO RUBIO, SECURITIES AND EXCHANGE COMMISSION, SMALL BUSINESS ADMINISTRATION, COKE MORGAN STEWART, SCOTT TURNER, U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF EDUCATION, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, U.S. DEPARTMENT OF JUSTICE, U.S. DEPARTMENT OF VETERANS AFFAIRS, UNITED STATES INTERNATIONAL TRADE COMMISSION, UNITED STATES OF AMERICA, UNITED STATES PATENT AND TRADEMARK OFFICE, MARK T. UYEDA, RUSSELL T. VOUGHT, CHRIS WRIGHT, LEE M. ZELDIN. (Attachments: # 1 Statement of Facts Response to Plaintiff's Statement of Facts, # 2 Declaration of Richard Lawson with 10 exhibits)(Lawson, Richard) (Entered: 04/30/2025) |
| 05/01/2025 | 160 | NOTICE of Appearance by Adria Jasmine Bonillas on behalf of LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW AND LOCAL AFFILIATES (Bonillas, Adria) (Entered: 05/01/2025) |
| 05/05/2025 | 161 | NOTICE of Appearance by Sean Hecker on behalf of FORMER SENIOR GOVERNMENT OFFICIALS (Hecker, Sean) (Entered: 05/05/2025) |
| 05/05/2025 | 162 | NOTICE of Appearance by Julie E. Fink on behalf of FORMER SENIOR GOVERNMENT OFFICIALS (Fink, Julie) (Entered: 05/05/2025) |
| 05/05/2025 | 163 | NOTICE of Appearance by Shawn Geovjian Crowley on behalf of FORMER SENIOR GOVERNMENT OFFICIALS (Crowley, Shawn) (Entered: 05/05/2025) |
| 05/05/2025 | 164 | REPLY to opposition to motion re 51 Motion for Summary Judgment,,,,,,, Motion for Declaratory Judgment,,,,,,, Motion for Permanent Injunction,,,,,, filed by SUSMAN GODFREY LLP. (Verrilli, Donald) (Entered: 05/05/2025) |
| 05/05/2025 | 165 | NOTICE of Appearance by Kate Doniger on behalf of FORMER SENIOR GOVERNMENT OFFICIALS (Doniger, Kate) (Entered: 05/05/2025) |
| 05/05/2025 | 166 | NOTICE of Appearance by Jenna M. Dabbs on behalf of FORMER SENIOR GOVERNMENT OFFICIALS (Dabbs, Jenna) (Entered: 05/05/2025) |
| 05/05/2025 | 167 | NOTICE of Appearance by David Gopstein on behalf of FORMER SENIOR GOVERNMENT OFFICIALS (Gopstein, David) (Entered: 05/05/2025) |
| 05/05/2025 | 168 | NOTICE of Appearance by Kyle Schneider on behalf of SUSMAN GODFREY LLP (Schneider, Kyle) (Entered: 05/05/2025) |
| 05/05/2025 | 169 | NOTICE of Appearance by David Patton on behalf of FORMER SENIOR GOVERNMENT OFFICIALS (Patton, David) (Entered: 05/05/2025) |
| 05/05/2025 | 170 | NOTICE of Appearance by John Charles Quinn on behalf of FORMER SENIOR GOVERNMENT OFFICIALS (Quinn, John) (Entered: 05/05/2025) |
| 05/05/2025 | 171 | NOTICE of Appearance by Gabrielle Tenzer on behalf of FORMER SENIOR GOVERNMENT OFFICIALS (Tenzer, Gabrielle) (Entered: 05/05/2025) |

| 05/05/2025 | 172 | NOTICE of Appearance by Matthew J. Craig on behalf of FORMER SENIOR GOVERNMENT OFFICIALS (Craig, Matthew) (Entered: 05/05/2025) |
|---|---|---|
| 05/05/2025 | 173 | NOTICE of Appearance by Mack Jenkins on behalf of FORMER SENIOR GOVERNMENT OFFICIALS (Jenkins, Mack) (Entered: 05/05/2025) |
| 05/05/2025 | 174 | REPLY to opposition to motion re 58 Motion to Dismiss,,,,, filed by SCOTT BESSENT, PAMELA J. BONDI, DOUG BURGUM, CENTRAL INTELLIGENCE AGENCY, LORI CHAVEZ–DEREMER, DOUGLAS A. COLLINS, DEPARTMENT OF AGRICULTURE, DEPARTMENT OF COMMERCE, DEPARTMENT OF ENERGY, DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, DEPARTMENT OF LABOR, DEPARTMENT OF STATE, DEPARTMENT OF THE INTERIOR, DEPARTMENT OF THE TREASURY, DEPARTMENT OF TRANSPORTATION, SEAN DUFFY, ENVIRONMENTAL PROTECTION AGENCY, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, EXECUTIVE OFFICE OF THE PRESIDENT, FEDERAL TRADE COMMISSION, ANDREW N. FERGUSON, TULSI GABBARD, JAMIESON GREER, PETER B. HEGSETH, AMY A. KARPEL, ROBERT F. KENNEDY, JR, KELLY LOEFFLER, ANDREA R. LUCAS, HOWARD LUTNICK, LINDA M. MCMAHON, KRISTI NOEM, OFFICE OF MANAGEMENT AND BUDGET, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, JOHN L. RATCLIFFE, BROOKE L. ROLLINS, MARCO RUBIO, SECURITIES AND EXCHANGE COMMISSION, SMALL BUSINESS ADMINISTRATION, COKE MORGAN STEWART, SCOTT TURNER, U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF EDUCATION, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, U.S. DEPARTMENT OF JUSTICE, U.S. DEPARTMENT OF VETERANS AFFAIRS, UNITED STATES INTERNATIONAL TRADE COMMISSION, UNITED STATES OF AMERICA, UNITED STATES PATENT AND TRADEMARK OFFICE, MARK T. UYEDA, RUSSELL T. VOUGHT, CHRIS WRIGHT, LEE M. ZELDIN. (Lawson, Richard) (Entered: 05/05/2025) |
| 05/08/2025 | | ENTERED IN ERROR.....MINUTE ORDER: Upon consideration of the parties' Joint Status Report 13 , it is hereby ORDERED that the parties shall file another joint status report on or before August 4, 2025, updating the court on the status of Plaintiff's FOIA request. Signed by Judge Loren L. AliKhan on 05/08/2025. (lclla1) Modified on 5/8/2025, filed under the incorrect case number. (mhp) (Entered: 05/08/2025) |
| 05/08/2025 | | MINUTE ORDER: The court will provide access for the public to telephonically attend the motions hearing scheduled for May 8, 2025 at 2:00 p.m. The hearing can be accessed by dialing the Toll Free Number: 833–990–9400 (Meeting ID: 715234770). It is hereby ORDERED that the attendees using the public access telephone line shall adhere to the following: persons remotely accessing court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting any court proceedings (including those held by telephone or videoconference). Violation of these prohibitions may result in sanctions, including removal of court–issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the presiding Judge. Signed by Judge Loren L. AliKhan on 5/8/2025. (mhp) (Entered: 05/08/2025) |
| 05/08/2025 | 175 | Consent MOTION to Adopt Streamlined Procedures *in the Event of an Amended Complaint* by SUSMAN GODFREY LLP. (Attachments: # 1 Text of Proposed |

| | | |
|---|---|---|
| | | Order)(Verrilli, Donald) (Entered: 05/08/2025) |
| 05/08/2025 | 176 | ORDER granting Consent Motion to Adopt Streamlined Procedures in the Event of an Amended Complaint 175 . See order for details. Signed by Judge Loren L. AliKhan on 05/08/2025. (lclla1) (Entered: 05/08/2025) |
| 05/08/2025 | | Set/Reset Deadlines: Amended Pleadings due by 5/9/2025; Dispositive Motions due by 5/12/2025. (mhp) (Entered: 05/08/2025) |
| 05/08/2025 | | Minute Entry for MOTIONS HEARING held on 5/8/2025 before Judge Loren L. AliKhan: The matter comes before the court on Plaintiff's Motion 51 for Summary Judgment and Declaratory and Permanent Injunctive Relief and Defendants' Motion 58 to Dismiss. Donald B. Verrilli, Jr., Brad D. Brian, Ginger D. Anders, Jeremy Kreisberg, and Elaine J. Goldenberg present on behalf of Plaintiff. Richard Lawson present on behalf of Defendants. The matters were fully briefed, argued, and taken under advisement. The Temporary Restraining Order remains in place until the court enters its ultimate merits ruling. (Court Reporter Sherry Lindsay)(mhp) (Entered: 05/08/2025) |
| 05/09/2025 | 177 | TRANSCRIPT OF PROCEEDINGS before Judge Loren L. AliKhan held on 5/8/25; Page Numbers: 1–88. Date of Issuance:5/9/25. Court Reporter: Sherry Lindsay, Email: Sherry_Lindsay@dcd.uscourts.gov, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/30/2025. Redacted Transcript Deadline set for 6/9/2025. Release of Transcript Restriction set for 8/7/2025.(stl) (Entered: 05/09/2025) |
| 05/09/2025 | 178 | AMENDED COMPLAINT *FOR DECLARATORY AND INJUNCTIVE RELIEF* against All Defendants filed by SUSMAN GODFREY LLP.(Verrilli, Donald) (Entered: 05/09/2025) |
| 05/09/2025 | 179 | REQUEST FOR SUMMONS TO ISSUE filed by SUSMAN GODFREY LLP. Related document: 178 Amended Complaint filed by SUSMAN GODFREY LLP.(Verrilli, Donald) (Entered: 05/09/2025) |
| 05/12/2025 | 180 | MOTION to Dismiss *Plaintiff's Amended Complaint* by ADMINISTRATION FOR CHILDREN AND FAMILIES, ADMINISTRATION FOR STRATEGIC PREPAREDNESS AND RESPONSE, ADVISORY COUNCIL ON HISTORIC PRESERVATION, AMERICORPS, APPALACHIAN REGIONAL COMMISSION, VIPIN ARORA, GARY A. ASHWORTH, PAUL S. ATKINS, SCOTT BESSENT, BIOMEDICAL ADVANCED RESEARCH AND DEVELOPMENT AUTHORITY, PAMELA J. BONDI, BONNEVILLE POWER ADMINISTRATION, BUREAU OF |

| | | |
|---|---|---|
| | | ECONOMIC ANALYSIS, BUREAU OF INDIAN AFFAIRS, BUREAU OF INDUSTRY AND SECURITY, BUREAU OF LAND MANAGEMENT, BUREAU OF OCEAN ENERGY MANAGEMENT, BUREAU OF RECLAMATION, BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT, DOUG BURGUM, CENTRAL INTELLIGENCE AGENCY, LORI CHAVEZ–DEREMER, DOUGLAS A. COLLINS, CAROLINE A. CRENSHAW, WALTER CRUICKSHANK, DEPARTMENT OF AGRICULTURE, DEPARTMENT OF COMMERCE, DEPARTMENT OF ENERGY, DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, DEPARTMENT OF LABOR, DEPARTMENT OF STATE, DEPARTMENT OF THE INTERIOR, DEPARTMENT OF THE TREASURY, DEPARTMENT OF TRANSPORTATION, GARY DISBROW, DANIEL P. DRISCOLL, SEAN DUFFY, ENVIRONMENTAL PROTECTION AGENCY, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, EXECUTIVE OFFICE OF THE PRESIDENT, FEDERAL TRADE COMMISSION, ANDREW N. FERGUSON, TULSI GABBARD, ANDREW GRADISON, JAMIESON GREER, JOHN HAIRSTON, PETER B. HEGSETH, MELISSA HOLYOAK, DAVID JOHNSON, AMY A. KARPEL, JASON KEARNS, ROBERT F. KENNEDY, JR, JEFFREY KESSLER, JOHN KNOX, KELLY LOEFFLER, ANDREA R. LUCAS, HOWARD LUTNICK, GAYLE CONELLY MANCHIN, LINDA M. MCMAHON, MARK MEADOR, BRYAN MERCIER, MICHAEL D. NEDD, REID NELSON, KRISTI NOEM, OFFICE OF MANAGEMENT AND BUDGET, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, DAVID PALUMBO, JOHN PHELAN, Hestor PIERCE, JOHN L. RATCLIFFE, BROOKE L. ROLLINS, MARCO RUBIO, SECURITIES AND EXCHANGE COMMISSION, SMALL BUSINESS ADMINISTRATION, COKE MORGAN STEWART, JENNIFER BASTRESS TAHMASEBI, SCOTT TURNER, U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF EDUCATION, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, U.S. DEPARTMENT OF JUSTICE, U.S. DEPARTMENT OF THE AIR FORCE, U.S. DEPARTMENT OF THE ARMY, U.S. DEPARTMENT OF THE NAVY, U.S. DEPARTMENT OF VETERANS AFFAIRS, UNITED STATES INTERNATIONAL TRADE COMMISSION, UNITED STATES OF AMERICA, UNITED STATES PATENT AND TRADEMARK OFFICE, MARK T. UYEDA, RUSSELL T. VOUGHT, CHRIS WRIGHT, LEE M. ZELDIN. (Attachments: # 1 Text of Proposed Order)(Lawson, Richard) (Entered: 05/12/2025) |
| 05/12/2025 | 181 | MOTION for Summary Judgment *and Declaratory and Permanent Injunctive Relief* by SUSMAN GODFREY LLP. (Attachments: # 1 Text of Proposed Order)(Verrilli, Donald). Added MOTION for Declaratory Judgment, MOTION for Permanent Injunction on 5/12/2025 (znmw). (Entered: 05/12/2025) |
| 05/13/2025 | 182 | SUMMONS (1) Issued Electronically as to FEDERAL AGENCIES AND DEPARTMENTS AND HEADS OF FEDERAL AGENCIES AND DEPARTMENTS, U.S. Attorney General. (znmw) (Entered: 05/13/2025) |
| 05/16/2025 | 183 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Robert Chang, Filing fee $ 100, receipt number ADCDC–11697450. Fee Status: Fee Paid. by FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY. (Attachments: # 1 Declaration Chang declaration, # 2 Exhibit certificate of good standing)(Davy, Jim) (Entered: 05/16/2025) |
| 05/16/2025 | 184 | |

| | | |
|---|---|---|
| | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jeremiah Chin, Filing fee $ 100, receipt number ADCDC–11697455. Fee Status: Fee Paid. by FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY. (Attachments: # 1 Declaration Chin declaration, # 2 Exhibit certificate of good standing)(Davy, Jim) (Entered: 05/16/2025) |
| 05/16/2025 | 185 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Melissa Lee, Filing fee $ 100, receipt number ADCDC–11697461. Fee Status: Fee Paid. by FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY. (Attachments: # 1 Declaration Lee declaration, # 2 Exhibit certificate of good standing)(Davy, Jim) (Entered: 05/16/2025) |
| 05/16/2025 | 186 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jessica Levin, Filing fee $ 100, receipt number ADCDC–11697463. Fee Status: Fee Paid. by FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY. (Attachments: # 1 Declaration Levin declaration, # 2 Exhibit certificate of good standing)(Davy, Jim) (Entered: 05/16/2025) |
| 05/16/2025 | 187 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Susan McMahon, Filing fee $ 100, receipt number ADCDC–11697465. Fee Status: Fee Paid. by FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY. (Attachments: # 1 Declaration McMahon declaration, # 2 Exhibit certificate of good standing)(Davy, Jim) (Entered: 05/16/2025) |
| 05/16/2025 | 188 | NOTICE of Appearance by Jeremiah Chin on behalf of FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY (Chin, Jeremiah) (Entered: 05/16/2025) |
| 05/19/2025 | | MINUTE ORDER: Upon consideration of Fred T. Korematsu Center for Law and Equality's Motion for Leave to Appear Pro Hac Vice 183 , it is hereby ORDERED that the motion is DENIED without prejudice. Pursuant to Local Civil Rule 44.1(c)(2), an attorney seeking to appear pro hac vice in this court must, *inter alia*, submit a certificate of good standing that has been issued within thirty days of the filing of the motion. Signed by Judge Loren L. AliKhan on 05/19/2025. (lclla2) (Entered: 05/19/2025) |
| 05/19/2025 | | MINUTE ORDER: Upon consideration of Fred T. Korematsu Center for Law and Equality's Motion for Leave to Appear Pro Hac Vice 184 , it is hereby ORDERED that the motion is DENIED without prejudice. Pursuant to Local Civil Rule 44.1(c)(2), an attorney seeking to appear pro hac vice in this court must, *inter alia*, submit a certificate of good standing that has been issued within thirty days of the filing of the motion. Signed by Judge Loren L. AliKhan on 05/19/2025. (lclla2) (Entered: 05/19/2025) |
| 05/19/2025 | | MINUTE ORDER: Upon consideration of Fred T. Korematsu Center for Law and Equality's Motion for Leave to Appear Pro Hac Vice 185 , it is hereby ORDERED that the motion is DENIED without prejudice. Pursuant to Local Civil Rule 44.1(c)(2), an attorney seeking to appear pro hac vice in this court must, *inter alia*, submit a certificate of good standing that has been issued within thirty days of the filing of the motion. Signed by Judge Loren L. AliKhan on 05/19/2025. (lclla2) (Entered: 05/19/2025) |
| 05/19/2025 | | MINUTE ORDER: Upon consideration of Fred T. Korematsu Center for Law and Equality's Motion for Leave to Appear Pro Hac Vice 186 , it is hereby ORDERED that the motion is DENIED without prejudice. Pursuant to Local Civil Rule 44.1(c)(2), an attorney seeking to appear pro hac vice in this court must, *inter alia*, |

| | | |
|---|---|---|
| | | submit a certificate of good standing that has been issued within thirty days of the filing of the motion. Signed by Judge Loren L. AliKhan on 05/19/2025. (lclla2) (Entered: 05/19/2025) |
| 05/19/2025 | | MINUTE ORDER: Upon consideration of Fred T. Korematsu Center for Law and Equality's Motion for Leave to Appear Pro Hac Vice 187 , it is hereby ORDERED that the motion is DENIED without prejudice. Pursuant to Local Civil Rule 44.1(c)(2), an attorney seeking to appear pro hac vice in this court must, *inter alia*, submit a certificate of good standing that has been issued within thirty days of the filing of the motion. Signed by Judge Loren L. AliKhan on 05/19/2025. (lclla2) (Entered: 05/19/2025) |
| 05/19/2025 | 189 | ERRATA *updated certificate of good standing* by FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY re 183 Motion for Leave to Appear Pro Hac Vice,. (Davy, Jim) (Entered: 05/19/2025) |
| 05/19/2025 | 190 | ERRATA *updated certificate of good standing* by FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY re 187 Motion for Leave to Appear Pro Hac Vice,. (Davy, Jim) (Entered: 05/19/2025) |
| 05/21/2025 | | MINUTE ORDER: On May 19, 2025, the court denied Fred T. Korematsu Center for Law and Equality's motions for leave to appear pro hac vice 183 184 185 186 187 for failure to comply with Local Civil Rule 44.1(c)(2). If Fred T. Korematsu Center for Law and Equality still wishes to move for leave to appear pro hac vice, it shall file compliant motions for pro hac vice on or before May 23, 2025. Signed by Judge Loren L. AliKhan on 05/21/2025. (lclla2) (Entered: 05/21/2025) |
| 05/21/2025 | 191 | Amended MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Robert Chang, Fee Status: No Fee Paid. by FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY. (Attachments: # 1 Declaration Chang declaration, # 2 Exhibit certificate of good standing)(Davy, Jim) (Entered: 05/21/2025) |
| 05/21/2025 | 192 | Amended MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jeremiah Chin, Fee Status: No Fee Paid. by FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY. (Attachments: # 1 Declaration Chin declaration, # 2 Exhibit certificate of good standing)(Davy, Jim) (Entered: 05/21/2025) |
| 05/21/2025 | 193 | Amended MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Susan McMahon, Fee Status: No Fee Paid. by FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY. (Attachments: # 1 Declaration McMahon declaration, # 2 Exhibit certificate of good standing)(Davy, Jim) (Attachment 1 replaced on 5/21/2025) (mg). (Entered: 05/21/2025) |
| 05/21/2025 | 194 | Amended MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jessica Levin, Fee Status: No Fee Paid. by FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY. (Attachments: # 1 Declaration Levin declaration, # 2 Exhibit certificate of good standing)(Davy, Jim) (Entered: 05/21/2025) |
| 05/21/2025 | 195 | Amended MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Melissa Lee, Fee Status: No Fee Paid. by FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY. (Attachments: # 1 Declaration Lee Declaration, # 2 Exhibit certificate of good standing)(Davy, Jim) (Entered: 05/21/2025) |
| 05/21/2025 | | NOTICE OF ERROR regarding 194 Amended MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jessica Levin, Fee Status: No Fee Paid., 192 Amended |

| | | |
|---|---|---|
| | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jeremiah Chin, Fee Status: No Fee Paid., 191 Amended MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Robert Chang, Fee Status: No Fee Paid., 195 Amended MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Melissa Lee, Fee Status: No Fee Paid., 193 Amended MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Susan McMahon, Fee Status: No Fee Paid.. The following error(s) need correction: Other– Pro Hac Vice Motions must be accompanied by a payment of $100 for each Motion (LCvR 83.2(c)(2)). Please submit payment using event: Payment of Fee– Pro Hac Vice Motion. Please refile. (mg) (Entered: 05/21/2025) |
| 05/21/2025 | | Payment for 191 Amended MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Robert Chang, Fee Status: No Fee Paid.. ($100; Receipt number ADCDC–11706993). (Davy, Jim) (Entered: 05/21/2025) |
| 05/21/2025 | | Payment for 192 Amended MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jeremiah Chin, Fee Status: No Fee Paid.. ($100; Receipt number ADCDC–11706995). (Davy, Jim) (Entered: 05/21/2025) |
| 05/21/2025 | | Payment for 193 Amended MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Susan McMahon, Fee Status: No Fee Paid.. ($100; Receipt number ADCDC–11706997). (Davy, Jim) (Entered: 05/21/2025) |
| 05/21/2025 | | Payment for 194 Amended MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jessica Levin, Fee Status: No Fee Paid.. ($100; Receipt number ADCDC–11706998). (Davy, Jim) (Entered: 05/21/2025) |
| 05/21/2025 | | Payment for 195 Amended MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Melissa Lee, Fee Status: No Fee Paid.. ($100; Receipt number ADCDC–11707001). (Davy, Jim) (Entered: 05/21/2025) |
| 05/22/2025 | | MINUTE ORDER: Upon consideration of Fred T. Korematsu Center for Law and Equality's Amended Motion for Admission Pro Hac Vice 192 , it is hereby ORDERED that the motion is GRANTED and JEREMIAH AUGUSTUS CHIN is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 05/22/2025. (lclla2) (Entered: 05/22/2025) |
| 05/22/2025 | | MINUTE ORDER: Upon consideration of Fred T. Korematsu Center for Law and Equality's Amended Motion for Admission Pro Hac Vice 193 , it is hereby ORDERED that the motion is GRANTED and SUSAN ANNE MCMAHON is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 05/22/2025. (lclla2) (Entered: 05/22/2025) |
| 05/22/2025 | | MINUTE ORDER: Upon consideration of Fred T. Korematsu Center for Law and Equality's Amended Motion for Admission Pro Hac Vice 194 , it is hereby ORDERED that the motion is GRANTED and JESSICA LEVIN is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a). Click for Instructions**. Signed by Judge Loren L. AliKhan on 05/22/2025. (lclla2) (Entered: 05/22/2025) |
| 05/22/2025 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER: Upon consideration of Fred T. Korematsu Center for Law and Equality's Amended Motion for Admission Pro Hac Vice 195 , it is hereby ORDERED that the motion is GRANTED and MELISSA R. LEE is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a).** <u>Click for Instructions</u>. Signed by Judge Loren L. AliKhan on 05/22/2025. (lclla2) (Entered: 05/22/2025) |
| 05/22/2025 | | NOTICE OF ERROR regarding 191 . The following error(s) need correction: Document incomplete; missing telephone number on Declaration. Please refile using the event Declaration. (mg) Modified on 5/22/2025 to add link (mg). (Entered: 05/22/2025) |
| 05/22/2025 | 196 | DECLARATION *of Robert Chang* by FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY re 191 Amended MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Robert Chang, Fee Status: No Fee Paid.. (Davy, Jim) (Entered: 05/22/2025) |
| 05/22/2025 | 197 | NOTICE of Appearance by Jessica Levin on behalf of FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY (Levin, Jessica) (Entered: 05/22/2025) |
| 05/22/2025 | 198 | NOTICE of Appearance by Melissa Lee on behalf of FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY (Lee, Melissa) (Entered: 05/22/2025) |
| 05/23/2025 | | MINUTE ORDER: Upon consideration of Fred T. Korematsu Center for Law and Equality's Amended Motion for Admission Pro Hac Vice 191 and Declaration for Pro Hac Admission 196 , it is hereby ORDERED that the motion is GRANTED and ROBERT SEUNGCHUL CHANG is granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civ. R. 83.6(a).** <u>Click for Instructions</u>. Signed by Judge Loren L. AliKhan on 05/23/2025. (lclla2) (Entered: 05/23/2025) |
| 05/23/2025 | 199 | NOTICE of Appearance by Robert Seungchul Chang on behalf of FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY (Chang, Robert) (Entered: 05/23/2025) |
| 05/27/2025 | 200 | NOTICE of Appearance by Susan A. McMahon on behalf of FRED T. KOREMATSU CENTER FOR LAW AND EQUALITY (McMahon, Susan) (Entered: 05/27/2025) |
| 05/27/2025 | 201 | NOTICE of Appearance by Donald Manwell Falk on behalf of 366 FORMER JUDGES (Falk, Donald) (Main Document 201 replaced on 5/28/2025) (znmw). (Entered: 05/27/2025) |
| 06/06/2025 | 202 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 5/5/2025. Answer due for ALL FEDERAL DEFENDANTS by 7/4/2025. (Kreisberg, Jeremy) (Entered: 06/06/2025) |
| 06/06/2025 | 203 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 4/21/2025. (Kreisberg, Jeremy) (Entered: 06/06/2025) |
| 06/06/2025 | 204 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. SCOTT BESSENT served on 4/21/2025; PAMELA J. BONDI served on 4/21/2025; DOUGLAS J. BURGUM served on 4/21/2025; CENTRAL INTELLIGENCE |

| | | |
|---|---|---|
| | | AGENCY served on 4/21/2025; LORI CHAVEZ–DEREMER served on 4/21/2025; DOUG COLLINS served on 4/21/2025; DEPARTMENT OF AGRICULTURE served on 4/23/2025; DEPARTMENT OF COMMERCE served on 4/21/2025; DEPARTMENT OF ENERGY served on 4/21/2025; DEPARTMENT OF HOMELAND SECURITY served on 4/21/2025; DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT served on 4/21/2025; DEPARTMENT OF LABOR served on 4/21/2025; DEPARTMENT OF STATE served on 4/21/2025; DEPARTMENT OF THE INTERIOR served on 4/21/2025; DEPARTMENT OF THE TREASURY served on 4/21/2025; DEPARTMENT OF TRANSPORTATION served on 4/22/2025; SEAN DUFFY served on 4/22/2025; ENVIRONMENTAL PROTECTION AGENCY served on 5/27/2025; EQUAL EMPLOYMENT OPPORTUNITY COMMISSION served on 4/21/2025; EXECUTIVE OFFICE OF THE PRESIDENT served on 4/21/2025; FEDERAL TRADE COMMISSION served on 4/21/2025; ANDREW N. FERGUSON served on 4/21/2025; TULSI GABBARD served on 4/21/2025; JAMIESON GREER served on 4/24/2025; PETER B. HEGSETH served on 4/22/2025; AMY A. KARPEL served on 4/21/2025; ROBERT F. KENNEDY, JR served on 4/21/2025; KELLY LOEFFLER served on 4/23/2025; ANDREA R. LUCAS served on 4/21/2025; HOWARD W. LUTNICK served on 4/21/2025; LINDA MCMAHON served on 4/21/2025; KRISTI NOEM served on 4/21/2025; OFFICE OF MANAGEMENT AND BUDGET served on 4/24/2025; OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE served on 4/21/2025; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE served on 4/24/2025; JOHN L. RATCLIFFE served on 4/23/2025; BROOKE L. ROLLINS served on 4/21/2025; MARCO RUBIO served on 4/22/2025; SECURITIES AND EXCHANGE COMMISSION served on 4/21/2025; SMALL BUSINESS ADMINISTRATION served on 4/22/2025; COKE MORGAN STEWART served on 4/17/2025; SCOTT TURNER served on 4/21/2025; U.S. DEPARTMENT OF DEFENSE served on 4/22/2025; U.S. DEPARTMENT OF EDUCATION served on 4/21/2025; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES served on 4/23/2025; U.S. DEPARTMENT OF JUSTICE served on 4/21/2025; U.S. DEPARTMENT OF VETERANS AFFAIRS served on 4/21/2025; UNITED STATES INTERNATIONAL TRADE COMMISSION served on 4/21/2025; UNITED STATES PATENT AND TRADEMARK OFFICE served on 4/17/2025; MARK T. UYEDA served on 4/21/2025; RUSSELL VOUGHT served on 4/24/2025; CHRIS WRIGHT served on 4/21/2025; LEE M. ZELDIN served on 4/21/2025 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Kreisberg, Jeremy) (Entered: 06/06/2025) |
| 06/10/2025 | 205 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ALL FEDERAL AGENCIES AND DEPARTMENTS AND HEADS OF FEDERAL AGENCIES AND DEPARTMENTS served on 5/14/2025 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Kreisberg, Jeremy) (Entered: 06/10/2025) |
| 06/27/2025 | 206 | MEMORANDUM OPINION regarding Defendants' Motion to Dismiss 180 and Plaintiff's Motion for Summary Judgment 181 . See document for details. Signed by Judge Loren L. AliKhan on 06/27/2025. (lclla2) (Entered: 06/27/2025) |
| 06/27/2025 | 207 | ORDER denying Defendants' Motion to Dismiss 180 , granting Plaintiff's Motion for Summary Judgment 181 , entering judgment for Plaintiff on Counts I through IV and VI through IX of the Amended Complaint 178 , and granting Plaintiff declaratory and permanent injunctive relief. See order for details. This Order constitutes a final judgment of the court within the meaning of Rule 58(a) of the Federal Rules of Civil |

| | | Procedure. The Clerk of Court is directed to terminate the case. Signed by Judge Loren L. AliKhan on 06/27/2025. (lclla2) (Entered: 06/27/2025) |
|---|---|---|
| 07/01/2025 | 208 | STATUS REPORT by ADMINISTRATION FOR CHILDREN AND FAMILIES, ADMINISTRATION FOR STRATEGIC PREPAREDNESS AND RESPONSE, ADVISORY COUNCIL ON HISTORIC PRESERVATION, ALL FEDERAL AGENCIES AND DEPARTMENTS AND HEADS OF FEDERAL AGENCIES AND DEPARTMENTS, AMERICORPS, APPALACHIAN REGIONAL COMMISSION, VIPIN ARORA, GARY A. ASHWORTH, PAUL S. ATKINS, SCOTT BESSENT, BIOMEDICAL ADVANCED RESEARCH AND DEVELOPMENT AUTHORITY, PAMELA J. BONDI, BONNEVILLE POWER ADMINISTRATION, BUREAU OF ECONOMIC ANALYSIS, BUREAU OF INDIAN AFFAIRS, BUREAU OF INDUSTRY AND SECURITY, BUREAU OF LAND MANAGEMENT, BUREAU OF OCEAN ENERGY MANAGEMENT, BUREAU OF RECLAMATION, BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT, DOUGLAS J. BURGUM, CENTRAL INTELLIGENCE AGENCY, LORI CHAVEZ–DEREMER, DOUG COLLINS, CAROLINE A. CRENSHAW, WALTER CRUICKSHANK, DEPARTMENT OF AGRICULTURE, DEPARTMENT OF COMMERCE, DEPARTMENT OF ENERGY, DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, DEPARTMENT OF LABOR, DEPARTMENT OF STATE, DEPARTMENT OF THE INTERIOR, DEPARTMENT OF THE TREASURY, DEPARTMENT OF TRANSPORTATION, GARY DISBROW, DANIEL P. DRISCOLL, SEAN DUFFY, ENVIRONMENTAL PROTECTION AGENCY, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, EXECUTIVE OFFICE OF THE PRESIDENT, FEDERAL TRADE COMMISSION, ANDREW N. FERGUSON, TULSI GABBARD, ANDREW GRADISON, JAMIESON GREER, JOHN HAIRSTON, PETER B. HEGSETH, MELISSA ANN HOLYOAK, DAVID JOHNSON, AMY A. KARPEL, JASON KEARNS, ROBERT F. KENNEDY, JR, JEFFREY KESSLER, JOHN KNOX, KELLY LOEFFLER, ANDREA R. LUCAS, HOWARD W. LUTNICK, GAYLE CONELLY MANCHIN, LINDA MCMAHON, MARK M. MEADOR, BRYAN MERCIER, MICHAEL D. NEDD, REID NELSON, KRISTI NOEM, OFFICE OF MANAGEMENT AND BUDGET, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, DAVID PALUMBO, JOHN PHELAN, Hestor PIERCE, JOHN L. RATCLIFFE, BROOKE L. ROLLINS, MARCO RUBIO, SECURITIES AND EXCHANGE COMMISSION, SMALL BUSINESS ADMINISTRATION, COKE MORGAN STEWART, JENNIFER BASTRESS TAHMASEBI, SCOTT TURNER, U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF EDUCATION, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, U.S. DEPARTMENT OF JUSTICE, U.S. DEPARTMENT OF THE AIR FORCE, U.S. DEPARTMENT OF THE ARMY, U.S. DEPARTMENT OF THE NAVY, U.S. DEPARTMENT OF VETERANS AFFAIRS, UNITED STATES INTERNATIONAL TRADE COMMISSION, UNITED STATES OF AMERICA, UNITED STATES PATENT AND TRADEMARK OFFICE, MARK T. UYEDA, RUSSELL VOUGHT, CHRIS WRIGHT, LEE M. ZELDIN. (Attachments: # 1 Exhibit Notice)(Lawson, Richard) (Entered: 07/01/2025) |
| 07/29/2025 | 209 | Unopposed MOTION to Clarify re 207 Order on Motion for Summary Judgment,,, Order on Motion to Dismiss,,, Order on Motion for Declaratory Judgment,,, Order on Motion for Permanent Injunction,,,,,,,,,,,,, 206 Memorandum & Opinion by |

| | | |
|---|---|---|
| | | ADMINISTRATION FOR CHILDREN AND FAMILIES, ADMINISTRATION FOR STRATEGIC PREPAREDNESS AND RESPONSE, ADVISORY COUNCIL ON HISTORIC PRESERVATION, ALL FEDERAL AGENCIES AND DEPARTMENTS AND HEADS OF FEDERAL AGENCIES AND DEPARTMENTS, AMERICORPS, APPALACHIAN REGIONAL COMMISSION, VIPIN ARORA, GARY A. ASHWORTH, PAUL S. ATKINS, SCOTT BESSENT, BIOMEDICAL ADVANCED RESEARCH AND DEVELOPMENT AUTHORITY, PAMELA J. BONDI, BONNEVILLE POWER ADMINISTRATION, BUREAU OF ECONOMIC ANALYSIS, BUREAU OF INDIAN AFFAIRS, BUREAU OF INDUSTRY AND SECURITY, BUREAU OF LAND MANAGEMENT, BUREAU OF OCEAN ENERGY MANAGEMENT, BUREAU OF RECLAMATION, BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT, DOUGLAS J. BURGUM, CENTRAL INTELLIGENCE AGENCY, LORI CHAVEZ–DEREMER, DOUG COLLINS, CAROLINE A. CRENSHAW, WALTER CRUICKSHANK, DEPARTMENT OF AGRICULTURE, DEPARTMENT OF COMMERCE, DEPARTMENT OF ENERGY, DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, DEPARTMENT OF LABOR, DEPARTMENT OF STATE, DEPARTMENT OF THE INTERIOR, DEPARTMENT OF THE TREASURY, DEPARTMENT OF TRANSPORTATION, GARY DISBROW, DANIEL P. DRISCOLL, SEAN DUFFY, ENVIRONMENTAL PROTECTION AGENCY, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, EXECUTIVE OFFICE OF THE PRESIDENT, FEDERAL TRADE COMMISSION, ANDREW N. FERGUSON, TULSI GABBARD, ANDREW GRADISON, JAMIESON GREER, JOHN HAIRSTON, PETER B. HEGSETH, MELISSA ANN HOLYOAK, DAVID JOHNSON, AMY A. KARPEL, JASON KEARNS, ROBERT F. KENNEDY, JR, JEFFREY KESSLER, JOHN KNOX, KELLY LOEFFLER, ANDREA R. LUCAS, HOWARD W. LUTNICK, GAYLE CONELLY MANCHIN, LINDA MCMAHON, MARK M. MEADOR, BRYAN MERCIER, MICHAEL D. NEDD, REID NELSON, KRISTI NOEM, OFFICE OF MANAGEMENT AND BUDGET, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, DAVID PALUMBO, JOHN PHELAN, Hestor PIERCE, JOHN L. RATCLIFFE, BROOKE L. ROLLINS, MARCO RUBIO, SECURITIES AND EXCHANGE COMMISSION, SMALL BUSINESS ADMINISTRATION, COKE MORGAN STEWART, JENNIFER BASTRESS TAHMASEBI, SCOTT TURNER, U.S. DEPARTMENT OF DEFENSE, U.S. DEPARTMENT OF EDUCATION, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, U.S. DEPARTMENT OF JUSTICE, U.S. DEPARTMENT OF THE AIR FORCE, U.S. DEPARTMENT OF THE ARMY, U.S. DEPARTMENT OF THE NAVY, U.S. DEPARTMENT OF VETERANS AFFAIRS, UNITED STATES INTERNATIONAL TRADE COMMISSION, UNITED STATES OF AMERICA, UNITED STATES PATENT AND TRADEMARK OFFICE, MARK T. UYEDA, RUSSELL VOUGHT, CHRIS WRIGHT, LEE M. ZELDIN. (Lawson, Richard) (Entered: 07/29/2025) |
| 07/29/2025 | | MINUTE ORDER: Upon consideration of Defendants' Unopposed Motion to Clarify 209 , it is hereby ORDERED that the motion is GRANTED. The court clarifies that the injunctive relief granted as to Section 4 of Executive Order 14,263, ECF No. 207 , at 4, runs only in favor of Plaintiff Susman Godfrey LLP (including its affiliates, predecessors, successors, assigns, directors, officers, partners, employees, and agents). Signed by Judge Loren L. AliKhan on 07/29/2025. (lclla2) (Entered: 07/29/2025) |

| 08/01/2025 | 210 | MOTION to Withdraw as Attorney by FORMER SENIOR GOVERNMENT OFFICIALS. (Attachments: # 1 Text of Proposed Order)(Iguina Gonzalez, Carmen) (Entered: 08/01/2025) |
|---|---|---|
| 08/01/2025 | | MINUTE ORDER: Upon consideration of Former Senior Government Officials' Motion to Withdraw as Attorney 210 , it is hereby ORDERED that the motion is GRANTED and Carmen Iguina Gonz&aacutelez shall be withdrawn as counsel. Signed by Judge Loren L. AliKhan on 08/1/2025. (lclla2) (Entered: 08/01/2025) |
| 08/22/2025 | 211 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 207 Order on Motion for Summary Judgment,,,, Order on Motion to Dismiss,,, Order on Motion for Declaratory Judgment,,, Order on Motion for Permanent Injunction,,,,,,,,,,,, 206 Memorandum & Opinion by GAYLE CONELLY MANCHIN, ANDREW GRADISON, MARK T. UYEDA, WALTER CRUICKSHANK, DEPARTMENT OF HOMELAND SECURITY, BRYAN MERCIER, CENTRAL INTELLIGENCE AGENCY, LEE M. ZELDIN, SEAN DUFFY, DEPARTMENT OF THE INTERIOR, GARY A. ASHWORTH, DEPARTMENT OF ENERGY, JEFFREY KESSLER, RUSSELL VOUGHT, BUREAU OF OCEAN ENERGY MANAGEMENT, COKE MORGAN STEWART, U.S. DEPARTMENT OF DEFENSE, VIPIN ARORA, UNITED STATES OF AMERICA, BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, U.S. DEPARTMENT OF THE ARMY, AMERICORPS, U.S. DEPARTMENT OF THE NAVY, ENVIRONMENTAL PROTECTION AGENCY, EXECUTIVE OFFICE OF THE PRESIDENT, PAUL S. ATKINS, BUREAU OF INDUSTRY AND SECURITY, ADMINISTRATION FOR STRATEGIC PREPAREDNESS AND RESPONSE, U.S. DEPARTMENT OF VETERANS AFFAIRS, MELISSA ANN HOLYOAK, BROOKE L. ROLLINS, JENNIFER BASTRESS TAHMASEBI, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, JOHN KNOX, DEPARTMENT OF COMMERCE, BUREAU OF LAND MANAGEMENT, CHRIS WRIGHT, UNITED STATES PATENT AND TRADEMARK OFFICE, SCOTT BESSENT, JOHN L. RATCLIFFE, DAVID PALUMBO, SECURITIES AND EXCHANGE COMMISSION, AMY A. KARPEL, DEPARTMENT OF LABOR, FEDERAL TRADE COMMISSION, OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, ADVISORY COUNCIL ON HISTORIC PRESERVATION, U.S. DEPARTMENT OF THE AIR FORCE, APPALACHIAN REGIONAL COMMISSION, BUREAU OF ECONOMIC ANALYSIS, DEPARTMENT OF THE TREASURY, Hestor PIERCE, BUREAU OF INDIAN AFFAIRS, ADMINISTRATION FOR CHILDREN AND FAMILIES, LORI CHAVEZ–DEREMER, MARK M. MEADOR, BIOMEDICAL ADVANCED RESEARCH AND DEVELOPMENT AUTHORITY, HOWARD W. LUTNICK, DAVID JOHNSON, ALL FEDERAL AGENCIES AND DEPARTMENTS AND HEADS OF FEDERAL AGENCIES AND DEPARTMENTS, ROBERT F. KENNEDY, JR, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, DOUG COLLINS, KELLY LOEFFLER, KRISTI NOEM, DEPARTMENT OF STATE, DOUGLAS J. BURGUM, BONNEVILLE POWER ADMINISTRATION, PAMELA J. BONDI, GARY DISBROW, DANIEL P. DRISCOLL, SMALL BUSINESS ADMINISTRATION, DEPARTMENT OF TRANSPORTATION, LINDA MCMAHON, MICHAEL D. NEDD, JASON KEARNS, JAMIESON GREER, TULSI GABBARD, DEPARTMENT OF AGRICULTURE, JOHN PHELAN, MARCO A. RUBIO, BUREAU OF RECLAMATION, U.S. DEPARTMENT OF EDUCATION, UNITED STATES INTERNATIONAL TRADE COMMISSION, JOHN HAIRSTON, ANDREA R. LUCAS, U.S. DEPARTMENT |

| | | OF JUSTICE, CAROLINE A. CRENSHAW, SCOTT TURNER, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, PETER B. HEGSETH, OFFICE OF MANAGEMENT AND BUDGET, ANDREW N. FERGUSON, REID NELSON. Fee Status: No Fee Paid. Parties have been notified. (Lawson, Richard) (Entered: 08/22/2025) |
|---|---|---|

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

**333 Constitution Avenue, NW**
**Washington, DC 20001-2866**
**Phone: 202-216-7000 | Facsimile: 202-219-8530**

Plaintiff: **Susman Godfrey LLP**

vs.                              Civil Action No. **25-1107**

Defendant: **Executive Office of the President**

## CIVIL NOTICE OF APPEAL

Notice is hereby given this  22  day of   August    20 25 , that

Defendants Executive Office of the President et al.

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the

judgment of this court entered on the   27  day of    June   , 20 25 , in

favor of Plaintiff

against said Defendants

Attorney/Pro Se Party Signature:

Name:   Richard Lawson

Address:   950 Pennsylvania Ave NW

Washington DC

Telephone: ( 202 )  445-8042

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

USCA Form 13
Rev. June 2017

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SUSMAN GODFREY LLP,

      *Plaintiff*,

   v.

EXECUTIVE OFFICE OF THE
PRESIDENT, *et al.*,

      *Defendants*.

Civil Action No. 25 - 1107 (LLA)

## <u>ORDER</u>

Upon consideration of Defendants' Motion to Dismiss, ECF No. 180; Plaintiff's Motion for Summary Judgment, ECF No. 181; and the entire record herein; and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that Defendants' Motion to Dismiss, ECF No. 180, is **DENIED**.  It is further

**ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 181, is **GRANTED**, and judgment is entered for Plaintiff on Counts I through IV and VI through IX of the Amended Complaint, ECF No. 178.  It is further

**DECLARED** that Executive Order No. 14,263, 90 Fed. Reg. 15615 (Apr. 15, 2025), entitled "Addressing Risks from Susman Godfrey," is unconstitutional and therefore null and void. It is further

**ORDERED** that:

(1)    Defendants, departments, agencies, and other entities subject to Executive Order 14,263, as well as their officers, agents, servants, employees, and attorneys, are **PERMANENTLY ENJOINED** from implementing, enforcing, or giving effect to Executive

Order 14,263 in any way;

(2) Defendants, departments, agencies, and other entities subject to Executive Order 14,263, as well as their officers, agents, servants, employees, and attorneys, are **PERMANENTLY ENJOINED** from relying on or using in any way or for any purpose, or otherwise taking any action based upon, the statements laid out in Section 1 of Executive Order 14,263, including but not limited to in any interactions with Plaintiff, Plaintiff's clients, or government contractors; or with employees or other personnel of Plaintiff, Plaintiff's clients, or government contractors;

(3) Defendants U.S. Department of Justice and Pamela Bondi, in her official capacity as U.S. Attorney General, are **DIRECTED** to:

(a) provide a copy of this Order to all Defendants, departments, agencies, and other entities subject to Executive Order 14,263; any other departments, agencies, and entities that received Executive Order 14,263 or guidance related to Executive Order 14,263; and the respective officers, staff, employees, and independent contractors of any of the foregoing;

(b) direct the recipients to comply with the terms of this Order;

(c) notify all recipients that they are bound by the court's order, under penalty of contempt; and

(d) provide counsel for Plaintiff with a copy of such communication(s);

(4) Defendants, departments, agencies, and other entities subject to Executive Order 14,263, as well as their officers, agents, servants, employees, and attorneys, are **DIRECTED** to rescind all formal or informal guidance or other direction provided to officers, staff, employees, or contractors of the federal government to communicate, effectuate, implement,

2

or enforce Executive Order 14,263, including Sections 2 and 4 that were not subject to this court's Temporary Restraining Order, ECF No. 15;

(5)    Defendants, departments, agencies, and other entities subject to Executive Order 14,263, as well as their officers, agents, servants, employees, and attorneys, are **DIRECTED** to immediately notify all officers, staff, employees, and contractors subject to Executive Order 14,263 that Executive Order 14,263 is unlawful, null and void in its entirety and therefore should be disregarded, including all prior formal or informal advice, opinions, or direction previously received or communicated to effectuate, implement, or enforce Executive Order 14,263, and that all departments, agencies, officers, staff, employees, and contractors of the federal government should carry on with their ordinary course of business with Susman Godfrey LLP,[1] its personnel, its clients, and its clients' personnel known or believed by them to be associated with Susman Godfrey LLP, as if Executive Order 14,263 had not issued;

(6)    Defendants, departments, agencies, and other entities subject to Executive Order 14,263, as well as their officers, agents, servants, employees, and attorneys, are **DIRECTED** to immediately (a) communicate to every recipient of a formal or informal request for disclosure of any relationship with Susman Godfrey LLP or any person associated with the firm, made pursuant to Section 3(a) of Executive Order 14,263, that such request is permanently rescinded; and (b) cease making such requests for disclosure, pursuant to Section 3(a) of Executive Order 14,263;

(7)    Defendants, departments, agencies, and other entities subject to Executive Order 14,263, as well as their officers, agents, servants, employees, and attorneys, are

---

[1] For purposes of this Order, Susman Godfrey LLP includes any affiliates, predecessors, successors, assigns, directors, officers, partners, employees, and agents.

**DIRECTED** to cease any security clearance review, made pursuant to Sections 1 or 2(a) of Executive Order 14,263, and to reverse any suspension or revocation of any active security clearances, made pursuant to Sections 1 or 2(a) of Executive Order 14,263;

(8)    Defendants the Office of Management and Budget and Russell Vought, in his official capacity as director of the Office of Management and Budget, are **DIRECTED** to identify all government goods, property, material, and services, provided for the benefit of Susman Godfrey LLP, that were previously identified pursuant to Section 2(b) of Executive Order 14,263, and to immediately issue direction to the relevant heads of agencies and departments that they are to reverse any cessation of the provision of such material or services, if such cessation was done pursuant to Executive Order 14,263;

(9)    Defendants U.S. Department of Justice; Pamela Bondi in her official capacity as U.S. Attorney General; Equal Employment Opportunity Commission; and Andrea R. Lucas, in her official capacity as Acting Chair of the Equal Employment Opportunity Commission, are **DIRECTED** to immediately cease any investigation of Susman Godfrey LLP made pursuant to Section 4 of Executive Order 14,263, and to withdraw any requests for information from Susman Godfrey LLP or other investigative steps made pursuant to Section 4 of Executive Order 14,263;

(10)    Defendants, departments, agencies, and other entities subject to Executive Order 14,263, as well as their officers, agents, servants, employees, and attorneys, are **ORDERED** that they must act in good faith to take such other steps as are necessary to prevent the implementation or enforcement of Executive Order 14,263 and to reverse any implementation or enforcement of Executive Order 14,263 that has occurred or is occurring; and

(11)    Defendants are **ORDERED** to file a status report within two business days of this Order describing the steps taken to ensure compliance with this Order and certifying compliance

4

with its requirements; and it is further

      (12)    **ORDERED** that this court shall retain jurisdiction to enforce or modify this Order.

      This Order constitutes a final judgment of the court within the meaning of Rule 58(a) of the Federal Rules of Civil Procedure.  The Clerk of Court is directed to terminate the case.

      **SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date: June 27, 2025

5

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SUSMAN GODFREY LLP,

       *Plaintiff*,

   v.

EXECUTIVE OFFICE OF THE
PRESIDENT, *et al.*,

       *Defendants*.

Civil Action No. 25 - 1107 (LLA)

## <u>MEMORANDUM OPINION</u>

In April 2025, President Donald J. Trump issued an Executive Order targeting the law firm Susman Godfrey LLP ("Susman") based on the clients it represents and the causes it supports. The order was one in a series attacking firms that had taken positions with which President Trump disagreed. In the ensuing months, every court to have considered a challenge to one of these orders has found grave constitutional violations and permanently enjoined enforcement of the order in full. *Perkins Coie LLP v. U.S. Dep't of Just.*, No. 25-CV-716, 2025 WL 1276857, at *49 (D.D.C. May 2, 2025); *Jenner & Block LLP v. U.S. Dep't of Just.*, No. 25-CV-916, 2025 WL 1482021, at *26 (D.D.C. May 23, 2025); *Wilmer Cutler Pickering Hale & Dorr LLP v. Exec. Off. of President*, No. 25-CV-917, 2025 WL 1502329, at *33-34 (D.D.C. May 27, 2025). Today, this court follows suit, concluding that the order targeting Susman violates the U.S. Constitution and must be permanently enjoined.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.    Susman Godfrey LLP

Founded in 1980, Susman is a well-known trial firm with offices in Houston, Los Angeles, New York, and Seattle.  ECF No. 51-2 ¶¶ 1-2, 8; ECF No. 159-1 ¶¶ 1-2, 8.  While Susman has just over 230 attorneys, it is one of the top 100 revenue-generating law firms in the United States.  ECF No. 51-2 ¶¶ 2, 4; ECF No. 159-1 ¶¶ 2, 4.

Susman works on a wide variety of cases, and approximately one-third of its active matters take place before federal courts and agencies.  ECF No. 51-2 ¶¶ 3, 23; ECF No. 159-1 ¶¶ 3, 23.  In representing its clients, Susman has interacted with, and anticipates further interactions with, at least fifteen federal departments, agencies, and officials.  ECF No. 51-2 ¶ 26; ECF No. 159-1 ¶ 26.  Additionally, Susman has nearly twenty clients that either contract or do business with the federal government or have affiliates that are government contractors and subcontractors.  ECF No. 51-2 ¶ 28; ECF No. 159-1 ¶ 28.

Many of the practice areas in which Susman specializes require frequent interaction with the federal government.  ECF No. 51-2 ¶ 30; ECF No. 159-1 ¶ 30.  For example, Susman frequently handles cases involving the False Claims Act; patent infringement; antitrust matters including price-fixing, market allocation, refusal-to-deal, no-poach, and monopolization claims; and statutes regulating the environment.  ECF No. 51-2 ¶¶ 30-31, 39, 44, 46; ECF No. 159-1 ¶¶ 30-31, 39, 44, 46.  The same is true of Susman's pro bono activities, which include matters related to human rights violations, anti-discrimination issues, constitutional challenges, and death penalty appeals, and also involve interacting with the federal government and appearing in federal court.  ECF No. 51-2 ¶¶ 48-49; ECF No. 159-1 ¶¶ 48-49.

## B.    Executive Order 14,263

On April 9, 2025, President Trump signed and issued Executive Order 14,263 (the "Order"), titled "Addressing Risks from Susman Godfrey," along with an accompanying "fact sheet."  *See* Exec. Order No. 14,263, 90 Fed. Reg. 15615 (Apr. 15, 2025); ECF No. 51-7.  The Order followed on the heels of similar executive orders targeting several other law firms, including Perkins Coie LLP, Jenner & Block LLP, Wilmer Cutler Pickering Hale and Dorr LLP, and Paul, Weiss, Rifkind, Wharton & Garrison LLP, as well as a memorandum targeting Covington & Burling LLP.  ECF No. 51-2 ¶¶ 70-115; ECF No. 159-1 ¶¶ 70-115.[1]  The Order proceeds in six sections.

*Section 1.*  The first section, titled "Background," provides the factual basis for the Order. It begins by stating President Trump's belief that "[l]awyers and law firms that engage in activities detrimental to critical American interests should not have access to our Nation's secrets, nor should their conduct be subsidized by Federal taxpayer funds or contracts" and explains that the federal government must take steps to "guard against the actual, potential, or perceived conflicts of interest that arise when the Government funds, engages with, or otherwise devotes resources to law firms and their clients that engage in conduct undermining critical American interests and priorities." Order § 1.

The Order then zeroes in on Susman, offering three reasons that the President "ha[s] determined that action is necessary to address the significant risks, egregious conduct, and conflicts

---

[1] *See* Addressing Risks from WilmerHale, Exec. Order No. 14,250, 90 Fed. Reg. 14549 (Apr. 3, 2025); Addressing Risks from Jenner & Block, Exec. Order No. 14,246, 90 Fed. Reg. 13997 (Mar. 28, 2025); Addressing Risks from Perkins Coie LLP, Exec. Order No. 14,230, 90 Fed. Reg. 11781 (Mar. 11, 2025); Addressing Risks from Paul Weiss, Exec. Order No. 14,237, 90 Fed. Reg. 13039 (Mar. 20, 2025) (revoked by Addressing Remedial Action by Paul Weiss, Exec. Order No. 14,244 § 1, 90 Fed. Reg. 13685 (Mar. 26, 2025)); Suspension of Security Clearances and Evaluation of Government Contracts, The White House (Feb. 25, 2025), https://perma.cc/66W7-9WM3.

3

of interest" posed by the firm. *Id.* First, it accuses Susman of "spearhead[ing] efforts to weaponize the American legal system and degrade the quality of American elections." *Id.* Neither this section nor the rest of the Order explains what exactly this refers to, but Susman proffers—and the government does not dispute—that it references Susman's representation of Dominion Voting Systems and state election officials in connection with litigation concerning the 2020 election.[2] ECF No. 164, at 3; Hr'g Tr. at 4:19-21, 72:13-18. Next, the Order asserts that Susman "funds groups that engage in dangerous efforts to undermine the effectiveness of the United States military through the injection of political and radical ideology." Order § 1. Again, the Order offers no explanation of what is meant by this, but Defendants suggest that it refers to Susman's decision to donate funds to "GLBTQ Legal Advocates and Defenders (GLAD), which previously sued the Federal Government to enjoin [a] Department of Defense policy." ECF No. 159, at 13 n.2. Finally, the Order claims that Susman "supports efforts to discriminate on the basis of race" and "itself engages in unlawful discrimination, including . . . on the basis of race." Order § 1. To substantiate this claim, the Order explains that "Susman administers a program where it offers financial awards and employment opportunities only to 'students of color' . . . [which is] unlawful discrimination perpetrated in the name of 'diversity, equity, and inclusion' policies." *Id.* Throughout Section 1, the Order repeatedly asserts that Susman's activities are "inconsistent with the interests of the United States" and "undermin[e] critical American interests and priorities." *Id.*

---

[2] Following the 2020 election, various news outlets falsely claimed that voting machines supplied by Dominion Voting Systems had been rigged, causing President Trump to fail in his bid for reelection. ECF No. 51-2 ¶ 53; ECF No. 159-1 ¶ 53 (Defendants dispute portions of the statement "to [the] extent inconsistent with EO 14250 § 1," which is not at issue in this case). President Trump echoed these aspersions on social media. ECF No. 51-2 ¶¶ 53-55; ECF No. 159-1 ¶¶ 53-55. Susman represents Dominion Voting Systems in various defamation lawsuits related to these accusations. ECF No. 51-2 ¶¶ 56, 65; ECF No. 159-1 ¶¶ 56, 65. Susman also defended the Secretary of the State of Arizona and the Governor of Wisconsin in lawsuits accusing them of election interference. ECF No. 51-2 ¶¶ 66-67; ECF No. 159-1 ¶¶ 66-67.

*Section 2.*  The second section, titled "Security Clearance Review," instructs the Attorney General, the Director of National Intelligence, and other agency heads to "immediately take steps consistent with applicable law to suspend any active security clearances held by individuals at Susman, pending a review of whether such clearances are consistent with the national interest." Order § 2(a).  It further commands the Office of Management and Budget to "identify all Government goods, property, material, and services, including Sensitive Compartmented Information Facilities, provided for the benefit of Susman" so that agency heads can "expeditiously cease such provision." *Id.* § 2(b)  The section does not provide any further detail, nor does it explain what the review of Susman clearances to ensure "consisten[cy] with the national interest" might entail.  *Id.*

*Section 3.*  The third section, titled "Contracting," sets several limitations on the ability of Susman and parties that do business with Susman to contract with the federal government, purportedly so that the government does not subsidize "activities that are not aligned with American interests."  Order § 3(a).  The section first "require[s] Government contractors to disclose any business they do with Susman and whether that business is related to the subject of the Government contract."  *Id.*  Informed by these disclosures, agency heads must review all contracts with Susman and parties that do business with Susman and "take appropriate steps to terminate any contract . . . for which Susman has been hired to perform any service" and "otherwise align their agency funding decisions . . . with the goals and priorities of [the Trump] Administration."  *Id.* § 3(b).  To ensure compliance with the Order, agencies are required to submit to the Office of Management and Budget an assessment of any relevant contracts, and actions taken with respect to those contracts, within thirty days. *Id.* § 3(b)(ii).

5

*Section 4.*  The fourth section, titled "Racial Discrimination," states only that "[n]othing in this order shall be construed to limit the action authorized by section 4 of Executive Order 14230 of March 6, 2025 (Addressing Risks from Perkins Coie LLP)."  Order § 4.  Section 4 of Executive Order 14,230 instructs the Chair of the Equal Employment Opportunity Commission to review the practices of "large, influential, or industry[-]leading law firms for consistency with Title VII of the Civil Rights Act of 1964," with a focus on whether these firms "reserve certain positions, such as summer associate spots, for individuals of preferred races; promote individuals on a discriminatory basis; permit client access on a discriminatory basis; or provide access to events, trainings, or travel on a discriminatory basis."  Exec. Order No. 14,230 § 4, 90 Fed. Reg. at 11782.  That order also directs the Attorney General to spearhead investigations into law firms that "do business with Federal entities for compliance with race-based and sex-based non-discrimination laws and take any additional actions the Attorney General deems appropriate in light of the evidence uncovered." *Id.*

*Section 5.*  The fifth section of the Susman Order, titled "Personnel," instructs agency heads to "provide guidance limiting official access from Federal Government buildings to employees of Susman when such access would threaten the national security of or otherwise be inconsistent with the interests of the United States" and to provide further guidance "limiting Government employees acting in their official capacity from engaging with Susman employees."  Order § 5(a). It also creates a presumption against hiring Susman employees into the federal government, directing agency officials to "refrain from hiring employees of Susman, absent a waiver from the head of the agency, made in consultation with the Director of the Office of Personnel Management, that such hire will not threaten the national security of the United States."  *Id.* § 5(b).

6

*Section 6.*  The last section of the Order, titled "General Provisions," explains that the Order must be implemented "consistent with applicable law" and clarifies that nothing in the Order should be "construed to impair or otherwise affect" the "authority granted by law to an executive department or agency, or the head thereof" or "the functions of the Director of the Office of Management and Budget relating to budgetary, administrative, or legislative proposals."  Order § 6.

Alongside the Order, the White House issued a "fact sheet" that largely regurgitates the language of the Order, refers to Susman as a "rogue law firm[,]" and explains that "President Trump is delivering on his promise to end the weaponization of government and protect the nation from partisan and bad faith actors who exploit their influence."  ECF No. 51-7.

The Trump Administration did not contact Susman in advance of issuing the Order and accompanying fact sheet.  ECF No. 51-2 ¶¶ 157-58; ECF No. 159-1 ¶¶ 157-58.  It also has not provided the firm an opportunity to respond to the allegations contained in the Order and fact sheet. ECF No. 51-2 ¶ 159; ECF No. 51-3 ¶ 61.

## C.    Procedural History

On April 11, 2025, Susman filed suit to challenge the constitutionality of the Order.  ECF No. 1.[3]  A few days later, the firm sought a temporary restraining order ("TRO") to prevent implementation of Sections 1, 3, and 5 of the Order.  ECF No. 10.  On April 15, the court heard oral arguments from both parties and granted Susman's request for a TRO.  *See* Apr. 15, 2025 Minute Entry; ECF No. 15.  Specifically, the court temporarily enjoined Defendants "from

---

[3] Susman brings this suit against various agencies and officers in their official capacity.  To the extent that any officer who is a party to the case is replaced, "[t]he officer's successor is automatically substituted as a party" pursuant to Federal Rule of Civil Procedure 25(d).

7

implementing or giving effect to Sections 1, 3, and 5" of the Order and directed Defendants "to rescind any and all guidance or direction" relating to the implementation or enforcement of those sections of the Order. ECF No. 15, at 1. The court further ordered Defendants to file a status report "describing the steps taken to ensure compliance with [the court's] order and certifying compliance with its requirements." *Id.* at 2. Accordingly, Defendants reported that the Department of Justice had distributed the court's order with directions to ensure compliance. ECF No. 28, at 1. By the agreement of the parties, ECF No. 27, at 2; Fed. R. Civ. P. 65(b)(2), the court extended its TRO "until final judgment is entered in this matter" and set a dispositive briefing schedule, ECF No. 30, at 1.

Susman then moved for summary judgment, requesting that the court declare the Order "unlawful because it violates the First and Fifth Amendments to the U.S. Constitution, exceeds the President's constitutional authority under Article II, and violates the separation of powers." ECF No. 51, at 1. The firm seeks to permanently enjoin Defendants from implementing or enforcing the Order. *Id.* Defendants separately moved to dismiss Susman's claims. ECF No. 58. The court held a hearing on both motions on May 8. *See* May 8, 2025 Minute Entry.

Following the hearing, Susman amended its complaint to add additional federal defendants subject to the Order. ECF No. 178. Given the limited nature of the amendment, the parties agreed to not submit new briefing and, instead, incorporate the parties' prior briefing into their new motions. ECF No. 175. The renewed motions are both fully briefed. ECF Nos. 51, 159, 164, 181 (motion for summary judgment); ECF Nos. 58, 158, 174, 180 (motion to dismiss). The court is

also in receipt of twenty-one amicus briefs filed in support of Susman's motion for summary judgment.[4]

### D.      Related Orders and Litigation

Before and after the issuance of the Susman Order, several other law firms, including Skadden, Arps, Slate, Meagher & Flom LLP; Willkie Farr & Gallagher LLP; Milbank LLP; Kirkland & Ellis LLP; Allen Overy Shearman Sterling US, LLP; Simpson Thacher & Bartlett LLP; Latham & Watkins LLP; and Cadwalader, Wickersham & Taft LLP negotiated agreements with the Trump Administration to avoid being the target of similar orders.[5]  These firms committed to providing hundreds of millions of dollars in pro bono work on initiatives supported by President

---

[4] *See* ECF Nos. 65 (775 Law Professors); 66 (Lawyers Defending American Democracy, Inc.); 72 (Washington, Illinois, Massachusetts, New Jersey, Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Hawai'i, Maine, Maryland, Michigan, Minnesota, Nevada, New Mexico, New York, Oregon, Rhode Island, and Vermont); 73 (Professor Aaron H. Caplan); 113 (Former and Current General Counsel); 114 (Fred T. Korematsu Center for Law and Equality); 141 (366 Former Judges); 142 (Lawyers' Committee for Civil Rights Under Law, Public Counsel, Washington Lawyers' Committee for Civil Rights and Urban Affairs, Public Interest Law Center, Chicago Lawyers' Committee for Civil Rights Under Law, Mississippi Center for Justice, and Lawyers' Committee for Civil Rights of the San Francisco Bay Area); 143 (Former Presidents of the District of Columbia Bar, Past Presidents of Voluntary Bar Associations, and Voluntary Bar Associations in the District of Columbia); 144 (Law Firm Partners United Inc.); 145 (NAACP Legal Defense & Educational Fund, Inc.); 146 (777 Solo and Small Firm Lawyers); 147 (23 Nongovernmental Organizations); 148 (American Civil Liberties Union, American Civil Liberties Union of the District of Columbia, Cato Institute, Center for Individual Rights, Electronic Frontier Foundation, Foundation for Individual Rights and Expression, Institute for Justice, Knight First Amendment Institute at Columbia University, National Coalition Against Censorship, Reporters Committee for the Freedom of the Press, Rutherford Institute, and Society for the Rule of Law Institute); 149 (Bar Associations and Lawyer Membership Associations); 150 (Legal Ethics Professors); 151 (884 Law Firms); 152 (Former Senior Government Officials); 153 (Litigation Firms); 154 (Institute for the Rule of Law of the Union Internationale des Avocats); 155 (1129 Law Students and 51 Law Student Organizations).

[5] One firm, Paul, Weiss, Rifkind, Wharton & Garrison LLP, negotiated a deal after executive action had already been taken against it.  In exchange for millions of dollars in promised pro bono legal services, President Trump rescinded the executive order targeting the firm.  ECF No. 51-2 ¶¶ 87-97; ECF No. 159-1 ¶¶ 87-97.

Trump, including ones that "represent the full political spectrum, including [c]onservative ideals," ECF No. 51-2 ¶¶ 127, 132, 137, 141; ECF No. 159-1 ¶¶ 127, 132, 137, 141, and further affirmed that they would not "engage in illegal DEI discrimination and preferences," ECF No. 51-2 ¶ 141; ECF No. 159-1 ¶ 141; *see generally* ECF No. 51-2 ¶¶ 123-47; ECF No. 159-1 ¶¶ 123-47.

Three other law firms were subject to executive orders like the one targeting Susman, and each filed suit.  On March 6, 2025, President Trump issued Executive Order 14,230, "Addressing Risks from Perkins Coie LLP."  90 Fed. Reg. 11781 (Mar. 11, 2025).  In Section 1, that order contends that Perkins Coie "represent[ed] failed Presidential candidate Hillary Clinton," "hired Fusion GPS, which then manufactured a false 'dossier' designed to steal an election," and "worked with activist donors including George Soros to judicially overturn . . . election laws," and in Sections 2 through 6, it imposes restrictions on Perkins Coie akin to those placed on Susman.  *Id.*  Perkins Coie quickly moved for a temporary restraining order as to Sections 1, 3, and 5 of Executive Order 14,230, which the court granted.  Order, *Perkins Coie LLP*, No. 25-CV-716, 2025 WL 782889 (D.D.C. Mar. 12, 2025), ECF No. 21.  On May 2, 2025, the court granted summary judgment to Perkins Coie, concluding that Executive Order 14,230 violates the First, Fifth, and Sixth Amendments to the U.S. Constitution.  *Perkins Coie LLP*, No. 25-CV-716, 2025 WL 1276857, at *49 (D.D.C. May 2, 2025).  The court permanently enjoined the order in its entirety. *Id.*

On March 25, 2025, President Trump issued Executive Order 14,246, "Addressing Risks from Jenner & Block."  90 Fed. Reg. 13997 (Mar. 28, 2025).  That order accuses Jenner of "support[ing] attacks against women and children based on a refusal to accept the biological reality of sex, and back[ing] the obstruction of efforts to prevent illegal aliens from committing horrific crimes and trafficking deadly drugs within our borders."  *Id.*  Jenner sought a temporary restraining

order against Sections 1, 3, and 5 of Executive Order 14,246, which the court largely granted. Order, *Jenner & Block LLP*, No. 25-CV-916, 2025 WL 942426 (D.D.C. Mar. 28, 2025), ECF No. 9. On May 23, 2025, the court granted summary judgment to Jenner, concluding that Executive Order 14,246 violates the First Amendment. *Jenner & Block LLP*, No. 25-CV-916, 2025 WL 1482021, at *26 (D.D.C. May 23, 2025). The court permanently enjoined the order in full. *Id.*

On March 27, 2025, President Trump issued Executive Order 14,250, "Addressing Risks from WilmerHale." 90 Fed. Reg. 14549 (Apr. 3, 2025). That order contends that WilmerHale "employ[s] lawyers who weaponize the prosecutorial power to upend the democratic process and distort justice." *Id.* WilmerHale sought a temporary restraining order enjoining enforcement of the order, which the court granted as to Sections 3 and 5. Order, *Wilmer Cutler Pickering Hale & Dorr LLP*, No. 25-CV-917, 2025 WL 946979 (D.D.C. Mar. 28, 2025), ECF No. 10. On May 27, 2025, the court granted summary judgment to WilmerHale, concluding that Executive Order 14,250 violates the First, Fifth, and Sixth Amendments and is *ultra vires*. *Wilmer Cutler Pickering Hale & Dorr LLP*, No. 25-CV-917, 2025 WL 1502329, at *33-34 (D.D.C. May 27, 2025). As with the courts considering the Perkins Coie and Jenner orders, the court permanently enjoined the WilmerHale order in its entirety. *Id.*

In anticipation of additional executive orders targeting law firms, the American Bar Association ("ABA") filed suit to challenge the "Law Firm Intimidation Policy"—"a series of materially identical executive orders designed to severely damage . . . and intimidate . . . firms and lawyers" to "abandon clients, causes, and policy positions the President does not like." Compl., *Am. Bar Ass'n v. Exec. Off. of President*, No. 25-CV-1888, ECF No. 1 ¶ 4 (D.D.C. June 16, 2025). The ABA has asked the court to declare the policy unconstitutional and enjoin the federal

11

government from implementing and enforcing the policy against the ABA or its members.  *Id.*
¶¶ 269-78.

## II.    LEGAL STANDARDS

### A.    Rule 8

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint include: (1) "a
short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain
statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the
relief sought."   Fed. R. Civ. P. 8(a)   The rule ensures that defendants have "notice of what
the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
545 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).   A
complaint that is "excessively long, rambling, disjointed, incoherent, or full of irrelevant and
confusing material" or that "contains an untidy assortment of claims that are neither plainly nor
concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues[,] and
personal comments" will fail to meet Rule 8's pleading standard.  *Jiggetts v. District of Columbia*,
319 F.R.D. 408, 413 (D.D.C. 2017) (quoting *T.M. v. District of Columbia*, 961 F. Supp. 2d 169,
174 (D.D.C. 2013)), *aff'd sub nom.*, *Cooper v. District of Columbia*, No. 17-7021, 2017 WL
5664737 (D.C. Cir. Nov. 1, 2017).

### B.    Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction," and it is generally presumed that "a cause
lies outside [of] this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.
375, 377 (1994).  Under Federal Rule of Civil Procedure 12(b)(1), the court must dismiss an action
unless the plaintiff can establish, by a preponderance of the evidence, that the court possesses
subject-matter jurisdiction.  *Green v. Stuyvesant*, 505 F. Supp. 2d 176, 177 (D.D.C. 2007).  In

reviewing such a motion, the court "is not limited to the allegations set forth in the complaint" and "may consider materials outside the pleadings." *Morrow v. United States*, 723 F. Supp. 2d 71, 76 (D.D.C. 2010) (quoting *Jerome Stevens Pharms., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005)).  Additionally, when reviewing a motion to dismiss pursuant to Rule 12(b)(1), the court is required to "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'"  *Am. Nat'l Ins. Co. v. Fed. Deposit Ins. Corp.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

### C.    Rule 12(b)(6)

Under Rule 12(b)(6), the court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In evaluating a motion under Rule 12(b)(6), a court accepts all well-pleaded factual allegations in the complaint as true.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009).  Although the plausibility standard does not require "detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor will "'naked assertion[s]' devoid of 'further factual enhancement'" suffice.  *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

In determining whether a complaint states a claim, a court may consider only the facts alleged in the complaint and "any documents either attached to or incorporated in the complaint

and matters of which [the court] may take judicial notice." *N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1249 (D.C. Cir. 2020) (alteration in original) (quoting *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017)).

### D.    Rule 56

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Where the parties do not dispute any material facts, as is the case here, the case is "particularly amenable to resolution on summary judgment" because all that remains is the application of law. *W & T Travel Servs., LLC v. Priority One Servs., Inc.*, 69 F. Supp. 3d 158, 164 (D.D.C. 2014).

### III.    DISCUSSION

In its ten-count complaint, Susman alleges that the Order violates the First Amendment because it retaliates against the firm for protected expression (Count I), ECF No. 178 ¶¶ 141-52; constitutes impermissible viewpoint discrimination (Count II), *id.* ¶¶ 153-61; interferes with the firm's right to petition the government (Count III), *id.* ¶¶ 162-67; interferes with the firm's right of free association (Count IV), *id.* ¶¶ 168-74; and places unconstitutional conditions on government contracts in violation of both the First Amendment and the Spending Clause (Count V), *id.* ¶¶ 175-81.  Susman further contends that the Order violates the Fifth Amendment's guarantees of procedural due process (Count VI), *id.* ¶¶ 182-90; fair notice (Count VII), *id.* ¶¶ 191-97; the right to counsel (Count VIII), *id.* ¶¶ 198-202; and equal protection (Count IX), *id.* ¶¶ 203-11; and that it violates the Constitution's separation of powers and is *ultra vires* (Count X), *id.* ¶¶ 212-20.

Defendants seek dismissal of the complaint, raising threshold standing and procedural arguments concerning some of Susman's claims and challenging the sufficiency of the firm's allegations in support of others. ECF No. 180. While Federal Rule of Civil Procedure 12(b) directs a defendant to assert "[e]very defense to a *claim* for relief" in its motion to dismiss, Fed. R. Civ. P. 12(b) (emphasis added), Defendants curiously do not organize their motion to address Susman's complaint count-by-count but instead defend the Order section-by-section, *see generally* ECF No. 180. Susman opposes Defendants' motion to dismiss and argues that it is entitled to summary judgment and a permanent injunction against the Order in its entirety. ECF No. 181. To avoid potential redundancies created by Defendants' peculiar approach to their motion to dismiss, the court will proceed by first considering Defendants' threshold standing and procedural arguments on a section-by-section basis, next addressing—jointly—Defendants' disputes with the sufficiency of Susman's allegations and Susman's arguments in support of summary judgment, and finally determining whether Susman is entitled to a permanent injunction on any of its claims.

### A.    None of Defendants' Threshold Arguments Precludes Relief

### 1.    Section 1

As noted, Section 1 states that Susman "engage[s] in activities detrimental to critical American interests," "spearheads efforts to weaponize the American legal system and degrade the quality of American elections[,] . . . funds groups that engage in dangerous efforts to undermine the effectiveness of the United States military through the injection of political and radical ideology, and . . . supports efforts to discriminate on the basis of race." Order § 1. On this basis, President Trump has "determined that action is necessary to address the significant risks, egregious conduct, and conflicts of interest associated with Susman." *Id.*

15

Defendants move to dismiss Susman's claims concerning Section 1, arguing that the language contained therein "is simply government speech" and "is exempt from First Amendment scrutiny."  ECF No. 174, at 1, 3 (quoting *Johanns v. Livestock Mktg. Ass'n*, 544 U.S. 550, 553 (2005)); *see* ECF No. 58-1, at 12.  Susman responds that, while "a President is 'entitled to say what [he] wishes,'" the statements in Section 1 go beyond "mere presidential musing."  ECF No. 158, at 34 (alteration in original) (quoting *Pleasant Grove City v. Summum*, 555 U.S. 460, 467-68 (2009)).  Susman identifies two ways in which Section 1 gives rise to actionable claims.  First, Susman argues that the official findings in Section 1 "imbue every substantive provision of the Order with its operative effect" and "lay[] the predicate—and set[] the government policy— that will justify (even *require*) agencies' decisions to terminate contracts involving Susman or its clients."  *Id.*  Second, Susman contends that even if Section 1 were the entirety of the Order, it would still be actionable because federal agencies may rely on the official factual findings contained therein to take adverse action against the firm and because it has inflicted reputational harm that has damaged the firm's ability to attract and retain clients.  *See* Hr'g Tr. at 9:13-11:8.

The court agrees with Susman.  As the Supreme Court made clear in *National Rifle Ass'n of America v. Vullo*, 602 U.S. 175 (2024), "[a] government official can share h[is] views freely and criticize particular beliefs, and []he can do so forcefully in the hopes of persuading others to follow h[is] lead.  What []he cannot do, however, is use the power of the State to punish or suppress disfavored expression."  *Id.* at 188.  In instances where a plaintiff alleges the latter, the court is called "to scrutinize" the "application of state power" in question.  *Id.* (quoting *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 463 (1958)).

While Defendants describe Susman as attempting to "silence the Government's . . . opinions" because it "does not like what the current Administration thinks about [it]," this

16

mischaracterizes the relief that the firm is seeking.  ECF No. 58, at 12.  Susman is not asking the court to "muzzl[e] the Executive" by enjoining the President's speech.  *Id.* at 1.  Instead, it asks the court to enjoin Defendants "from implementing or giving effect to the Order in any way, including by relying on any of the statements in Section 1."  ECF No. 178, at 118.  In this way, Susman is asking the court to "scrutinize" the "application of state power" for evidence of an unconstitutional attempt to coerce.  *NAACP*, 357 U.S. at 463.  This aligns perfectly with the kind of claim contemplated in *Vullo*, and Susman may therefore proceed with its claims related to Section 1.

### 2.    Section 2

Section 2(a) of the Order directs the Attorney General, the Director of National Intelligence, and "all other relevant heads of executive departments and agencies" to "immediately take steps consistent with applicable law to suspend any active security clearances held by individuals at Susman, pending a review of whether such clearances are consistent with the national interest."  Order § 2(a).  The mandate applies to all Susman personnel, whether attorneys or staff, and it does not differentiate between individuals who hold security clearances in connection with their work at the firm or in another context—such as one attorney's security clearance in connection with his military service.  ECF No. 51-3 ¶ 79.  Section 2(b) of the Order directs the Office of Management and Budget to "identify all Government goods, property, material, and services, including Sensitive Compartmented Information Facilities, provided for the benefit of Susman," and instructs any agency heads providing such goods to, "to the extent permitted by law, expeditiously cease such provision."  Order § 2(b).

Defendants raise two threshold arguments for dismissing the counts concerning Section 2. First, they assert that the blanket suspension of security clearances under Section 2 is "not

judicially reviewable" in light of "governing D.C. Circuit precedent"—specifically *Lee v. Garland*, 120 F.4th 880 (D.C. Cir. 2024), in which the D.C. Circuit concluded that "an Executive Branch decision to deny or revoke a security clearance" was not reviewable in court, *id.* at 891.  ECF No. 58-1, at 12-13.  Susman responds that *Lee* does not extend so broadly as to foreclose its constitutional challenges to Defendants' blanket revocation of its employees' security clearances divorced from national security concerns.  ECF No. 158, at 35-37.

The court agrees that *Lee* does not bar its review of Susman's claims regarding Section 2 of the Order.  *Lee* concerned an individual employee's challenge to the denial of his security clearance, which the D.C. Circuit held was nonjusticiable because "the decision whether to grant an employee a security clearance [is] 'a sensitive and inherently discretionary judgment call [that] is committed by law to the appropriate agency of the Executive Branch.'"  120 F.4th at 886 (quoting *Dep't of Navy v. Egan*, 484 U.S. 518, 527 (1988)).  In so holding, the D.C. Circuit did not foreclose any challenge "simply because it tangentially relates to a security clearance," *id.* at 892, which is in keeping with other D.C. Circuit precedent explaining that "[i]t is simply not the case that all security-clearance decisions are immune from judicial review," *Nat'l Fed'n of Fed. Emps. v. Greenberg*, 983 F.2d 286, 289 (D.C. Cir. 1993).  In *Greenberg*, the D.C. Circuit determined that it could consider the constitutionality of asking applicants for a security clearance about their history of drug use and mental health because (1) the plaintiffs' "alleged injuries—the compelled disclosure of incriminating or private facts—[] existed regardless of how the government might have resolved any particular application," and (2) the plaintiffs "did not seek review of 'discretionary judgments' regarding the merits of any 'particular employee's security clearance.'"  *Lee*, 120 F.4th at 893 (quoting *Greenberg*, 983 F.2d at 290).  That is precisely the situation here.  Susman's alleged constitutional injuries exist independent of any final decision on

whether to reinstate any individual employee's security clearance.  Susman is not seeking to review any discretionary judgment about an individual security clearance but is instead raising a constitutional challenge to President Trump's blanket policy of revoking all its employees' clearances.

Second, Defendants argue that Susman's challenges to Section 2 are not ripe yet because the revocation of its employees' security clearances is "pending a review whether such clearances are consistent with the national interest."  ECF No. 58-1, at 14 (quoting Order § 2(a)).  Defendants maintain that "[u]ntil any clearance suspension is accomplished consistent with applicable law[] and then reviewed consistent with applicable law and a further security clearance determination made, any dispute is premature for judicial consideration."  ECF No. 58-1, at 15.  Again, the court is not convinced.  Section 2 of the Order directs the revocation of Susman employees' security clearances "immediately," Order § 2(a), which creates a here-and-now injury independent of the outcome of any individualized post-deprivation process.  *See Doe v. Cheney*, 885 F.2d 898, 910 (D.C. Cir. 1989) (holding that due process entitled the plaintiff to a "meaningful opportunity to contest" allegations before revocation of a security clearance).

### 3.    Section 3

Section 3 of the Order requires government contractors to "disclose any business they do with Susman and whether that business is related to the subject of the Government contract."  Order § 3(a).  It further instructs agency heads to "review all contracts with Susman or with entities that disclose doing business with Susman" and "[t]o the extent permitted by law . . . take appropriate steps to terminate any contract . . . for which Susman has been hired to perform any service."  *Id.* § 3(b).

19

Defendants argue that Susman does not have standing to bring claims related to Section 3 because the firm has not alleged an injury-in-fact that is "concrete and particularized," "actual or imminent," or traceable to Defendants' actions. ECF No. 58, at 18 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Specifically, Defendants discount as "speculative," ECF No. 58-1, at 20, Susman's arguments that Section 3 pressures the firm's existing clients to "sever or cut back on their relationship with Susman by requiring them to reveal any business they do with the Firm," "threaten[s] them with loss of government contracts that are almost certainly important to their businesses if they maintain their relationships with Susman," ECF No. 158, at 5, and discourages prospective clients from retaining the firm "for fear that doing so would risk unacceptable restrictions on their contracting work," *id.* at 6. To be sure, Susman has not identified a current client that has severed ties with the firm or a prospective client that has declined to engage the firm on the basis of Section 3, but that is hardly surprising given the court's issuance of a temporary restraining order less than a week after the Order's publication. The relevant question for standing purposes is whether such harms are "actual or imminent," *Lujan*, 504 U.S. at 560 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)), and, here, Susman has sufficiently alleged both. Susman alleges that Section 3 is chilling its current and prospective attorney-client relationships in the here-and-now, ECF No. 178 ¶¶ 171-72, and that clients are inquiring about how the Order will affect the firm's ability to represent them, ECF No. 51-3 ¶ 70. These harms are directly tied to Section 3, thereby establishing traceability. Accordingly, Susman has standing to challenge Section 3 of the Order.[6]

---

[6] Defendants further argue that Susman "has not demonstrated standing to challenge Section 3 insofar as it regulates its clients." ECF No. 58-1, at 17. If Defendants are arguing that *Susman* is not likely to suffer harm as a result of Section 3, that argument fails for the reasons described. If Defendants are instead suggesting that Susman does not have third-party standing to challenge the restrictions on its clients' access to counsel, that argument is foreclosed by well-established

4.    **Section 4**

Section 4 states, in its entirety, that "[n]othing in this order shall be construed to limit the

action authorized by section 4 of Executive Order 14230 of March 6, 2025 (Addressing Risks from

Perkins Coie LLP)."  Order § 4.  The relevant portion of Executive Order 14,230 instructs that:

> (a) The Chair of the Equal Employment Opportunity Commission
> shall review the practices of representative large, influential, or
> industry leading law firms for consistency with Title VII of the Civil
> Rights Act of 1964, including whether large law firms: reserve
> certain positions, such as summer associate spots, for individuals of
> preferred races; promote individuals on a discriminatory basis;
> permit client access on a discriminatory basis; or provide access to
> events, trainings, or travel on a discriminatory basis.
>
> (b) The Attorney General, in coordination with the Chair of the
> Equal Employment Opportunity Commission and in consultation
> with State Attorneys General as appropriate, shall investigate the
> practices of large law firms as described in subsection (a) of this
> section who do business with Federal entities for compliance with
> race-based and sex-based non-discrimination laws and take any
> additional actions the Attorney General deems appropriate in light
> of the evidence uncovered.

Exec. Order No. 14,230 § 4.  Defendants argue that Susman has failed to sufficiently allege an

injury that is traceable to Section 4 and redressable by the court.  ECF No. 58, at 24-27.  They

contend that the Order "merely cross-references" Executive Order 14,230, which in turn only

instructs the Equal Employment Opportunity Commission to carry out tasks that it is

"already . . . supposed to be doing."  *Id.* at 25 (emphasis omitted).  In Defendants' view, because

the Commission has not yet taken any action against Susman pursuant to the Order—and because

any action would, in any case, be a part of the Commission's statutory duties—Susman has not

suffered an injury that the court may remedy.  *Id.* at 24-25.

---

precedent.  *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 n.3 (1989)
(granting a law firm third-party standing to challenge a drug-forfeiture statute on behalf of an
existing client); *U.S. Dep't of Lab. v. Triplett*, 494 U.S. 715, 720-21 (1990) (allowing an attorney
to invoke the rights of clients to challenge a fee-restriction statute).

The court disagrees.  Susman alleges that the "threat[] [of] targeted investigations by the Equal Employment Opportunity Commission and Attorney General, with the prospect of potential prosecution," is retaliation for First Amendment activity that "damages Susman Godfrey's reputation, with attendant harm to client relationships and Firm business prospects."  ECF No. 178 ¶ 148.  The firm also explains that it is only being targeted because of "the viewpoint that the Order attributes to [it]" in Section 1.  *Id.* ¶ 156.  These are allegations of actual harm that are traceable to Section 4, plain and simple.  The court, of course, cannot redress these injuries by enjoining any otherwise-legitimate investigation into Susman.  But, as the parties agreed at the May 8 hearing, should the court find that there have been violations of the First Amendment, it may enjoin the Commission and the Attorney General from commencing an investigation on the basis of the Order.  Thus, because Susman has alleged injuries that are traceable to Section 4 and can be remedied by the court, it may proceed on its claims concerning Section 4.

### 5.    Section 5

Section 5(a) of the Order directs agency heads to "provide guidance limiting official access from Federal Government buildings to employees of Susman" and "limiting Government employees acting in their official capacity from engaging" with the firm's employees "when such access would threaten the national security of or otherwise be inconsistent with the interests of the United States."  Order § 5(a).  Section 5(b) further directs that agency officials shall "refrain from hiring employees of Susman, absent a waiver from the head of the agency, made in consultation with the Director of the Office of Personnel Management."  Order § 5(b).

Defendants raise a ripeness argument concerning Section 5, contending that Susman's claims will not be actionable until the agency heads provide the relevant guidance.  ECF No. 58-1, at 27-28.  This argument plainly fails with regard to Section 5(b), which does not instruct agency

heads to issue guidance but instead directs agency heads to "refrain from hiring [Susman] employees."  Order § 5(b).  That mandate could not be clearer: do not hire Susman employees. Accordingly, Section 5(b) presents a ripe matter for adjudication.

Defendants' argument fares no better with regard to Section 5(a).  While the guidance contemplated by Section 5(a) has yet to issue, the Order provides a clear preview of what it will do: "limit[]" Susman's employees from entering federal buildings or engaging with federal employees to "ensure consistency" with the "interests of the United States," Order § 5(a), because Susman is engaging in "activities inconsistent with the interests of the United States," *id.* § 1. While the precise contours of those limitations have not been set, *any* limitation on Susman's ability to enter federal buildings and interact with federal officials necessarily threatens the firm given that nearly one-third of its matters involve federal courts and agencies.  ECF No. 178 ¶ 90. This is precisely the type of imminent injury that confers Susman standing to challenge Section 5(a).

### 6.    Shotgun Pleading

Finally, Defendants criticize the entirety of Susman's amended complaint as a "shotgun pleading."  ECF No. 58-1, at 3-4.  It is not clear whether they are seeking dismissal on this basis; however, any such argument would fail because Susman's amended complaint complies with the Federal Rules of Civil Procedure.  Susman's pleading begins with an organized series of facts that provides the necessary background to its claims for relief.  ECF No. 178 ¶¶ 1-140.  The amended complaint then sets forth ten counts, each of which references specific facts pertaining to the claim. *Id.* ¶¶ 141-220.  Accordingly, Susman's amended complaint provides "sufficient notice of the nature and grounds of [the plaintiff's] legal claims."  *Jiggetts*, 319 F.R.D. at 417 (distinguishing a "shotgun pleading" as "one in which 'it is virtually impossible to know which allegations of fact

are intended to support which claim(s) for relief'" (quoting *Kabbaj v. Obama*, 568 F. App'x 875, 879 (11th Cir. 2014))).

### B.     Susman is Entitled to Summary Judgment

Having dispensed with Defendants' threshold arguments, the court turns to Defendants' challenges to the sufficiency of Susman's claims and Susman's arguments in support of its motion for summary judgment.  As noted, the parties do not genuinely dispute any material facts, so the court is left to determine which party has the better legal argument for each count of the complaint. *See* ECF Nos. 51-2 & 159-1; Fed. R. Civ. P. 56(a).  For the reasons that follow, the court concludes that Susman is entitled to summary judgment on Counts I-IV and VI-X of its complaint.[7]

### 1.     First Amendment - Retaliation and Viewpoint Discrimination (Counts I and II)

"'[I]f there is any fixed star in our constitutional constellation,'" it is that the First Amendment's Free Speech Clause "protect[s] the 'freedom to think as you will and to speak as you think.'" *303 Creative LLC v. Elenis*, 600 U.S. 570, 584 (2023) (first quoting *W. Va. State Bd. of Educ. v. Barnette*, 319 U. S. 624, 642 (1943), then quoting *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 660-61 (2000)).  This protection applies "regardless of whether the government considers [a person's] speech sensible and well intentioned or deeply 'misguided.'" *Id.* at 587 (quoting *Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Bos.*, 515 U.S. 557, 574 (1995)).  That is because "[a]t the heart of the First Amendment's Free Speech Clause is the recognition that viewpoint discrimination is uniquely harmful to a free and democratic society." *Vullo*, 602 U.S. at 187.  Thus, the First Amendment prohibits the government from both "impos[ing] prior restraints on speech"

---

[7] In Count V, Susman argues that Section 3 of the Order violates the First Amendment and the Spending Clause because it imposes unconstitutional conditions on government contracts.  ECF No. 178 ¶¶ 175-81.  Susman does not address this count in its motion for summary judgment, so the court need not reach it.

and "from subjecting individuals to 'retaliatory actions' after the fact for having engaged in protected speech" that the government does not favor. *Hou. Cmty. Coll. Sys. v. Wilson*, 595 U.S. 468, 474 (2022).

Counts I and II of Susman's complaint allege that the firm was subjected to unfavorable treatment in retaliation for and on the basis of its protected speech. ECF No. 178 ¶¶ 141-61. To succeed on these claims, Susman must establish (1) that it "engaged in conduct protected under the First Amendment"; (2) that Defendants "took some retaliatory action sufficient to deter a person of ordinary firmness in plaintiff's position from speaking again"; and (3) that there is "a causal link between the exercise of a constitutional right and the adverse action taken against [the firm]." *Aref v. Lynch*, 833 F.3d 242, 258 (D.C. Cir. 2016) (quoting *Banks v. York*, 515 F. Supp. 2d 89, 111 (D.D.C. 2007)). The court concludes that Susman has carried its burden and is entitled to summary judgment on Counts I and II.

### a.    Protected Activity

It is clear from the face of the Order and the record in this case that the Order was issued in response to Susman's First-Amendment-protected activities. The Order explains that it was motivated by President Trump's concerns that Susman (1) "spearheads efforts to weaponize the American legal system and degrade the quality of American elections"; (2) "funds groups that engage in dangerous efforts to undermine the effectiveness of the United States military through the injection of political and radical ideology"; and (3) "supports efforts to discriminate on the basis of race." Order § 1. The court finds that each of these bases is tied to activity that is protected by the First Amendment.

While the Order does not identify which of Susman's activities purportedly "weaponize[s] the American legal system and degrade[s] the quality of American elections," the parties and the

court agree that this refers to Susman's representation of Dominion Voting Systems and government officials in Arizona and Wisconsin in connection with litigation regarding the 2020 election. *See* Hr'g Tr. at 50:14-56:19; 72:13-22; ECF No. 51-1, at 18-19. It is well established that "advice from [an] attorney to [a] client and . . . advocacy by the attorney to the courts" is private speech that is protected by the First Amendment. *Legal Servs. Corp. v. Velazquez*, 531 U.S. 533, 542-43 (2001). Specifically, "[t]he [F]irst [A]mendment guarantees the[] right to be free of governmental restraints on 'political expression' and that right is violated if the Government affirmatively interferes with constitutionally protected litigation as a form of political expression." *Ukrainian-Am. Bar Ass'n v. Baker*, 893 F.2d 1374, 1380 (D.C. Cir. 1990). Susman's representation of particular clients is therefore protected First Amendment activity.

The Order similarly does not explain what it means by its assertion that Susman "funds groups that engage in dangerous efforts to undermine the effectiveness of the United States military through the injection of political and radical ideology." Order § 1. Susman understands this provision to refer to a donation that it made to GLBTQ Legal Advocates and Defenders ("GLAD"), an organization that advocates for—among other things—the equal treatment of gay, lesbian, and transgender service members. *See* Hr'g Tr. at 4:14-6:14. Defendants appear to agree with this interpretation, stating in their briefing that Susman "has provided funds to [GLAD], which previously sued the Federal Government to enjoin Department of Defense policy, based on a radical theory of gender ideology," as support for their contention that Susman "engage[s] in dangerous efforts to undermine the effectiveness of the United States military." ECF No. 159, at 13 n.2. It is settled law that the political speech of corporations, including donations, is protected by the First Amendment. *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 342-43 (2010)

26

(collecting cases).  Accordingly, Susman's donation to GLAD is also protected First Amendment activity.

The Order provides some—although scant—support for the accusation that Susman "engages in unlawful discrimination, including discrimination on the basis of race."  Order § 1. Specifically, the Order asserts that "Susman administers a program where it offers financial awards and employment opportunities only to 'students of color,'" which contravenes the Trump Administration's "commit[ment] to ending . . . unlawful discrimination perpetrated in the name of 'diversity, equity, and inclusion' policies."  *Id.*  Defendants identify the "program" in question as the "Susman Godfrey Prize, which provides a cash award and ongoing mentorship from Susman attorneys to selected 'students of color.'"  ECF No. 159, at 12.  The trouble with this argument is that the parties agree that the Susman Godfrey Prize is a cash prize, which does not include an offer of employment, and it is thus not covered by Title VII.  ECF No. 51-2 ¶¶ 165-66, 168-70; ECF No. 159-1 ¶¶ 165-66, 168-70.  Indeed, at the hearing, Defendants' counsel agreed that "the Susman Prize is not an example of unlawful racial discrimination."  Hr'g Tr. at 47:15-49:15.

Apart from the Susman Godfrey Prize—the only discriminatory practice alleged in the Order—Defendants also appear to take issue with (1) a "statement on [Susman's] website describing diversity as 'one of the firm's core values'"; (2) the fact that Susman "operates a 'Diversity Committee' that 'regularly meets to discuss and execute diversity-related initiatives,' focuses on 'recruiting and supporting lawyers who identify as members of groups underrepresented in today's legal profession,' and advances 'work first initiated by the Racial Justice Working Group'"; and (3) the fact that Susman is a signatory to "a Gender Fairness Commitment statement, which includes the explicit goal 'to achieve gender parity'" in law firm wages.  ECF No. 159, at 12-13; *see* ECF No. 159-2, at 4-11.  In their briefing, Defendants maintain

27

that these are "precisely the sort of racial and gender considerations prohibited by civil rights laws," ECF No. 159, at 13, but at the motions hearing, Defendants conceded that "increasing parity . . . [and] pay[ing] people that do the same work[] similar salaries" "wouldn't be objectionable" unless an unlawful quota for underrepresented groups was enforced, Hr'g Tr. at 45:12-17. Defendants point to no evidence of any such practice, and statements on the Susman website that merely evince a general commitment to diversity and gender parity do not suggest that one exists. In the absence of any plausible allegations of unlawful discrimination, Susman's statements on its website are speech plainly protected by the First Amendment.

### b.    Retaliatory Action

Susman has amply demonstrated that Defendants' actions were "sufficient to deter a person of ordinary firmness in plaintiff's position from speaking again." *Aref*, 833 F.3d at 258. Indeed, this court previously granted Susman's motion for a temporary restraining order because of the irreparable harm that it anticipated would befall the firm in the absence of relief. *See Susman Godfrey LLP v. Exec. Off. of President*, No. 25-CV-1107, 2025 WL 1113408, at *1 (D.D.C. Apr. 15, 2025). That preliminary finding is further validated by the efforts of several other peer law firms to avoid precisely the consequences that have befallen Susman here. For example, Paul Weiss was targeted by an Executive Order virtually identical to the one in the instant case. *See* 90 Fed. Reg. 13039. Instead of suffering the financial and reputational consequences of that order, Paul Weiss negotiated a deal with the Trump Administration that involves

> adopting a policy of political neutrality with respect to client selection and attorney hiring; taking on a wide range of pro bono matters representing the full political spectrum; committing to merit-based hiring, promotion, and retention, instead of "diversity, equity, and inclusion" policies; dedicating the equivalent of $40 million in pro bono legal services during [President Trump's] term in office to support causes including assisting our Nation's veterans,

fairness in the justice system, and combating anti-Semitism; and other similar initiatives.

Addressing Remedial Action by Paul Weiss, Exec. Order No. 14,244 § 1, 90 Fed. Reg. 13685 (Mar. 26, 2025).  And rather than risk being targeted by President Trump, several other reputable firms negotiated agreements with the White House regarding their pro bono work and diversity, equity, and inclusion practices.  ECF No. 178 ¶¶ 123-47; *see supra* Part I.D.

Defendants do not seriously contend that the Order is not intended to adversely affect Susman.  Instead, they argue that their actions cannot be understood as retaliatory because the government is acting as a contractor "with an eye toward[] an undisputed federal interest," rather than as a sovereign with an intent to punish.  ECF No. 159, at 9.[8]  They maintain that the federal government may "choose with whom it will do business . . . [based on] the fulfillment of its public policy goals, including those involving national security and civil rights."  *Id.* at 10.

As support, Defendants invoke *Board of County Commissioners v. Umbehr*, 518 U.S. 668, 671 (1996), which, in their view, instructs that "that courts should refrain from striking otherwise constitutional acts due to allegations of improper motivations," ECF No. 159, at 9.  But that is not an accurate description of *Umbehr*'s holding.  In *Umbehr*, a waste disposal contractor brought a retaliation claim against his county employer when his contract was terminated after he criticized the county and its board of commissioners.  518 U.S. at 671-72.  The Supreme Court determined

---

[8] For this reason, Defendants believe that *Vullo* is inapposite.  In their view, "*Vullo* addressed a potential First Amendment violation where the state used its *sovereign* regulatory powers to threaten private actors with enforcement actions in an attempt to discourage disfavored speech . . . [but] [t]his Executive Order carries with it none of the force of the powers exhibited in *Vullo*."  ECF No. 159, at 9.  But *Vullo* makes no distinction as to which capacity—sovereign, contractor, or otherwise—in which the government operates.  Its holding is the same regardless: while "[a] government official can share h[is] views freely and criticize particular beliefs, . . . []he cannot . . . use the power of the State to punish or suppress disfavored expression."  *Vullo*, 602 U.S. at 188.

29

that while "independent contractors do enjoy some First Amendment protection," a court must evaluate whether the government's "legitimate interests as contractor, deferentially viewed, outweigh the free speech interests at stake." *Id.* at 685.  The case is not analogous because Susman is not a government contractor—instead, it *represents* several entities "that contract or otherwise do business with the federal government, or have affiliates who are government contractors and subcontractors."  ECF No. 51-2 ¶ 28; ECF No. 159-1 ¶ 28.  For this reason, the balancing test laid out in *Umbehr* is not applicable at all, and the regular standard for First Amendment retaliation applies.[9]

Thus, while it may be true that the government has a greater degree of discretion when it operates as a contractor, that is beside the point.  Whether the executive is operating as a sovereign, contractor, landlord, or employer, it must comply with the Constitution.  And as Defendants' counsel conceded at argument, the mere fact that the government has the right to exercise discretion does not immunize retaliatory intent.  *See* Hr'g Tr. at 36:18-37:2.

### c.    Causal Link

Finally, the record offers sufficient evidence to conclude that there is "a causal link between the exercise of a constitutional right and the adverse action taken against [Susman]."  *Aref*, 833 F.3d at 258 (quoting *Banks*, 515 F. Supp. 2d at 111).  As discussed, the Order's three stated reasons for enactment all hinge on Susman's protected speech, and nothing in the Order or its accompanying fact sheet suggests that there is any other governmental interest that may be served if the Order is permitted to take effect.  *See supra* Part III.B.1.a; ECF No. 51-7.  The context in

---

[9] Even if *Umbehr*'s balancing test did apply, the government has not established any "legitimate interests" here that could possibly outweigh Susman's weighty free speech interests.  *See infra* Part III.B.1.c.

which the Order was issued, as well as an examination of each section of the Order itself, makes clear that the adverse consequences of the Order are tied to Susman's First-Amendment-protected activity.

*Section 2.*   The record indicates that the Order's command that the Attorney General, Director of National Intelligence, and other agency heads "immediately take steps consistent with applicable law to suspend any active security clearances held by individuals at Susman, pending a review of whether such clearances are consistent with the national interest," Order § 2(a), is impermissibly tied to Susman's protected activity.   First, based on the Order and Defendants' arguments, it is not clear what "national interest" is served by the revocation of Susman's employees' security clearances.   Defendants gesture towards the Order's accusation that Susman "funds groups that engage in dangerous efforts to undermine the effectiveness of the United States military through the injection of political and radical ideology," ECF No. 58, at 13-14 (quoting Order § 1), as a basis for the suspension of security clearances, but, as discussed, the only example they offer to substantiate this serious claim is a one-time donation to GLAD Law, an advocacy organization.   Defendants offer absolutely no evidence to support their claim that this donation is a "dangerous effort[] to undermine the effectiveness of the United States military."  Order § 2.

The presence of nearly identical clauses in several executive orders targeting other law firms[10] further confirms that the security-clearance provision is intended as a retaliatory measure. Perhaps most revealing is the fact that the Paul Weiss executive order included a nearly identical provision, *see* Exec. Order No. 14,237 § 2, 90 Fed. Reg. at 13039, that was walked back by the

---

[10] *See* Addressing Risks from WilmerHale, Exec. Order No. 14,250, 90 Fed. Reg. 14549 (Apr. 3, 2025); Addressing Risks from Jenner & Block, Exec. Order No. 14,246, 90 Fed. Reg. 13997 (Mar. 28, 2025); Addressing Risks from Perkins Coie LLP, Exec. Order No. 14,230, 90 Fed. Reg. 11781 (Mar. 11, 2025).

government as soon as Paul Weiss agreed to "adopt[] a policy of political neutrality with respect to client selection and attorney hiring; tak[e] on a wide range of pro bono matters representing the full political spectrum; commit[] to merit-based hiring, promotion, and retention . . . dedicat[e] the equivalent of $40 million in pro bono legal services during [President Trump's] term in office . . . ; and other similar initiatives." *Id.* § 1, 90 Fed. Reg. at 13685.  No facet of this agreement touches on national security at all; instead, each provision addresses a policy disagreement that the Trump Administration had with Paul Weiss's work.  Defendants' identical approach to the suspension of clearances in this case—which revokes any and all clearances held by Susman employees—further supports the court's conclusion that the government's action is retaliatory.

As Defendants themselves point out, "'[c]learance decisions involve an assessment of intangible qualities such as loyalty to the United States, strength of character, trustworthiness, honesty, reliability, discretion, and sound judgment.'  And such decisions also 'involve predictive judgment about whether individuals are likely to divulge sensitive information under compulsion of circumstances or for other reasons, which is an inexact science at best.'"  ECF No. 159, at 6 (citation omitted) (quoting *Lee*, 120 F.4th at 893).  In other words, decisions regarding clearances are individual determinations that depend on a host of person-specific factors.  The government's departure from the well-trodden path of individualized determination in favor of wholesale revocation—without even an ounce of supporting evidence for the court to evaluate—raises red flags and leads the court to believe that the only plausible motivation for Section 2 is retaliation.

*Section 3*.   Section 3 states on its face that it is causally tied to several of Susman's activities.  It explains that the government wishes to "prevent the transfer of taxpayer dollars to Federal contractors whose earnings subsidize, among other things, activities that are not aligned with American interests, including racial discrimination."  Order § 3(a).  But, as the court has laid

out, the activities that the Order contemplates—which include litigation concerning the 2020 election, a donation to GLAD Law, an academic prize that is not covered by Title VII, and general statements about diversity on Susman's website—are all plainly protected by the First Amendment.  *See supra* Part III.B.1.a.  Defendants cannot target Susman for those activities simply because it does not like them.  And to the extent that Defendants argue that the Order is not intended as a punitive measure, but as a legitimate exercise of the government's discretion when it acts as a contractor, the court reiterates that the government is still required to comply with the Constitution when it acts as a contractor.  *See supra* Part III.B.1.b.

Section 4.  Defendants argue that Susman cannot show a causal link between the Order's threatened investigation by the Equal Employment Opportunity Commission and Susman's protected activity (1) because Susman has not yet received an inquiry letter from the Chair of the Commission; and (2) because the government had already been taking action—evinced by Executive Order 14,173, 90 Fed. Reg. 8633 (Jan. 31, 2025) ("Ending Illegal Discrimination and Restoring Merit-Based Opportunity"), and publicly announced federal priorities—to "root[] out unlawful DEI-motivated race and sex discrimination."  ECF No. 159, at 16 (quoting Press Release, Equal Employment Opportunity Commission, President Appoints Andrea R. Lucas EEOC Acting Chair (Jan. 21, 2025)).

Neither of these arguments holds water.  While it is true that Susman has not yet received an inquiry from the Equal Employment Opportunity Commission, that is cold comfort given that the fact sheet accompanying the Order indicates that an investigation is forthcoming.  *See* ECF No. 51-7 ("The practices of Susman *will be* reviewed under Title VII to ensure compliance with civil rights laws against racial bias."  (emphasis added)).  And Defendants' actions to legitimately address actual instances of race- and sex-based discrimination elsewhere do not help it *here*, where

33

it can point to no basis for an investigation into Susman except for lawful statements that the firm has made about diversity with which the government disagrees. *See supra* Part III.B.1.a.

*Section 5.*  To defend Section 5's command that agency heads issue guidance limiting Susman employees' access to federal buildings (presumably including courts), instructing government employees not to "engag[e] with" Susman employees, and forbidding agency officials from hiring Susman employees absent a waiver from an agency head, Defendants rest only on a threadbare invocation of "the national security and other interests of the United States," Order § 5(a), and speculation that "[s]urely some [f]ederal facilities, contacts, and employment positions require tighter restrictions than others based on national security concerns."  ECF No. 159, at 17. But just as with earlier sections, Defendants offer no evidence to remotely support the idea that there is any interest (national-security-related or otherwise) that is implicated by Susman employees' entry into federal buildings, or federal employees' interaction with, or hiring of, Susman employees—much less one that requires intervention of the sort described in the Order.

Defendants protest that the text of Section 5 does not affirmatively place these restrictions on Susman employees, but rather, calls on agency heads to issue guidance to this effect.  ECF No. 159, at 17.  They contend that "scenarios such as *all* Susman attorneys being barred from courtroom practice is, currently, the stuff of imagination."  *Id.*  The court is unconvinced.  While the government argues that eventual guidance may not realize the full extent of the restrictions that the Order contemplates, the White House's fact sheet states outright that the "[f]ederal [g]overnment *will* . . . restrict [Susman] employees' access to government buildings" and "[f]ederal [a]gencies *will* also refrain from hiring Susman employees unless specifically authorized."  ECF No. 51-7 (emphases added).  Any reassurance that the Order's limitation on Susman employees' access to federal buildings only applies when "access would threaten the

national security of or otherwise be inconsistent with the interests of the United States" falls flat in the larger context of the Order—particularly Section 1, which makes findings that Susman "engage[s] in activities detrimental to critical American interests [and] should not have access to our Nation's secrets." Order § 1. And because Defendants have offered no plausible explanation for the extraordinary action contemplated by Section 5—which, on its face, could go as far as banning Susman lawyers from courtrooms, post offices, and military bases—the court determines that the record can only support the conclusion that Section 5 was motivated by retaliatory intent.[11]

*    *    *

The court concludes that the Order constitutes unlawful retaliation against Susman for activities that are protected by the First Amendment, including its representation of certain clients, its donations to certain causes, and its expression of its beliefs regarding diversity. Susman is therefore entitled to summary judgment on Counts I and II.

### 2. First Amendment - Freedom of Association (Count III)

In Count III, Susman argues that Section 3's requirement that agencies require "[g]overnment contractors to disclose any business they do with Susman and whether that business is related to the subject of the Government contract" and its directive to agency heads to review and "take appropriate steps to terminate" "all contracts with Susman or with entities that disclose doing business with Susman" is intended to chill Susman's clients' freedom of association. ECF No. 51-1, at 23. Defendants respond only that a "disclosure requirement limited to a subset of government contractors is far afield from core associational rights," ECF No. 159, at 14, especially given that the Order applies to a small number of government contractors, all of whom are already

---

[11] To the extent that Defendants' arguments regarding the lawfulness of Section 5 sound in ripeness, the court has dispensed with those concerns above. *See supra* Part III.A.5.

35

subject to substantial disclosure requirements as a condition of doing business with the Federal Government," ECF No. 58-1, at 23.  The court disagrees.

It has "long [been] understood as implicit in the right to engage in activities protected by the First Amendment a corresponding right to associate with others." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 622 (1984).  The Supreme Court has "noted that '[i]t is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association as [other] forms of governmental action,'" and it has accordingly held that "the First Amendment prohibit[s] such compelled disclosure." *Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 606 (2021) (first and second alterations in original) (quoting *NAACP*, 357 U.S. at 462).  The court therefore applies the "exacting scrutiny" standard to compelled-disclosure requirements, which requires that the government demonstrate "a 'substantial relation' between the disclosure requirement and a 'sufficiently important' governmental interest." *Doe v. Reed*, 561 U.S. 186, 196 (2010) (quoting *Citizens United*, 558 U.S. at 366-67).  The weight of the governmental interest in question "must reflect the seriousness of the actual burden on First Amendment rights." *Id.*

Defendants cannot meet this burden.  As the court has already determined, Section 3 violates the First Amendment, and the government has no legitimate interest in retaliation and viewpoint discrimination.  *See supra* Part III.B.1.  In any event, the court would be hard-pressed to agree with Defendants that the compelled-disclosure requirement is "narrowly tailored to Section 3's stated goal."  ECF No. 58, at 23.  Section 3 does not tie the disclosure requirement to a particular kind of contract for certain goods and services.  Indeed, Section 3 requires the disclosure of "*any* business" that any government contractor does with Susman, even if that business has nothing to do with the firm.  Order § 3(a) (emphasis added).  Because Defendants

36

cannot demonstrate that they have an important interest that would be served by the compelled-disclosure requirement, and because the scope of the required disclosure is far too broad for it to be considered "narrowly tailored," Susman is entitled to summary judgment on Count III.

### 3.    First Amendment - Right to Petition (Count IV)

Susman argues that various sections of the Order violate the First Amendment "right of the people . . . to petition the Government for a redress of grievances."  ECF No. 178 ¶ 142 (quoting U.S. Const. amend. I).  In particular, Susman identifies "the Order's provisions punishing Susman for past petitioning activity and restricting Susman's ability to petition federal employees and appear before federal agencies on federal property," as well as in federal courts, as clearly violative of the First Amendment.  ECF No. 51-1, at 22.  The court agrees.

"[T]he Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes."  *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387 (2011).  Ample Supreme Court precedent establishes that "[t]he right of access to courts for redress of wrongs is an aspect of the First Amendment right to petition the government."  *Id.* (quoting *Sure-Tan, Inc. v. Nat'l Lab. Rels. Bd.*, 467 U.S. 883, 896-97 (1984)) (collecting cases).  And "[l]aws that 'significant[ly] impair[]' this right must, like all substantial constitutional burdens, survive 'exacting scrutiny.'"  *Patchak v. Jewell*, 109 F. Supp. 3d 152, 163 (D.D.C. 2015) (second and third alterations in original) (quoting *Elrod v. Burns*, 427 U.S. 347, 362 (1976)), *aff'd*, 828 F.3d 995 (D.C. Cir. 2016), *aff'd sub nom.*, *Patchak v. Zinke*, 583 U.S. 244 (2018).

Defendants argue that properly evaluating the interest that Susman has at stake here requires the court to wait and see what guidance agency heads issue.  ECF No. 58, at 29-30.  But restrictions that prevent lawyers from entering federal buildings, interacting with agency officials,

and even entering courthouses plainly constitute a "significant impairment" of Susman's right to petition the government. *Elrod*, 427 U.S. at 362. That Defendants have not yet issued guidance to this end is irrelevant; the Order, fact sheet, and other statements made at the time of the Order's issuance makes clear that these restrictions are the government's goal. *See supra* Part III.B.1.c. And just like with the compelled-disclosure requirement in Section 3, Defendants fail to offer any evidence of a compelling governmental interest that would allow these restrictions, which heavily burden Susman's right to petition, to survive exacting scrutiny. *See id.* Because there is no legitimate governmental interest in abridging Susman's right to petition because it engages in disfavored speech, Susman is entitled to summary judgment on Count IV.

### 4.    Fifth Amendment - Procedural Due Process (Count VI)

The Fifth Amendment to the U.S. Constitution guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "'The fundamental requisite of due process of law is the opportunity to be heard' at 'a meaningful time and in a meaningful manner.'" *Alaska Commc'ns Sys. Holdings, Inc. v. Nat'l Lab. Rels. Bd.*, 6 F.4th 1291, 1298 (D.C. Cir. 2021) (quoting *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970)). When evaluating a procedural due process claim, the court must "first determine whether constitutional safeguards apply at all, i.e., whether a private party has a property or liberty interest that triggers Fifth Amendment due process protection." *Reeve Aleutian Airways, Inc. v. United States*, 982 F.2d 594, 598 (D.C. Cir. 1993). Then, the court evaluates whether the deprivation of interest occurred without process. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *see Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (explaining that process due is "flexible and calls for such procedural protections as the particular situation demands").

38

Susman contends in Count VI that the Order has deprived the firm of its constitutionally protected liberty and property interests without process. ECF No. 51-1, at 24-27. Specifically, Susman argues that, without any process whatever, the Order (1) interferes with the right of the firm and its attorneys to pursue their chosen profession; (2) harms the firm's reputation; and (3) deprives the firm of its protected property interest in contracts with its clients. The court holds that for each asserted liberty and property interest, Susman has shown that the Fifth Amendment's Due Process protections apply.

*Right to pursue chosen profession*. Susman attorneys have the right to pursue their chosen profession—law. *Schware v. Bd. of Bar Exam'rs of N.M.*, 353 U.S. 232, 238-39 (1957) (holding that "[a] State cannot exclude a person from the practice of law" in contravention of the Due Process Clause). The Constitution safeguards an individual's "right to follow a chosen trade or profession" against governmental intrusions. *Kartseva v. Dep't of State*, 37 F.3d 1524, 1529 (D.C. Cir. 1994) (quoting *Cafeteria Workers v. McElroy*, 367 U.S. 886, 895-96 (1961)). Governmental action that creates "a stigma or other disability that foreclose[s] [the plaintiff's] freedom to take advantage of other employment opportunities" is prohibited. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 573-78 (1972). The stigma may either "formally or automatically exclude[] [the plaintiff] from work on some category of future . . . government employment opportunities" or have "the broad effect of largely precluding [the plaintiff] from pursuing her chosen career." *O'Donnell v. Barry*, 148 F.3d 1126, 1140-41 (D.C. Cir. 1998) (quoting *Kartseva*, 37 F.3d at 1528).

Here, the Order creates both sets of stigmas. First, the Order formally excludes the firm and its employees from being employed by the federal government or working on government contracts. *See* Order §§ 3, 5(b). Second, the Order has a preclusive effect on Susman's practice

of law.  The Order directs the government to terminate contracts with Susman's clients, pressuring clients to terminate their representation agreements with Susman and virtually shunning the firm as persona non grata.  *See* Order §§ 1, 3.  By banning Susman employees from government buildings and from engaging with government officials, the Order prevents the firm's attorneys from going to their place of work (the courts) and engaging in their daily business (discussing cases with the government).  Accordingly, the Order violates the right of Susman and its attorneys to pursue their chosen profession.

*Susman's reputation*.  Relatedly, Susman has a liberty and a property interest in its "good name, reputation, honor, [and] integrity."  *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971).  This interest is particularly acute in the legal profession, where each state bar requires a showing of honor and integrity for certification.  Against this, the Order is especially pernicious.  The Order tarnishes, without process, Susman's reputation with salacious allegations of wrongdoing— references to "egregious" actions by Susman and a statement that the firm has "degrade[d] the quality of American elections"—and it brands Susman as unfit for government work, or even government interaction.  The government is required to provide process when it issues "findings of wrongdoing" that "could have an adverse impact on [an organization]'s reputation."  *Fed. Commc'ns Comm'n v. Fox Television Stations, Inc.*, 567 U.S. 239, 256 (2012).  Thus, the Order violates Susman's interest in its reputation.

*Contracts with clients*.  Finally, the Order deprives Susman of its interest in contracting with clientele.  *See Toxco Inc. v Chu*, 724 F. Supp. 2d 16, 27 (D.D.C. 2010) (holding that "contracts between private parties may give rise to property interests" for purposes of the Fifth Amendment).  The Order attaches a penalty to Susman's representation: if a client chooses Susman under the

Order's regime, that client loses their government contract. *See supra* Part III.B.2. The Order therefore violates the firm's interest in being able to contract with clients.

*    *    *

The aforementioned liberty and property interests were all taken without any process. The Constitution demands more; specifically, that Susman has the "right to know the factual basis for the action" and have "the opportunity to rebut" it. *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 318 (D.C. Cir. 2014). Susman was afforded neither. The firm was not given prior notice of the Order, learned of it only when it was announced on live television, and was not provided the opportunity to clear its name. Susman is therefore entitled to summary judgment on Count VI.

### 5.    Fifth Amendment - Vagueness (Count VII)

The Due Process Clause of the Fifth Amendment prohibits "[v]ague laws." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972); *see United States v. Williams*, 553 U.S. 285, 304 (2008) (explaining that the "[v]agueness doctrine is an outgrowth . . . of the Due Process Clause of the Fifth Amendment"). "A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required." *Fox Television*, 567 U.S. at 253. Moreover, "precision and guidance are necessary so that those enforcing the law do not act in an arbitrary or discriminatory way." *Id.* at 253. Under the Fifth Amendment, an enactment is void for vagueness if it fails to "give fair notice of conduct that is forbidden or required," *Karem v. Trump*, 960 F.3d 656, 664 (D.C. Cir. 2020) (quoting *Fox Television*, 567 U.S. at 253), or "authorizes or even encourages arbitrary and discriminatory enforcement," *Hill v. Colorado*, 530 U.S. 703, 732 (2000). The law must "provide people of

41

ordinary intelligence a reasonable opportunity to understand what conduct it prohibits." *Hill*, 530 U.S. at 732.

"[W]hen a statute 'interferes with the right of free speech or of association, a more stringent vagueness test should apply.'" *Holder v. Humanitarian L. Project*, 561 U.S. 1, 19 (2010) (quoting *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 499 (1982)); *see Sessions v. Dimaya*, 584 U.S. 148, 183 (2018) (Gorsuch, J., concurring) ("[A] 'stringent vagueness test' should apply to at least some civil laws—those abridging basic First Amendment freedoms."); *Fox Television*, 567 U.S. at 253-54 ("When speech is involved, rigorous adherence to [due process] requirements is necessary to ensure that ambiguity does not chill protected speech."); *Grayned*, 408 U.S. at 109 ("Uncertain meanings inevitably lead citizens to 'steer far wider of the unlawful zone' . . . than if the boundaries of the forbidden areas were clearly marked." (quoting *Baggett v. Bullitt*, 377 U.S. 360, 372 (1964))).

The parties dispute whether the Order is unconstitutionally vague. Susman maintains that the Order fails to provide it with "fair notice of what is prohibited and how the [f]irm can avoid sanctions in the future." ECF No. 178 ¶ 193. Susman continues that the Order "leverages that vagueness for its in terrorem effect," ECF No. 51-1, at 27; because it is "so standardless," "it gives agencies sweeping discretion to *further* restrict Susman's access over time," *id.* at 28. Defendants reject Susman's vagueness claim, asserting that the Order merely calls for agency heads to develop "guidance" and "[w]hat that guidance might consist of remains to be seen." ECF No. 159, at 17.

Susman has the better of the argument. Because the Order abridges the firm's basic First Amendment freedoms, a more stringent vagueness test applies. *See Fox Television*, 567 U.S. at 253-54. Against such a test, the Order simply does not pass muster.

The Order does little to provide the court, much less "a person of ordinary intelligence[,] fair notice of what is prohibited." *Williams*, 553 U.S. at 304. Section 1 states that Susman is a perpetrator of "activities inconsistent with the interests of the United States," Order § 1, and Section 5 directs agency heads to provide guidance limiting Susman employees from accessing federal government buildings "when such access would threaten the national security of or otherwise be inconsistent with the interests of the United States," Order § 5(a). The court strains to understand the contours of that prohibition—conduct that is "inconsistent with the interests of the United States."

What is more plain to the court is the implication of such a vague prohibition. The Order promises only *discriminatory* enforcement by the Executive branch against such conduct and the threat of future retaliatory actions against the firm. *See supra* Part III.B.1. It chills Susman's speech advocating for clients whose interests are adverse to the government. Indeed, the Order hangs like the sword of Damocles over the firm. It "impermissibly delegates" matters to Defendants "for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Grayned*, 408 U.S. at 108-09. Because the Order threatens penalties without sufficiently defining the conduct that triggers liability, it is unconstitutionally vague. Susman is therefore entitled to summary judgment on Count VII.

### 6.    Fifth Amendment - Equal Protection (Count VIII)

"The equal protection principles embodied in the Due Process Clause of the Fifth Amendment essentially direct 'that all persons similarly situated should be treated alike.'" *Brandon v. D.C. Bd. of Parole*, 823 F.2d 644, 650 (D.C. Cir. 1987) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). To allege an equal protection violation, a plaintiff may either claim that "he or she received differential treatment by the government due to

43

membership in a protected class, such as one based on race, national origin, or gender," or that he or she is in a "class of one." *Kelley v. District of Columbia*, 893 F. Supp. 2d 115, 122 (D.D.C. 2012) (first citing *Jones v. Helms*, 452 U.S. 412, 424 n.3 (1981), then quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000)). Here, Susman is pursuing a "class of one" claim, arguing that it has been the subject of disparate treatment with no rational basis. ECF No. 51-1, at 28-29; *see 3883 Conn. LLC v. District of Columbia*, 336 F.3d 1068, 1075 (D.C. Cir. 2003). Specifically, Susman contends that the Order intentionally treats it differently from similarly situated law firms and that this differential treatment is "apparent on the face of the Order." ECF No. 51-1, at 29

Defendants first respond that "the class-of-one theory of equal protection is inapplicable in the government employment context." ECF No. 58-1, at 17 (citing *Enquist v. Or. Dep't of Agric.*, 553 U.S. 591, 609 (2008)). But, as explained, Susman is not a government employee. *See supra* Part III.B.1.b. It is also not fatal to Susman's class-of-one claim that a handful of other law firms have been subjected to similar orders. That is because "the number of individuals in a class is immaterial for equal protection analysis." *Olech*, 528 U.S. at 564 n.1.

Defendants further dispute whether Susman meets the elements of a class-of-one-claim. They suggest that Susman is not similarly situated to "other potential government contractors who do not engage in unlawful DEI practices." ECF No. 58-1, at 17. Defendants also claim that there is a "plainly rational" basis for distinguishing between "potential contractors who 'engage in blatant race-based and sex-based discrimination.'" *Id.* These arguments ring hollow for several reasons. First, as already explained, Susman is not a government contractor—it is a law firm that has been singled out by the Order. Next, Defendants have not established that Susman engages in unlawful discrimination practices—indeed, Defendants admit that Susman was *not* included

among the twenty firms that received "letters from the [Equal Employment Opportunity Commission] Acting Chair" regarding employment discrimination. *Id.* at 25. Finally, Defendants have offered no other purportedly rational basis for their differential treatment of Susman, nor can the court readily discern one. Accordingly, the Order violates the Fifth Amendment's equal protection principle. Susman is therefore entitled to summary judgment on Count VIII.

### 7.    Fifth Amendment - Right to Counsel (Count IX)

The Fifth Amendment protects "the right to the aid of counsel when desired and provided by the party asserting the right." *Powell v. Alabama*, 287 U.S. 45, 68 (1932). It guarantees due process by safeguarding the rights of individuals or entities to obtain legal representation. *See U.S. Dep't of Lab. v. Triplett*, 494 U.S. 715, 720-21 (1990); *see also Am. Airways Charters, Inc. v. Regan*, 746 F.2d 865, 872-73 (D.C. Cir. 1984) ("[A]n individual or entity may in fact be denied the most fundamental elements of justice without prompt access to counsel."); *Muniz v. Meese*, 115 F.R.D. 63, 66 n.11 (D.D.C. 1987) ("[A] violation of civil liberties . . . is implied by a government intrusion into their right to select and to be represented by counsel of their choice."). Susman contends that the Order violates the Fifth Amendment right to counsel of the firm's clients by interfering with their ability to be represented by their chosen attorneys. The court agrees.

Section 5 of the Order restricts Susman's attorneys from "engaging with" government officials or "access[ing] . . . Federal Government buildings." Order § 5(a). In other words, the firm's clients would have "to go without their chosen counsel in upcoming meetings and hearings." ECF No. 51, at 30. Rather than being the "stuff of imagination," as Defendants claim, ECF No. 159, at 17, the Order directly interferes with Susman's clients by impermissibly restricting the firm's attorneys from entering federal courthouses or interacting with government officials. The Order cuts Susman off at the knees and effectively denies the firm's clients its counsel. Because

45

"governmental attempt[s] to deny counsel to a civil litigant" are invalid, *Am. Airways Charters*, 746 F.2d at 873 (collecting cases), the Order violates the Fifth Amendment right to counsel. Susman is therefore entitled to summary judgment on Count IX.

### 8.    Separation of Powers (Count X)

Finally, Susman argues that the Order violates separation-of-powers principles because it "tak[es] action for which the Executive Branch has no constitutional or statutory authority whatsoever," ECF No. 178 ¶¶ 21, 214, and because it unlawfully encroaches on the purview of the judiciary, *id.* ¶ 217. The court agrees.

"The President's power, if any, to issue [an executive] order must stem either from an act of Congress or from the Constitution itself." *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 585 (1952). While the Order proclaims that it has been made pursuant to the "authority vested in [Donald Trump] as President by the Constitution and the laws of the United States of America," Order, the court is not convinced that there is a statutory or constitutional basis for the actions taken therein. Defendants do not point to any statutory authority that empowers the President to punish a law firm for its choice of clients, donations, or other speech, and the court is not aware of any law that would support such action. Likewise, there is no constitutional authority that supports the action taken by the Order, and it cannot be sustained based on any of "the several constitutional provisions that grant executive power to the President." *Youngstown*, 343 U.S. at 587-88. None of the President's many powers—not his power as commander-in-chief, nor his foreign policy powers, nor his power to appoint and remove government officials—can justify the targeting of a law firm for protected speech and actions.

This is especially so because, in addition to being outside the ambit of power granted to the President by the Constitution, the Order usurps responsibilities that have been constitutionally

46

delegated to the judiciary and therefore "threatens severe impairment of the judicial function." *Velazquez*, 531 U.S. at 546. "Interpretation of the law and the Constitution is the primary mission of the judiciary when it acts within the sphere of its authority to resolve a case or controversy," and a "informed, independent judiciary presumes an informed, independent bar." *Id.* at 545. When the President attempts to limit who can present "the analysis of certain legal issues and . . . truncate[s] presentation [of certain issues] to the courts," he restricts "speech and expression upon which courts must depend for the proper exercise of the judicial power." *Id.* For this reason, the power to "'fashion . . . appropriate sanction[s] for conduct which abuses the judicial process'" is exclusively among the judiciary's "'inherent powers,' not conferred by rule or statute"—and is a power that is not shared with any other branch of government. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (first quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991), then quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Thus, to the extent that the Order sanctions attorneys—particularly in ways that prevent them from appearing in court—it tramples on the province of the judiciary and violates the separation of powers.

Rather than genuinely contest Susman's separation-of-powers arguments, Defendants attempt to dodge them. Because Susman frames this claim as "*Ultra Vires* Presidential Action," ECF No. 178, at 116, Defendants cite *Federal Express Corp. v. U.S. Department of Commerce*, 39 F.4th 756 (D.C. Cir. 2022), for the proposition that *ultra vires* challenges are subject to a "demanding standard" and are only available in limited circumstances, ECF No. 58, at 7. But *Federal Express Corp.* is inapposite. In that case, the plaintiff challenged an agency interpretation of a statute in circumstances where Congress had explicitly foreclosed judicial review. *Id.* at 762-63. Because the plaintiff "[sought] the intervention of an equity court where Congress ha[d]

not authorized statutory judicial review," the D.C. Circuit determined that a "demanding standard [was] necessary." *Id.* at 765. The challenge mounted here lacks this key characteristic; it is a classic separation-of-powers claim in the vein of *Youngstown*, where the court was "asked to decide whether the President was acting within his constitutional power when he issued an [executive] order." 343 U.S. at 582.

Because the Order does not draw on an executive power that has been designated to the President by the Constitution or statute, and because it improperly seizes authority that the Constitution grants to the judiciary, the court will grant Susman's motion for summary judgment as to Count X.[12]

### C.    Susman is Entitled to a Permanent Injunction in Addition to Declaratory Relief

A plaintiff moving for a permanent injunction must show: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156-57 (2010) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

---

[12] Susman also argues that the Order "punishes [it] in the manner of an unconstitutional bill of attainder" and that this violates the separation of powers because "Presidents cannot seize judicial power unto themselves to 'pronounce[] upon the guilt of [Plaintiff] . . . in accordance [solely] with [their] own notions.'" ECF No. 178 ¶ 218 (quoting *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 323 (1866)); ECF No. 158, at 39. Several amici raise similar arguments. *See* ECF Nos. 73, 145, 152. The extent to which the Constitution's prohibition on bills of attainder applies to executive action remains unclear. Because Susman does not raise a standalone bill-of-attainder claim, the court declines to reach this issue.

### 1.    Irreparable Harm and Adequate Remedy at Law

It is well established that "the loss of constitutional freedoms, 'for even minimal periods of time, unquestionably constitutes irreparable injury.'"  *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009) (quoting *Elrod*, 427 U.S. at 373).  The court has determined that Susman and its clients have suffered constitutional violations.  *See supra* Part III.B.  Were it not for the court's temporary restraining order as to Sections 1, 3, and 5 of the Order, this harm would be ongoing.  And the court expects that, if the temporary restraining order were lifted, these harms would immediately resume.  Susman has also suffered reputational harms that are not monetarily reparable and that would continue if the court did not enter a permanent injunction.  *See Atlas Air, Inc. v. Int'l Bhd. of Teamsters*, 280 F. Supp. 3d 59, 103-04 (D.D.C. 2017).  Because these harms "cannot be fully compensated by later damages," *Christian Knights of the Ku Klux Klan Invisible Empire, Inc. v. District of Columbia*, 751 F. Supp. 218, 224 (D.D.C. 1990), they are irreparable.

In addition to constitutional and reputational harms, Susman would suffer significant monetary harm if the court's injunctive relief were curtailed.  To be sure, purely speculative monetary harm is not enough to justify a permanent injunction; instead, "[t]he injury complained of [must be] of such *imminence* that there is a 'clear and present' need for equitable relief to prevent irreparable harm."  *Wis. Gas Co. v. Fed. Energy Regul. Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985) (first alteration in original) (quoting *Ashland Oil, Inc. v. Fed. Trade Comm'n*, 409 F. Supp. 297, 307 (D.D.C. 1976)).  Although Susman does not yet allege that it has lost money because of the Order, it explains that clients have reached out to the firm to inquire about its effects, signaling that if it is permitted to go into effect, they may take their business elsewhere.  ECF No. 51-3 ¶ 70.  The court shares that concern.  By its own terms, the Order appears to prevent Susman attorneys from interacting with federal agencies—before whom they currently have a substantial amount of business—and even from entering courthouses.  Order § 5.  Because over a third of Susman's

matters are in federal court or require interaction with the federal government, *see* ECF No. 51-3 ¶¶ 72-73, it is evident that the Order will cause Susman significant financial loss if it goes into effect.

In many instances, "economic loss does not, in and of itself, constitute irreparable harm." *Wis. Gas Co.*, 758 F.2d at 674. But where, as here, Defendants' sovereign immunity prevents a plaintiff from seeking monetary damages, courts have acknowledged that financial losses "can . . . constitute irreparable harm." *Xiaomi Corp. v. Dep't of Def.*, No. 21-CV-280, 2021 WL 950144, at *10 (D.D.C. Mar. 12, 2021). Accordingly, because Susman has no adequate remedy at law that would ameliorate its significant constitutional and financial injuries, it has suffered sufficient harm warranting permanent injunctive relief.

## 2.    Balance of Equities and Public Interest

The balance of the equities and the public interest squarely favor the issuance of an injunction. These factors "merge when, as here, the Government is the opposing party." *Singh v. Berger*, 56 F.4th 88, 107 (D.C. Cir. 2022) (quoting *Karem*, 960 F.3d at 668).

Evaluating these merged factors begins and ends with whether the Order is lawful. Susman has demonstrated that the Order is unconstitutional from beginning to end. *See supra* Part III.B. Because "enforcement of an unconstitutional law is always contrary to the public interest," *Karem*, 960 F.3d at 668 (quoting *Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013)), the Order serves no public interest. Defendants cannot, nor do they, argue anything different. *See generally* ECF No. 159; *see, e.g.*, *TikTok Inc. v. Trump*, 490 F. Supp. 3d 73, 85 (D.D.C. 2020) (holding that "the government 'cannot suffer harm from an injunction that merely ends an unlawful practice or reads a statute as required'" (quoting *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 191 (D.D.C. 2015))); *Ramirez v. U.S. Immigr. & Customs Enf't*, 568 F. Supp. 3d 10, 34 (D.D.C. 2021) (concluding that

when balancing the equities of unlawful governmental conduct, "any hardship" that the government might identify "is not legally relevant"); *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016) (explaining that, although "[t]here is generally no public interest in the perpetuation of unlawful agency action[,] . . . there is a substantial public interest in having governmental agencies abide by the federal laws that govern their existence and operations." (internal quotation marks and quoted source omitted)).

Here, the Order goes beyond violating the Constitution and the laws of the United States. The Order threatens the independence of the bar—a necessity for the rule of law. Accordingly, the court concludes that the balance of the equities and the public interest weigh overwhelmingly in favor of granting the permanent injunction.[13]

### 3.    Appropriate Defendants

Having determined that Susman is entitled to relief, the court must next consider whether each of the Defendants is properly named. Defendants argue that Susman's naming of the Executive Office of the President is improper because it "is an entity comprising a number of other entities, offices, and establishments," and because Susman "fails to specify in the Complaint whether it seeks to limit relief to any particular EOP entity and, if so, which one, and what Plaintiff's claims are against that entity and why relief against it is necessary." ECF No. 58, at 31-32. This argument is unconvincing and may be quickly disposed of: Defendants fail to cite any authority suggesting that the Executive Office of the President is not a proper defendant merely

---

[13] Because the court concludes that no section of the Order can stand, it need not assess severability. "[A]ssuming, arguendo, that the severability standard for statutes . . . also applies to Executive Orders," *Minnesota v. Mille Lacs Band of Chippewa Indians*, 526 U.S. 172, 191 (1999), the court concludes that whether assessed on a section-by-section basis or as a whole, it cannot stand, *see id.* at 173.

51

because it has various constituent parts and offices—a fact that is true of federal agencies sued in federal court every day. And, as Susman points out, the lone case that Defendants do cite, *Armstrong v. Executive Office of the President*, 90 F.3d 553 (D.C. Cir. 1996)—if only for the proposition that the Executive Office of the President has several component parts—itself features the Executive Office of the President as a defendant, *see* ECF No. 158, at 40-41.

Defendants further contend that the United States is not a properly named defendant because "[s]uits alleging unconstitutional action by the Government must be brought 'against officials,' not against the 'agenc[y]' or the 'State[]' writ large, 'which retain their immunity against all suits in federal court.'" ECF No. 58, at 32 (second and third alterations in original) (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)). This argument falls flat given the Administrative Procedure Act's express waiver of sovereign immunity in cases where the United States is named as a defendant. 5 U.S.C. § 702. As Section 702 explains, "[t]he United States may be named as a defendant in any . . . action, and a judgment or decree may be entered against the United States," when the action is (1) "in a court of the United States," (2) "seeking relief other than money damages," and (3) "stat[es] a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority." *Id.* This is plainly such a suit, and Susman has therefore properly named the United States as a defendant.[14]

---

[14] To be sure, Section 702 requires that an order granting injunctive relief against the United States "specify the Federal officer or officers . . . personally responsible for compliance," 5 U.S.C. § 702, and Susman's proposed order has done just that, ECF No. 181-1.

## IV.    CONCLUSION

For the foregoing reasons, the court will deny Defendants' Motion to Dismiss, ECF No. 180, grant Plaintiff's Motion for Summary Judgment, ECF No. 181, enter judgment for Plaintiff on Counts I through IV and VI through IX of the Amended Complaint, and grant declaratory and permanent injunctive relief.  A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   June 27, 2025